# Case Docket Entries

CC-02-2022-C-126

| | |
|---|---|
| Court: **Circuit** | County: **02 - Berkeley** | Created Date: **5/9/2022** | Security Level: **Public** |

Court: **Circuit**  County: **02 - Berkeley**  Created Date: **5/9/2022**  Security Level: **Public**

Judge: **Laura Faircloth**  Case Type: **Civil**  Case Sub-Type: **Tort**  Status: **Open**

Related Cases:

Style: **Sara Williamson v. Pierre Poe**

| | Entered Date | Event | Ref. Code | Description |
|---|---|---|---|---|
| 1 | 5/9/2022 4:56:38 PM | E-Filed | | Complaint |
| | 1-1 5/9/2022 | Civil Case Information Statement | | |
| | 1-2 5/9/2022 | Complaint - Complaint | | |
| | 1-3 5/9/2022 | Transmittal | | |
| | 1-4 5/9/2022 | Summons | | |
| 2 | 5/9/2022 4:56:38 PM | Judge Assigned | J-33001 | Laura Faircloth |
| 3 | 5/9/2022 4:56:38 PM | Party Added | D-001 | Pierre Poe |
| 4 | 5/9/2022 4:56:38 PM | Party Added | D-002 | 92 Trucking LLC |
| 5 | 5/9/2022 4:56:38 PM | Party Added | D-003 | Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing Co. |
| 6 | 5/9/2022 4:56:38 PM | Party Added | P-001 | Sara Williamson |
| 7 | 5/9/2022 4:56:38 PM | Attorney Listed | P-001 | A-7727 - Samuel A. Hrko |
| 8 | 5/9/2022 4:56:38 PM | Service Requested | D-001 | Secretary of State - Certified - Including Copy Fee |
| 9 | 5/9/2022 4:56:38 PM | Service Requested | D-002 | Secretary of State - Certified - Including Copy Fee |
| 10 | 5/9/2022 4:56:38 PM | Service Requested | D-003 | Secretary of State - Certified - Including Copy Fee |
| 11 | 5/11/2022 10:27:09 AM | E-Docketed | | Supporting Documents - Summons Issued and Mailed CMRR to WV Secretary of State 05/11/2022 (Pierre Poe) |
| | 11-1 5/11/2022 | Supporting Document - Summons Issued and Mailed CMRR to WV Secretary of State 05/11/2022 (Pierre Poe) | | |
| | 11-2 5/11/2022 | Transmittal | | |
| 12 | 5/11/2022 10:29:03 AM | E-Docketed | | Supporting Documents - Summons Issued and Mailed CMRR to WV Secretary of State 05/11/2022 (92 Trucking LLC) |
| | 12-1 5/11/2022 | Supporting Document - Summons Issued and Mailed CMRR to WV Secretary of State 05/11/2022 (92 Trucking LLC) | | |
| | 12-2 5/11/2022 | Transmittal | | |
| 13 | 5/11/2022 10:31:44 AM | E-Docketed | | Supporting Documents - Summons Issued and Mailed CMRR to WV Secretary of State 05/11/2022 (Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing Co.) |
| | 13-1 5/11/2022 | Supporting Document - Summons Issued and Mailed CMRR to WV Secretary of State 05/11/2022 (Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing Co.) | | |
| | 13-2 5/11/2022 | Transmittal | | |
| 14 | 5/20/2022 1:16:33 PM | E-Docketed | | Supporting Documents - Green Card Returned/WV SOS - Signed by ? |
| | 14-1 5/20/2022 | Supporting Document - Green Card Returned/WV SOS - Signed by ? | | |
| | 14-2 5/20/2022 | Transmittal | | |
| 15 | 5/20/2022 1:17:46 PM | E-Docketed | | Supporting Documents - Green Card Returned/WV SOS - Signed by ? |
| | 15-1 5/20/2022 | Supporting Document - Green Card Returned/WV SOS - Signed by ? | | |
| | 15-2 5/20/2022 | Transmittal | | |
| 16 | 5/20/2022 1:19:17 PM | E-Docketed | | Supporting Documents - Green Card Returned/WV SOS - Signed by ? |
| | 16-1 5/20/2022 | Supporting Document - Green Card Returned/WV SOS - Signed by ? | | |
| | 16-2 5/20/2022 | Transmittal | | |
| 17 | 5/23/2022 2:20:02 PM | E-Docketed | | Supporting Documents - Letter from WV SOS Accepting Service - 1 Summons and Complaint |
| | 17-1 5/23/2022 | Supporting Document - Letter from WV SOS Accepting Service - 1 Summons and Complaint | | |

# Case Docket Entries

CC-02-2022-C-126

| | Entered Date | Event | Ref. Code | Description |
|---|---|---|---|---|
| | 17-2  5/23/2022 | Transmittal | | |
| 18 | 5/26/2022 1:51:42 PM | E-Docketed | | Supporting Documents - Letter from WV SOS Accepting Service - 1 Summons and Complaint |
| | 18-1  5/26/2022 | Supporting Document - Letter from WV SOS Accepting Service - 1 Summons and Complaint | | |
| | 18-2  5/26/2022 | Transmittal | | |
| 19 | 5/26/2022 1:53:15 PM | E-Docketed | | Supporting Documents - Letter from WV SOS Accepting Service - 1 Summons and Complaint |
| | 19-1  5/26/2022 | Supporting Document - Letter from WV SOS Accepting Service - 1 Summons and Complaint | | |
| | 19-2  5/26/2022 | Transmittal | | |
| 20 | 5/27/2022 2:03:03 PM | E-Docketed | | Supporting Documents - Letter from WV SOS Accepting Service - 1 Summons and Complaint |
| | 20-1  5/27/2022 | Supporting Document - Letter from WV SOS Accepting Service - 1 Summons and Complaint | | |
| | 20-2  5/27/2022 | Transmittal | | |
| 21 | 6/1/2022 1:54:54 PM | E-Docketed | | Supporting Documents - SOS Inv. #569845 Paid in May's Month End Closing |
| | 21-1  6/1/2022 | Supporting Document - SOS Inv. #569845 Paid in May's Month End Closing | | |
| | 21-2  6/1/2022 | Transmittal | | |
| 22 | 6/1/2022 1:56:58 PM | E-Docketed | | Supporting Documents - SOS Inv. #569844 Paid in May's Month End Closing |
| | 22-1  6/1/2022 | Supporting Document - SOS Inv. #569844 Paid in May's Month End Closing | | |
| | 22-2  6/1/2022 | Transmittal | | |
| 23 | 6/1/2022 1:58:10 PM | E-Docketed | | Supporting Documents - SOS Inv. #569931 Paid in May's Month End Closing |
| | 23-1  6/1/2022 | Supporting Document - SOS Inv. #569931 Paid in May's Month End Closing | | |
| | 23-2  6/1/2022 | Transmittal | | |
| 24 | 6/9/2022 1:39:02 PM | E-Docketed | | Supporting Documents - Returned Certified Mail/Pierre Poe - Return to Sender, UTF |
| | 24-1  6/9/2022 | Supporting Document - Returned Certified Mail/Pierre Poe - Return to Sender, UTF | | |
| | 24-2  6/9/2022 | Transmittal | | |
| 25 | 6/15/2022 11:45:13 AM | E-Filed | | Amended Complaint - First Amended Complaint |
| | 25-1  6/15/2022 | Civil Case Information Statement | | |
| | 25-2  6/15/2022 | Amended Complaint - First Amended Complaint | | |
| | 25-3  6/15/2022 | Transmittal | | |
| | 25-4  6/15/2022 | Summons | | |
| 26 | 6/15/2022 11:45:13 AM | Party Added | D-004 | XPO Logistics, LLC |
| 27 | 6/15/2022 11:45:13 AM | Service Requested | D-004 | Secretary of State - Certified - Including Copy Fee |
| 28 | 6/15/2022 11:45:13 AM | Service Requested | D-001 | Secretary of State - Certified - Including Copy Fee |
| 29 | 6/15/2022 11:45:13 AM | Service Requested | D-002 | Secretary of State - Certified - Including Copy Fee |
| 30 | 6/15/2022 11:45:13 AM | Service Requested | D-003 | Secretary of State - Certified - Including Copy Fee |
| 31 | 6/21/2022 8:56:09 AM | E-Docketed | | Supporting Documents - Summons Issued and Mailed CMRR to WV Secretary of State 6/15/2022 |
| | 31-1  6/21/2022 | Supporting Document - Summons Issued and Mailed CMRR to WV Secretary of State 6/15/2022 (Pierre Poe) | | |
| | 31-2  6/21/2022 | Supporting Document - Summons Issued and Mailed CMRR to WV Secretary of State 6/15/2022 (XPO Logistices, LLC,  Gary Huey) | | |
| | 31-3  6/21/2022 | Supporting Document - Summons Issued and Mailed CMRR to WV Secretary of State 6/15/2022 ((92 Trucking LLC) | | |
| | 31-4  6/21/2022 | Supporting Document - Summons Issued and Mailed CMRR to WV Secretary of State 6/15/2022 (Star Leasing Co. LLC dba Star Leasing Co. fka Star Leasing Co. R. Steven Jackson) | | |
| | 31-5  6/21/2022 | Transmittal | | |
| 32 | 6/27/2022 10:38:55 AM | E-Docketed | | Supporting Documents - Returned Mail From WV Secretary of State For XPO Logistics, LLC - No Listing For the Defendant |
| | 32-1  6/27/2022 | Supporting Document - Returned Mail From WV Secretary of State For XPO Logistics, LLC - No Listing For the Defendant | | |

# Case Docket Entries

CC-02-2022-C-126

| | Entered Date | Event | Ref. Code | Description |
|---|---|---|---|---|
| | 32-2  6/27/2022 | Transmittal | | |
| 33 | 6/27/2022 1:47:04 PM | E-Docketed | | Supporting Documents - Letter from WV SOS Accepting Service - 1 other: (Summons & First Amended Complaint) |
| | 33-1  6/27/2022 | Supporting Document - Letter from WV SOS Accepting Service - 1 other: (Summons & First Amended Complaint) | | |
| | 33-2  6/27/2022 | Transmittal | | |
| 34 | 6/27/2022 1:49:48 PM | E-Docketed | | Supporting Documents - Letter from WV SOS Accepting Service - 1 Summons and amended complaint |
| | 34-1  6/27/2022 | Supporting Document - Letter from WV SOS Accepting Service - 1 Summons and amended complaint | | |
| | 34-2  6/27/2022 | Transmittal | | |
| 35 | 6/27/2022 1:52:27 PM | E-Docketed | | Supporting Documents - Letter from WV SOS Accepting Service - 1 Summons and amended complaint |
| | 35-1  6/27/2022 | Supporting Document - Letter from WV SOS Accepting Service - 1 Summons and amended complaint | | |
| | 35-2  6/27/2022 | Transmittal | | |
| 36 | 6/29/2022 1:37:43 PM | E-Docketed | | Supporting Documents - Green Card Returned/WV SOS - Signed by ? |
| | 36-1  6/29/2022 | Supporting Document - Green Card Returned/WV SOS - Signed by ? | | |
| | 36-2  6/29/2022 | Transmittal | | |
| 37 | 6/29/2022 1:39:08 PM | E-Docketed | | Supporting Documents - Green Card Returned/WV SOS - Signed by Ashley Arthur |
| | 37-1  6/29/2022 | Supporting Document - Green Card Returned/WV SOS - Signed by Ashley Arthur | | |
| | 37-2  6/29/2022 | Transmittal | | |
| 38 | 6/29/2022 1:41:34 PM | E-Docketed | | Supporting Documents - Green Card Returned/WV SOS - Signed by Ashley Arthur |
| | 38-1  6/29/2022 | Supporting Document - Green Card Returned/WV SOS - Signed by Ashley Arthur | | |
| | 38-2  6/29/2022 | Transmittal | | |
| 39 | 6/29/2022 1:43:28 PM | E-Docketed | | Supporting Documents - Green Card Returned/WV SOS - Signed by Ashley Arthur |
| | 39-1  6/29/2022 | Supporting Document - Green Card Returned/WV SOS - Signed by Ashley Arthur | | |
| | 39-2  6/29/2022 | Transmittal | | |
| 40 | 7/5/2022 1:35:16 PM | E-Docketed | | Supporting Documents - SOS Inv. # 572121 Paid in June's Month End Closing |
| | 40-1  7/5/2022 | Supporting Document - SOS Inv. # 572121 Paid in June's Month End Closing | | |
| | 40-2  7/5/2022 | Transmittal | | |
| 41 | 7/5/2022 1:37:40 PM | E-Docketed | | Supporting Documents - SOS Inv. # 572016  Paid in June's Month End Closing |
| | 41-1  7/5/2022 | Supporting Document - SOS Inv. # 572016  Paid in June's Month End Closing | | |
| | 41-2  7/5/2022 | Transmittal | | |
| 42 | 7/12/2022 9:43:27 AM | E-Docketed | | Supporting Documents - Letter From WV Secretary of State Accepting Service For XPO Logistics, LLC on 7/5/2022 |
| | 42-1  7/12/2022 | Supporting Document - Letter From WV Secretary of State Accepting Service For XPO Logistics, LLC on 7/5/2022 | | |
| | 42-2  7/12/2022 | Transmittal | | |
| 43 | 7/12/2022 12:50:37 PM | E-Docketed | | Supporting Documents - Return Receipt For Pierre Poe From WV Secretary of State-Moved Left No Address Unable to Forward |
| | 43-1  7/12/2022 | Supporting Document - Return Receipt For Pierre Poe From WV Secretary of State-Moved Left No Address Unable to Forward | | |
| | 43-2  7/12/2022 | Transmittal | | |
| 44 | 8/4/2022 5:25:54 PM | E-Filed | | Answer - |
| | 44-1  8/4/2022 | Civil Case Information Statement | | |
| | 44-2  8/4/2022 | Answer - ANSWER OF XPO LOGISTICS, LLC TO PLAINTIFFS' AMENDED COMPLAINT, AND CROSS-CLAIM FOR CONTRACTUAL INDEMNITY AGAINST 92 TRUCKING, LLC | | |
| | 44-3  8/4/2022 | Cross-Claim - ANSWER OF XPO LOGISTICS, LLC TO PLAINTIFFS' AMENDED COMPLAINT, AND CROSS-CLAIM FOR CONTRACTUAL INDEMNITY AGAINST 92 TRUCKING, LLC | | |

# Case Docket Entries

CC-02-2022-C-126

| | Entered Date | Event | Ref. Code | Description |
|---|---|---|---|---|
| | 44-4  8/4/2022 | Transmittal | | |
| 45 | 8/4/2022 5:25:54 PM | Attorney Listed | D-004 | A-6501 - Debra Tedeschi Varner |
| 46 | 8/4/2022 5:25:54 PM | Attorney Listed | D-004 | A-3853 - James A. Varner |
| 47 | 8/11/2022 3:26:45 PM | E-Filed | | Answer - STAR LEASING COMPANY ANSWER TO AMENDED COMPLAINT |
| | 47-1  8/11/2022 | Civil Case Information Statement | | |
| | 47-2  8/11/2022 | Answer - ANSWER OF STAR LEASING COMPANY, LLC d/b/a Star Leasing Company f/k/a Star Leasing Co. TO PLAINTIFF'S COMPLAINT | | |
| | 47-3  8/11/2022 | Transmittal | | |
| 48 | 8/11/2022 3:26:45 PM | Attorney Listed | D-003 | A-6501 - Debra Tedeschi Varner |
| 49 | 9/6/2022 10:41:43 AM | E-Filed | | Motion - Extension of Time |
| | 49-1  9/6/2022 | Motion - Motion To Extend Time For Service Of Process Upon Defendants Pierre Poe and 92 Trucking LLC | | |
| | 49-2  9/6/2022 | Supporting Document - Exhibit A | | |
| | 49-3  9/6/2022 | Supporting Document - Exhibit B | | |
| | 49-4  9/6/2022 | Supporting Document - Exhibit C | | |
| | 49-5  9/6/2022 | Supporting Document - Exhibit D | | |
| | 49-6  9/6/2022 | Transmittal | | |
| 50 | 9/6/2022 11:31:13 AM | E-Filed | | Order - Motion - Agreed Order Granting Motion To Extend Time For Service Of Process Upon Defendants Pierre Poe and 92 Trucking LLC cc: Debra Varner, Samuel Hrko, James Varner Via E-File 9/6/2022 |
| | 50-1  9/6/2022 | Order - Agreed Order Granting Motion To Extend Time For Service Of Process Upon Defendants Pierre Poe and 92 Trucking LLC | | |
| | 50-2  9/6/2022 | Transmittal | | |
| 51 | 9/6/2022 2:59:40 PM | E-Filed | | Order - Case - Amended Agreed Order Granting Motion To Extend Time For Service Of Process Upon Defendants Pierre Poe And 92 Trucking LLC cc: Debra Varner, Samuel Hrko, James Varner Via E-File 9/6/2022 |
| | 51-1  9/6/2022 | Order - Amended Agreed Order Granting Motion To Extend Time For Service Of Process Upon Defendants Pierre Poe And 92 Trucking LLC | | |
| | 51-2  9/6/2022 | Transmittal | | |
| 52 | 9/23/2022 10:44:31 AM | Document Emailed | | Court user emailed lchismar@pionlaw.com document 44-1 - Civil Case Information Statement - |
| 53 | 9/23/2022 10:44:50 AM | Document Emailed | | Court user emailed lchismar@pionlaw.com document 44-2 - Answer - ANSWER OF XPO LOGISTICS, LLC TO PLAINTIFFS' AMENDED COMPLAINT, AND CROSS-CLAIM FOR CONTRACTUAL INDEMNITY AGAINST 92 TRUCKING, LLC |
| 54 | 9/23/2022 10:45:05 AM | Document Emailed | | Court user emailed lchismar@pionlaw.com document 44-3 - Cross-Claim - ANSWER OF XPO LOGISTICS, LLC TO PLAINTIFFS' AMENDED COMPLAINT, AND CROSS-CLAIM FOR CONTRACTUAL INDEMNITY AGAINST 92 TRUCKING, LLC |
| 55 | 9/23/2022 10:45:28 AM | Document Emailed | | Court user emailed lchismar@pionlaw.com document 47-1 - Civil Case Information Statement - |
| 56 | 9/23/2022 10:45:44 AM | Document Emailed | | Court user emailed lchismar@pionlaw.com document 47-2 - Answer - ANSWER OF STAR LEASING COMPANY, LLC d/b/a Star Leasing Company f/k/a Star Leasing Co. TO PLAINTIFF'S COMPLAINT |
| 57 | 9/23/2022 10:46:08 AM | Document Emailed | | Court user emailed lchismar@pionlaw.com document 49-1 - Motion - Motion To Extend Time For Service Of Process Upon Defendants Pierre Poe and 92 Trucking LLC |
| 58 | 9/23/2022 10:48:26 AM | Document Emailed | | Court user emailed lchismar@pionlaw.com document 49-2 - Supporting Document - Exhibit A |

**Case Docket Entries**

CC-02-2022-C-126

| | Entered Date | Event | Ref. Code | Description |
|---|---|---|---|---|
| 59 | 9/23/2022 10:48:43 AM | Document Emailed | | Court user emailed lchismar@pionlaw.com document 49-3 - Supporting Document - Exhibit B |
| 60 | 9/23/2022 10:49:01 AM | Document Emailed | | Court user emailed lchismar@pionlaw.com document 49-4 - Supporting Document - Exhibit C |
| 61 | 9/23/2022 10:49:16 AM | Document Emailed | | Court user emailed lchismar@pionlaw.com document 49-5 - Supporting Document - Exhibit D |
| 62 | 9/23/2022 10:49:32 AM | Document Emailed | | Court user emailed lchismar@pionlaw.com document 49-6 - Transmittal - |
| 63 | 9/23/2022 10:49:53 AM | Document Emailed | | Court user emailed lchismar@pionlaw.com document 50-1 - Order - Agreed Order Granting Motion To Extend Time For Service Of Process Upon Defendants Pierre Poe and 92 Trucking LLC |
| 64 | 9/23/2022 10:50:06 AM | Document Emailed | | Court user emailed lchismar@pionlaw.com document 51-1 - Order - Amended Agreed Order Granting Motion To Extend Time For Service Of Process Upon Defendants Pierre Poe And 92 Trucking LLC |
| 65 | 10/11/2022 5:36:03 PM | E-Filed | | Certificate of Service - Certificate of Service re: DEFENDANT XPO LOGISTICS, LLC'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF SARA WILLIAMSON |
| | 65-1 10/11/2022 | | | Certificate of Service - Certificate of Service re: DEFENDANT XPO LOGISTICS, LLC'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF SARA WILLIAMSON |
| | 65-2 10/11/2022 | | | Transmittal |

**COVER SHEET**

E-FILED | 3/9/2022 4:56 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF BERKELEY COUNTY WEST VIRGINIA

**Sara Williamson v. Pierre Poe**

**First Plaintiff:** ☐ Business  ☑ Individual        **First Defendant:** ☐ Business  ☑ Individual
☐ Government  ☐ Other                                    ☐ Government  ☐ Other

**Judge:**        Laura Faircloth

## COMPLAINT INFORMATION

**Case Type:**  Civil                     **Complaint Type:**  Tort

**Origin:**              ☑ Initial Filing      ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:**       ☑ Yes ☐ No     **Case will be ready for trial by:**  6/12/2023

**Mediation Requested:**        ☐ Yes ☑ No

**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

     ☐ Wheelchair accessible hearing room and other facilities

     ☐ Interpreter or other auxiliary aid for the hearing impaired

     ☐ Reader or other auxiliary aid for the visually impaired

     ☐ Spokesperson or other auxiliary aid for the speech impaired

     ☐ Other:

☑ I am proceeding without an attorney

☑ I have an attorney:   Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

## SERVED PARTIES

| | |
|---|---|
| **Name:** | Pierre Poe |
| **Address:** | 1400 NE Timberline Circle, Lees Summit MO 64064 |
| **Days to Answer:** 30 | **Type of Service:** Secretary of State - Certified - Including Copy Fee |

| | |
|---|---|
| **Name:** | 92 Trucking LLC |
| **Address:** | 1184 Tuscumbia Road, Collierville TN 38017 |
| **Days to Answer:** 30 | **Type of Service:** Secretary of State - Certified - Including Copy Fee |

| | |
|---|---|
| **Name:** | Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing Co. |
| **Address:** | R. Steven Jackson 4080 Business Park Drive, Columbus OH 43204 |
| **Days to Answer:** 30 | **Type of Service:** Secretary of State - Certified - Including Copy Fee |

E-FILED | 9/9/2022 4:56 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

# IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

**SARA WILLIAMSON,**

> *Plaintiff*,

**v.**                                                                 Civil Action No. _____

                                                                        **Judge: _____**

**PIERRE POE,**
**92 TRUCKING LLC,**
**a Tennessee Corporation, and**
**STAR LEASING COMPANY, LLC d/b/a**
**Star Leasing Company, f/k/a**
**Star Leasing Co.,**

> *Defendants*.

## COMPLAINT

For her complaint, Plaintiff alleges as follows:

### Nature of Action

1.      This is an action in tort arising from an automobile crash that occurred at Falling Waters, Berkeley County, West Virginia, where a tractor trailer driven by Defendant Pierre Poe crashed into the rear of the stopped vehicle that Plaintiff Sara Williamson was driving.

2.      In this action, Plaintiff seeks damages from the above-named defendants as a result of their negligence in causing the subject accident in which Plaintiff Sara Williamson suffered severe and life-altering physical and emotional injuries.

### The Parties

3.      Plaintiff Sara Williamson is and at all times relevant was a citizen of Panama

1

City, Bay County, Florida.

4.      Upon information and belief, Defendant Pierre Poe ("Poe") is, and at all relevant times was, a citizen of the State of Missouri residing at 1400 N.E. Timberline Circle, Lees Summit, Jackson County, Missouri 64064.   Upon information and belief, Defendant Poe at the time of the accident alleged herein was an employee and/or agent of Defendant 92 Trucking LLC and/or Defendant Star Leasing Company, LLC.

5.      Upon information and belief, Defendant 92 Trucking LLC is and at all times relevant was a limited liability company organized and existing under the laws of the State of Tennessee, with its principal place of business located at 1184 Tuscumbia Road, Collierville, Tennessee, 38017.

6.      Upon information and belief, Defendant Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing, Co. (hereinafter referred to as "Star Leasing Company"), is and at all times relevant was a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business located at 4080 Business Park Drive, Columbus, Ohio, 43204.

## Jurisdiction and Venue

7.      The Court has subject-matter jurisdiction over this action pursuant to W. Va. Const. art. VIII, § 6, and W. Va. Code § 51-2-2.

8.      Venue in this Court is proper pursuant to W. Va. Code § 56-1-1, in that Defendants' negligent conduct substantially took place in Berkeley County, West Virginia and the damages suffered by Plaintiff occurred in Berkeley County, West Virginia.

## Allegations Common to All Counts

2

9.      On June 19, 2020, Plaintiff Sara Williamson was operating a 2014 Ford F Series Budget Rental Box Truck following her grandson, Tyler Wilkerson, who was driving her 2017 White Nissan Rogue along Interstate 81 in Falling Waters, Berkeley County, West Virginia.

10.     At that aforesaid date and time, Mr. Wilkerson was operating a 2017 White Nissan Rogue along Interstate 81 when a ladder fell off the roof of the vehicle in front of him. Mr. Wilkerson then slowed and stopped to avoid hitting the ladder. Plaintiff Sara Williamson slowed and stopped to avoid colliding with Mr. Wilkerson and her 2017 Nissan Rogue. Defendant Poe then collided into the rear end of Plaintiff Sara Williamson's Budget Rental Box Truck.

11.     At the aforesaid date and time, Defendant Poe was operating a tractor trailer southbound on Interstate 81.  Defendant Poe was driving under the authority of USDOT Number 3082920 issued to Defendant 92 Trucking LLC. The tractor operated by Defendant Poe was owned by Defendant 92 Trucking LLC.  The trailer was owned by Star Leasing Company. Defendant Poe had the express authorization of Defendants 92 Trucking LLC and Star Leasing Company to operate said commercial motor vehicle on the time and date at issue.

12.     Defendant Poe operated said commercial vehicle in such a negligent and reckless manner as to cause it to collide with the vehicle that Plaintiff Sara Williamson was operating, and this rear-end collision was of such force that it caused significant damage to the vehicle operated by Sara Williamson.

13.     At all times relevant herein, Defendant Poe was an employee and/or agent of

Defendant 92 Trucking LLC and/or Star Leasing Company, acting within the scope of his employment and/or agency, and, as such, both of these defendants are vicariously liable for Defendant Poe's conduct.

14.     In addition to the principles of vicarious liability, Defendants 92 Trucking LLC and Star Leasing Company engaged in separate actions and omissions that caused or materially contributed to the incident in question. These actions and omissions include, but are not limited to, the following:

a.  Failure to conduct a proper background investigation prior to hiring or engaging Defendant Poe;

b.  Failure to provide proper training to Defendant Poe;

c.  Failure to provide proper supervision to Defendant Poe;

d.  Failure to require Defendant Poe to maintain required trip documentation;

e.  Authorizing, encouraging, and/or permitting Defendant Poe to maintain false logs and other documentation in violation of federal law;

f.  Authorizing, encouraging, and/or permitting Defendant Poe to exceed maximum distance and hour regulations in violation of federal law; and

g.  Failure to properly maintain the vehicle operated by Defendant Poe.

15.     As a direct and proximate result of the acts and/or failures to act of the Defendants, Plaintiff Sara Williamson suffered severe and permanent physical and psychological injuries.

16.     As a direct and proximate result of the acts and/or failures to act of the Defendants, Plaintiff Sara Williamson, has suffered economic damage in the form of

medical bills, lost wages, and other pecuniary loss.

**Claims for Relief**
**Count I**
(Negligence)

17.     Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

18.     Defendant Poe owed a duty to Plaintiff Sara Williamson to maintain control of the tractor trailer he was operating and otherwise conform his driving to all applicable traffic safety rules and regulations.

19.     Defendant Poe breached his duty to Plaintiff Sara Williamson by not maintaining control of his vehicle and as a result colliding with Plaintiff's vehicle.

20.     As a direct and proximate result of Defendant Poe's negligent acts and/or failures to act, he collided with the vehicle in which Plaintiff was operating.

21.     As a direct and proximate cause of Defendant Poe's breach of his duties, Plaintiff has suffered and will continue to suffer injuries for which she is entitled to recover damages.

22.     As the employers of Defendant Poe, who was acting within the scope of his employment in connection with the acts and/or omissions described above, Defendant 92 Trucking LLC and Defendant Star Leasing Company are vicariously liable to Plaintiff for damages resulting from the negligence of such defendant.

23.     As a direct and proximate result of Defendant 92 Trucking LLC and Star Leasing Company's negligent acts and/or failures to act, the vehicle driven by Defendant

5

Poe collided with the vehicle Plaintiff was operating.

24.    As a direct and proximate cause of Defendant 92 Trucking LLC and Star Leasing Company's breach of its duties, Plaintiff has suffered and will continue to suffer injuries for which she is entitled to recover damages.

**Count II**
(Violation of Statute)

25.    Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

26.    West Virginia Code § 55-7-9 provides:

> Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed, unless the same be expressly mentioned to be in lieu of such damages.

27.    Plaintiff is a "person injured by the [Defendants'] violation of [a] statute . . ." as set forth in W. Va. Code § 55-7-9.

28.    Defendants' actions, omissions and conduct were in violation of multiple applicable statutes.

29.    Defendants' statutory violations proximately caused injuries to Plaintiff.

30.    Plaintiff is entitled to an award of all applicable statutory and common law damages proximately resulting from said violations.

**Count III**
(Negligent Entrustment)

31.    Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

32.     Defendants 92 Trucking LLC and/or Star Leasing Company entrusted the tractor and trailer involved in the subject accident to Defendant Poe and permitted him to drive the same upon the highways of West Virginia.

33.     Defendants 92 Trucking LLC and/or Star Leasing Company failed to exercise reasonable care in permitting Defendant Poe to drive such vehicle inasmuch as it knew or reasonably should have known that Defendant Poe would fail to exercise reasonable care in operating said vehicle, and that, as a direct and proximate result of such failure, Plaintiff would suffer injury as alleged herein.

34.     As a direct and proximate result of negligence by Defendant 92 Trucking LLC and/or Star Leasing Company in permitting Defendant Poe to operate the subject vehicle, Plaintiff has suffered and continues to suffer injuries for which she is entitled to recover damages.

**Count IV**
(Negligent Hiring)

35.     Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

36.     Defendant 92 Trucking LLC and/or Star Leasing Company employed Defendant Poe to drive the tractor trailer involved in the subject accident.

37.     Defendant 92 Trucking LLC and/or Star Leasing Company knew or should have known that the work it hired Defendant Poe to perform involved a risk of physical harm and death to others unless skillfully and carefully performed, and for which Defendants 92 Trucking LLC and Star Leasing Company owed a duty to Plaintiff, and

other third persons traveling the highways, to skillfully and carefully perform.

38.     Defendant 92 Trucking LLC and/or Star Leasing Company knew or should have known that Defendant Poe was a deficient, unqualified, and/or careless truck driver, but nevertheless retained him to drive its vehicles, including the tractor trailer involved in the subject incident.

39.     Defendant 92 Trucking LLC and/or Star Leasing Company negligently failed to exercise reasonable care in selecting, hiring and/or retaining Defendant Poe to drive its vehicles, including the tractor trailer involved in the subject accident, and that negligence proximately caused injury to Plaintiff.

40.     As a direct and proximate result of the negligence of Defendant 92 Trucking LLC and/or Star Leasing Company in selecting, hiring and/or retaining Defendant Poe, Plaintiff has suffered severe injuries for which she entitled to recover damages.

## Count V
(Joint Venture)

41.     Plaintiffs incorporate, repeat, and reallege each and every allegation contained in the forgoing paragraphs as though fully set forth herein.

42.     With respect to all allegations set forth herein, Plaintiff alleges that Defendants 92 Trucking LLC, Star Leasing Company, and Pierre Poe were associated to carry out a single business enterprise for profit with respect to the operation of the tractor and/or trailer involved in the subject accident, for which they combined their property, money, effects, skill and knowledge, and thereby engaged in a joint venture and/or joint ventures with regard to the same. Consequently, 92 Trucking, LLC, Star Leasing Company,

and Pierre Poe are each derivatively liable for the actions of the other with regard to the ownership and operation of the tractor and/or triler involved in the subject accident.

**Count VI**
(Punitive Damages)

43.    Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

44.    The acts and conduct of Defendants Poe,  92 Trucking LLC and Star Leasing Company reflect an intentional, willful, wanton, malicious, and/or reckless disregard for public safety and civil obligations.

45.    Punitive Damages should be assessed against Defendants Poe,  92 Trucking LLC and Star Leasing Company in an amount adequate to punish and deter them and others from engaging in similar intentional, willful, wanton, malicious, and/or reckless conduct in the future.

**Statement Regarding Unknown Circumstances**

This  Complaint  reflects  Plaintiff's  understanding  of  relevant  facts  and circumstances as of the time of its filing.  As additional information becomes available, it may become necessary and appropriate for Plaintiff to assert additional causes of action and/or join additional defendants in this action.

**Relief Requested**

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for damages as follows:

1)    Medical and hospital bills for diagnostic and preventative treatment and therapies and for treatment of injuries, both past and future;

2)      Physical injuries, both temporary and permanent;

3)      Severe and significant emotional distress, and mental pain and suffering, both temporary and permanent;

4)      Fear, humiliation, and embarrassment, past and future;

5)      Annoyance and inconvenience, past and future;

6)      Loss of physical health and well being, past and future;

7)      Loss of enjoyment of life, past and future;

8)      Loss of income and/or earning capacity, past and future;

9)      Loss of value of employment benefits, including, but not limited to, loss of value of pension/retirement benefits;

10)     Disability;

11)     Disfigurement;

12)     Compensatory damages;

13)     Punitive and exemplary damages;

14)     Civil penalties;

15)     Attorney's fees and costs;

16)     Pre- and post-judgment interest;

17)     All statutory, common-law, and equitable relief to which the Plaintiffs may be entitled; and

18)     Such other and further relief as justice requires.

## **Jury Demand**

Plaintiff hereby demands a trial by jury upon all issues raised herein triable by jury.

**Respectfully submitted,**

**Sara Williamson,**

**Plaintiff,**
**By Counsel**

*/s/ Samuel A. Hrko*
Samuel A. Hrko (WV Bar #7727)
**BAILEY GLASSER, LLP**
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110

11



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Samuel Hrko
shrko@baileyglasser.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following complaint was FILED on 5/9/2022 4:56:36 PM

Notice Date:       5/9/2022 4:56:36 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Pierre Poe
1400 NE Timberline Circle
Lees Summit, MO 64064

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following complaint was FILED on 5/9/2022 4:56:36 PM

Notice Date:      5/9/2022 4:56:36 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**  92 Trucking LLC
1184 Tuscumbia Road
Collierville, TN 38017

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following complaint was FILED on 5/9/2022 4:56:36 PM

Notice Date:     5/9/2022 4:56:36 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a
Star Leasing Co.
R. Steven Jackson
4080 Business Park Drive
Columbus, OH 43204

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following complaint was FILED on 5/9/2022 4:56:36 PM

Notice Date:     5/9/2022 4:56:36 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

**SUMMONS**

E-FILED | 5/9/2022 4:56 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:     Secretary of State - Certified - Including Copy Fee

NOTICE TO:   Pierre Poe, 1400 NE Timberline Circle, Lees Summit, MO 64064

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 5/9/2022 4:56:36 PM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____, a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

E-FILED | 5/9/2022 4:56 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:     Secretary of State - Certified - Including Copy Fee

NOTICE TO:   Pierre Poe, 1400 NE Timberline Circle, Lees Summit, MO 64064

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 5/9/2022 4:56:36 PM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

E-FILED | 5/9/2022 4:56 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:   Pierre Poe, 1400 NE Timberline Circle, Lees Summit, MO 64064

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 5/9/2022 4:56:36 PM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____, a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

**SUMMONS**

E-FILED | 5/9/2022 4:56 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:    92 Trucking LLC, 1184 Tuscumbia Road, Collierville, TN 38017

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 5/9/2022 4:56:36 PM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

**SUMMONS**

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:    92 Trucking LLC, 1184 Tuscumbia Road, Collierville, TN 38017

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 5/9/2022 4:56:36 PM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

**SUMMONS**

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:    92 Trucking LLC, 1184 Tuscumbia Road, Collierville, TN 38017

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 5/9/2022 4:56:36 PM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

E-FILED | 5/9/2022 4:56 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:   Secretary of State - Certified - Including Copy Fee

NOTICE TO:   Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing Co., R. Steven Jackson, 4080 Business Park Drive, Columbus, OH 43204

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 5/9/2022 4:56:36 PM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____, a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:   Secretary of State - Certified - Including Copy Fee

NOTICE TO:   Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing Co., R. Steven Jackson, 4080 Business Park Drive, Columbus, OH 43204

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 5/9/2022 4:56:36 PM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____, a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:    Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing Co., R. Steven Jackson, 4080 Business Park Drive, Columbus, OH 43204

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 5/9/2022 4:56:36 PM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____, a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

**SUMMONS**

# COPY

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:   Pierre Poe, 1400 NE Timberline Circle, Lees Summit, MO 64064

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

5/9/2022 4:56:36 PM             /s/ Virginia Sine             By: _____
        Date                          Clerk                     Deputy Clerk
                                                                5-11-2022

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on    _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to    _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____        _____
        Date                      Server's Signature

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery $ _____

22-C-126
5-11-2022
Postmark
Here

ISS & MAILED

Postage
$

TO Secretary of State

Total Postage and Fees
$

For Service

Sent To PIERRE POE
Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** Samuel A. Hrko
shrko@baileyglasser.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following supporting documents was FILED on 5/11/2022 10:27:09 AM

Notice Date:   5/11/2022 10:27:09 AM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

### IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
**Sara Williamson v. Pierre Poe**

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:    92 Trucking LLC, 1184 Tuscumbia Road, Collierville, TN 38017

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 5/9/2022 4:56:36 PM | /s/ Virginia Sine | By: *[signature]* Deputy Clerk 5-11-2022 |
|---|---|---|
| Date | Clerk | |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on    _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to  _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)   $_____
☐ Return Receipt (electronic)   $_____
☐ Certified Mail Restricted Delivery   $_____
☐ Adult Signature Required   $_____
☐ Adult Signature Restricted Delivery $_____

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

*[handwritten on receipt:]* 22-C-126   5-11-2022   Postmark Here   ISS & MAILED TO Secretary of State For Service   (92 TRUCKING, LLC)

*[vertical barcode numbers:]* 7022 0410 0000 5215 3206



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** Samuel A. Hrko
shrko@baileyglasser.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following supporting documents was FILED on 5/11/2022 10:28:58 AM

Notice Date:     5/11/2022 10:28:58 AM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

FILED | 5/11/2022 10:91 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:    Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing Co., R. Steven Jackson, 4080 Business Park Drive, Columbus, OH 43204

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 5/9/2022 4:56:36 PM | /s/ Virginia Sine | |
|---|---|---|
| Date | Clerk | |

By: Sharon J. Booten
Deputy Clerk
5-11-2022

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| Certified Mail Fee | |
|---|---|
| $ | 22-C-126 |
| Extra Services & Fees (check box, add fee as appropriate) | 5-11-2022 |
| ☐ Return Receipt (hardcopy)    $ | |
| ☐ Return Receipt (electronic)    $ | Postmark |
| ☐ Certified Mail Restricted Delivery  $ | Here |
| ☐ Adult Signature Required    $ | |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage | |
| $ | |
| Total Postage and Fees | |
| $ | |

ISS & MAILED TO Secretary of State For Service

Sent To STAR LEASING COMPANY LLC
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7022 0410 0000 5215 3190



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Samuel A. Hrko
shrko@baileyglasser.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following supporting documents was FILED on 5/11/2022 10:31:42 AM

Notice Date:   5/11/2022 10:31:42 AM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

USPS TRACKING #



9590 9402 6053 0125 6062 02

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

VIRGINIA M. SINE
CIRCUIT CLERK
380 W. SOUTH STREET
SUITE 2200
MARTINSBURG, WV 25401

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.  DD-C-126

1. Article Addressed to:

WV Secretary of State Process Division
WV One Stop Business Center
1615 Washington Street, East
Charleston, WV 25311-2126

9590 9402 6053 0125 6062 02

2. Article Number *(Transfer from service label)*

7022 0410 0002 5215 3190

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____   ☐ Agent
                     ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☑ No

BC CIRCUIT CLERK, WV
2022 MAY 20 AM 9:58

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ ____ il Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Samuel A. Hrko
shrko@baileyglasser.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

Sara Williamson v. Pierre Poe

CC-02-2022-C-126

The following supporting documents was FILED on 5/20/2022 1:16:29 PM

Notice Date:      5/20/2022 1:16:29 PM

Virginia Sine

CLERK OF THE CIRCUIT COURT

Berkeley County

380 W South Street

MARTINSBURG, WV 25401

(304) 264-1918

belinda.parsons@courtswv.gov

**FILED** 5/20/2022 1:17 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

USPS TRACKING #



9590 9402 7052 1225 3335 22

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

VIRGINIA M. SINE
CIRCUIT CLERK
380 W. SOUTH STREET
SUITE 2200
MARTINSBURG, WV 25401

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. $2U-C-126$

1. Article Addressed to:

WV Secretary of State Process Division
WV One Stop Business Center
1615 Washington Street, East
Charleston, WV 25311-2126



9590 9402 7052 1225 3335 22

Article Number *(Transfer from service label)*

7022 0410 0002 5215 3206

PS Form **3811**, July 2020 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent
☑ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☑ No

BC CIRCUIT CLERK, WV
2022 MAY 20 AM9:53

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Mail Restricted Delivery
   00)

☐ Priority Mail Express®
☐ Registered Mail™
☑ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**  Samuel A. Hrko
shrko@baileyglasser.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following supporting documents was FILED on 5/20/2022 1:17:42 PM

Notice Date:     5/20/2022 1:17:42 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

USPS TRACKING #



9590 9402 6053 0125 6062 64

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

VIRGINIA M. SINE
CIRCUIT CLERK
330 W. SOUTH STREET
SUITE 2200
MARTINSBURG, WV  25401

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. $DD-C-126$

1. Article Addressed to:

WV Secretary of State Process Division
WV One Stop Business Center
1615 Washington Street, East
Charleston, WV 25311-2126



9590 9402 6053 0125 6062 64

2. Article Number *(Transfer from service label)*

7022 0410 0002 5215 3213

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  ☐ Agent
☑ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☑ No

BC CIRCUIT CLERK, WV
2022 MAY 20 AM9:53

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ ...ail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☑ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Samuel A. Hrko
shrko@baileyglasser.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following supporting documents was FILED on 5/20/2022 1:19:16 PM

Notice Date:      5/20/2022 1:19:16 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BERKELEY COUNTY
380 W SOUTH STREET
SUITE 2200
Martinsburg, WV 25401-3210

**Control Number:** 292508

**Defendant:** STAR LEASING, INC.
178 PARLIAMENT ROAD
SHADY SPRING, WV 25918 US

**Agent:** RICKY GREGORY

**County:** Berkeley

**Civil Action:** 22-C-126

**Certified Number:** 92148901125134100003501002

**Service Date:** 5/17/2022

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

**SUMMONS**

# RETURN

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:     Secretary of State - Certified - Including Copy Fee

NOTICE TO:     Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing Co., R. Steven Jackson, 4080 Business Park Drive, Columbus, OH 43204

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

5/9/2022 4:56:36 PM          /s/ Virginia Sine

Date          Clerk

By: Diane L. Boden
Deputy Clerk
5-11-2022

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to
_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____          _____
Date          Server's Signature



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**  Samuel A. Hrko
shrko@baileyglasser.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

Sara Williamson v. Pierre Poe

CC-02-2022-C-126

The following supporting documents was FILED on 5/23/2022 2:19:59 PM

Notice Date:      5/23/2022 2:19:59 PM

Virginia Sine

CLERK OF THE CIRCUIT COURT

Berkeley County

380 W South Street

MARTINSBURG, WV 25401

(304) 264-1918

belinda.parsons@courtswv.gov

CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine
FILED 5/26/2022 1:51 PM

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BERKELEY COUNTY
380 W SOUTH STREET
SUITE 2200
Martinsburg, WV 25401-3210

**Control Number:** 292456

**Defendant:** PIERRE POE
1400 NE TIMBERLINE CIRCLE
LEES SUMMIT, MO 64064 US

**County:** Berkeley
**Civil Action:** 22-C-126
**Certified Number:** 92148901125134100003500630
**Service Date:** 5/16/2022

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

Mac Warner

Mac Warner
Secretary of State

# SUMMONS

# RETURN

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:   Pierre Poe, 1400 NE Timberline Circle, Lees Summit, MO 64064

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 5/9/2022 4:56:36 PM | /s/ Virginia Sine | By: _Sharon L. Borden_ |
|---|---|---|
| Date | Clerk | Deputy Clerk 5/11/2022 |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on  _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to  _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____            _____
            Date                              Server's Signature



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**  Samuel A. Hrko
shrko@baileyglasser.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following supporting documents was FILED on 5/26/2022 1:51:36 PM

Notice Date:     5/26/2022 1:51:36 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

FILED 5/26/2022 1:53 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BERKELEY COUNTY
380 W SOUTH STREET
SUITE 2200
Martinsburg, WV 25401-3210

**Control Number:** 292457

**Defendant:** 92 TRUCKING LLC
1184 TUSCUMBIA ROAD
COLLIERVILLE, TN 38017 US

**County:** Berkeley
**Civil Action:** 22-C-126
**Certified Number:** 92148901125134100003500647
**Service Date:** 5/16/2022

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

**SUMMONS**

# RETURN

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:   92 Trucking LLC. 1184 Tuscumbia Road, Collierville, TN 38017

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 5/9/2022 4:56:36 PM | /s/ Virginia Sine |
| --- | --- |
| Date | Clerk |

By: Diann J. Border
Deputy Clerk
5-11-2022

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
| --- | --- |
| Date | Server's Signature |



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Samuel A. Hrko
shrko@baileyglasser.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following supporting documents was FILED on 5/26/2022 1:53:11 PM

Notice Date:      5/26/2022 1:53:11 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

FILED 5/27/2022 2:03 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BERKELEY COUNTY
380 W SOUTH STREET
SUITE 2200
Martinsburg, WV 25401-3210

**Control Number:** 292586

**Defendant:** STAR LEASING COMPANY, LLC
4080 BUSINESS PARK DRIVE
COLUMBUS, OH 43204 US

**Agent:** R STEVEN JACKSON

**County:** Berkeley

**Civil Action:** 22-C-126

**Certified Number:** 92148901125134100003502412

**Service Date:** 5/20/2022

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

# SERVE

E-FILED | 5/9/2022 4:56 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:   Secretary of State - Certified - Including Copy Fee

NOTICE TO:   Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing Co., R. Steven Jackson, 4080 Business Park Drive, Columbus, OH 43204

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 5/9/2022 4:56:36 PM | /s/ Virginia Sine | By: Sharon L. Border |
|---|---|---|
| Date | Clerk | Deputy Clerk 5-11-2022 |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____          _____
Date                              Server's Signature

E-FILED | 5/9/2022 4:56 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

# IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

**SARA WILLIAMSON,**

　　　　*Plaintiff,*

v.

**PIERRE POE,**
**92 TRUCKING LLC,**
**a Tennessee Corporation, and**
**STAR LEASING COMPANY, LLC d/b/a**
**Star Leasing Company, f/k/a**
**Star Leasing Co.,**

　　　　*Defendants.*

Civil Action No. ＿22-C-126

Judge: ＿FAIRCLOTH＿

## COMPLAINT

For her complaint, Plaintiff alleges as follows:

### Nature of Action

1.　　This is an action in tort arising from an automobile crash that occurred at Falling Waters, Berkeley County, West Virginia, where a tractor trailer driven by Defendant Pierre Poe crashed into the rear of the stopped vehicle that Plaintiff Sara Williamson was driving.

2.　　In this action, Plaintiff seeks damages from the above-named defendants as a result of their negligence in causing the subject accident in which Plaintiff Sara Williamson suffered severe and life-altering physical and emotional injuries.

### The Parties

3.　　Plaintiff Sara Williamson is and at all times relevant was a citizen of Panama

1

City, Bay County, Florida.

4.      Upon information and belief, Defendant Pierre Poe ("Poe") is, and at all relevant times was, a citizen of the State of Missouri residing at 1400 N.E. Timberline Circle, Lees Summit, Jackson County, Missouri 64064.  Upon information and belief, Defendant Poe at the time of the accident alleged herein was an employee and/or agent of Defendant 92 Trucking LLC and/or Defendant Star Leasing Company, LLC.

5.      Upon information and belief, Defendant 92 Trucking LLC is and at all times relevant was a limited liability company organized and existing under the laws of the State of Tennessee, with its principal place of business located at 1184 Tuscumbia Road, Collierville, Tennessee, 38017.

6.      Upon information and belief, Defendant Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing, Co. (hereinafter referred to as "Star Leasing Company"), is and at all times relevant was a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business located at 4080 Business Park Drive, Columbus, Ohio, 43204.

## Jurisdiction and Venue

7.      The Court has subject-matter jurisdiction over this action pursuant to W. Va. Const. art. VIII, § 6, and W. Va. Code § 51-2-2.

8.      Venue in this Court is proper pursuant to W. Va. Code § 56-1-1, in that Defendants' negligent conduct substantially took place in Berkeley County, West Virginia and the damages suffered by Plaintiff occurred in Berkeley County, West Virginia.

## Allegations Common to All Counts

2

9.     On June 19, 2020, Plaintiff Sara Williamson was operating a 2014 Ford F Series Budget Rental Box Truck following her grandson, Tyler Wilkerson, who was driving her 2017 White Nissan Rogue along Interstate 81 in Falling Waters, Berkeley County, West Virginia.

10.    At that aforesaid date and time, Mr. Wilkerson was operating a 2017 White Nissan Rogue along Interstate 81 when a ladder fell off the roof of the vehicle in front of him. Mr. Wilkerson then slowed and stopped to avoid hitting the ladder. Plaintiff Sara Williamson slowed and stopped to avoid colliding with Mr. Wilkerson and her 2017 Nissan Rogue. Defendant Poe then collided into the rear end of Plaintiff Sara Williamson's Budget Rental Box Truck.

11.    At the aforesaid date and time, Defendant Poe was operating a tractor trailer southbound on Interstate 81.  Defendant Poe was driving under the authority of USDOT Number 3082920 issued to Defendant 92 Trucking LLC. The tractor operated by Defendant Poe was owned by Defendant 92 Trucking LLC. The trailer was owned by Star Leasing Company. Defendant Poe had the express authorization of Defendants 92 Trucking LLC and Star Leasing Company to operate said commercial motor vehicle on the time and date at issue.

12.    Defendant Poe operated said commercial vehicle in such a negligent and reckless manner as to cause it to collide with the vehicle that Plaintiff Sara Williamson was operating, and this rear-end collision was of such force that it caused significant damage to the vehicle operated by Sara Williamson.

13.    At all times relevant herein, Defendant Poe was an employee and/or agent of

3

Defendant 92 Trucking LLC and/or Star Leasing Company, acting within the scope of his employment and/or agency, and, as such, both of these defendants are vicariously liable for Defendant Poe's conduct.

14.    In addition to the principles of vicarious liability, Defendants 92 Trucking LLC and Star Leasing Company engaged in separate actions and omissions that caused or materially contributed to the incident in question. These actions and omissions include, but are not limited to, the following:

    a.  Failure to conduct a proper background investigation prior to hiring or engaging Defendant Poe;

    b.  Failure to provide proper training to Defendant Poe;

    c.  Failure to provide proper supervision to Defendant Poe;

    d.  Failure to require Defendant Poe to maintain required trip documentation;

    e.  Authorizing, encouraging, and/or permitting Defendant Poe to maintain false logs and other documentation in violation of federal law;

    f.  Authorizing, encouraging, and/or permitting Defendant Poe to exceed maximum distance and hour regulations in violation of federal law; and

    g.  Failure to properly maintain the vehicle operated by Defendant Poe.

15.    As a direct and proximate result of the acts and/or failures to act of the Defendants, Plaintiff Sara Williamson suffered severe and permanent physical and psychological injuries.

16.    As a direct and proximate result of the acts and/or failures to act of the Defendants, Plaintiff Sara Williamson, has suffered economic damage in the form of

medical bills, lost wages, and other pecuniary loss.

### Claims for Relief
#### Count I
##### (Negligence)

17.     Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

18.     Defendant Poe owed a duty to Plaintiff Sara Williamson to maintain control of the tractor trailer he was operating and otherwise conform his driving to all applicable traffic safety rules and regulations.

19.     Defendant Poe breached his duty to Plaintiff Sara Williamson by not maintaining control of his vehicle and as a result colliding with Plaintiff's vehicle.

20.     As a direct and proximate result of Defendant Poe's negligent acts and/or failures to act, he collided with the vehicle in which Plaintiff was operating.

21.     As a direct and proximate cause of Defendant Poe's breach of his duties, Plaintiff has suffered and will continue to suffer injuries for which she is entitled to recover damages.

22.     As the employers of Defendant Poe, who was acting within the scope of his employment in connection with the acts and/or omissions described above, Defendant 92 Trucking LLC and Defendant Star Leasing Company are vicariously liable to Plaintiff for damages resulting from the negligence of such defendant.

23.     As a direct and proximate result of Defendant 92 Trucking LLC and Star Leasing Company's negligent acts and/or failures to act, the vehicle driven by Defendant

Poe collided with the vehicle Plaintiff was operating.

24.     As a direct and proximate cause of Defendant 92 Trucking LLC and Star Leasing Company's breach of its duties, Plaintiff has suffered and will continue to suffer injuries for which she is entitled to recover damages.

**Count II**
(Violation of Statute)

25.     Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

26.     West Virginia Code § 55-7-9 provides:

> Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed, unless the same be expressly mentioned to be in lieu of such damages.

27.     Plaintiff is a "person injured by the [Defendants'] violation of [a] statute . . ." as set forth in W. Va. Code § 55-7-9.

28.     Defendants' actions, omissions and conduct were in violation of multiple applicable statutes.

29.     Defendants' statutory violations proximately caused injuries to Plaintiff.

30.     Plaintiff is entitled to an award of all applicable statutory and common law damages proximately resulting from said violations.

**Count III**
(Negligent Entrustment)

31.     Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

32.    Defendants 92 Trucking LLC and/or Star Leasing Company entrusted the tractor and trailer involved in the subject accident to Defendant Poe and permitted him to drive the same upon the highways of West Virginia.

33.    Defendants 92 Trucking LLC and/or Star Leasing Company failed to exercise reasonable care in permitting Defendant Poe to drive such vehicle inasmuch as it knew or reasonably should have known that Defendant Poe would fail to exercise reasonable care in operating said vehicle, and that, as a direct and proximate result of such failure, Plaintiff would suffer injury as alleged herein.

34.    As a direct and proximate result of negligence by Defendant 92 Trucking LLC and/or Star Leasing Company in permitting Defendant Poe to operate the subject vehicle, Plaintiff has suffered and continues to suffer injuries for which she is entitled to recover damages.

**Count IV**
(Negligent Hiring)

35.    Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

36.    Defendant 92 Trucking LLC and/or Star Leasing Company employed Defendant Poe to drive the tractor trailer involved in the subject accident.

37.    Defendant 92 Trucking LLC and/or Star Leasing Company knew or should have known that the work it hired Defendant Poe to perform involved a risk of physical harm and death to others unless skillfully and carefully performed, and for which Defendants 92 Trucking LLC and Star Leasing Company owed a duty to Plaintiff, and

7

other third persons traveling the highways, to skillfully and carefully perform.

38.    Defendant 92 Trucking LLC and/or Star Leasing Company knew or should have known that Defendant Poe was a deficient, unqualified, and/or careless truck driver, but nevertheless retained him to drive its vehicles, including the tractor trailer involved in the subject incident.

39.    Defendant 92 Trucking LLC and/or Star Leasing Company negligently failed to exercise reasonable care in selecting, hiring and/or retaining Defendant Poe to drive its vehicles, including the tractor trailer involved in the subject accident, and that negligence proximately caused injury to Plaintiff.

40.    As a direct and proximate result of the negligence of Defendant 92 Trucking LLC and/or Star Leasing Company in selecting, hiring and/or retaining Defendant Poe, Plaintiff has suffered severe injuries for which she entitled to recover damages.

**Count V**
(Joint Venture)

41.    Plaintiffs incorporate, repeat, and reallege each and every allegation contained in the forgoing paragraphs as though fully set forth herein.

42.    With respect to all allegations set forth herein, Plaintiff alleges that Defendants 92 Trucking LLC, Star Leasing Company, and Pierre Poe were associated to carry out a single business enterprise for profit with respect to the operation of the tractor and/or trailer involved in the subject accident, for which they combined their property, money, effects, skill and knowledge, and thereby engaged in a joint venture and/or joint ventures with regard to the same. Consequently, 92 Trucking, LLC, Star Leasing Company,

8

and Pierre Poe are each derivatively liable for the actions of the other with regard to the ownership and operation of the tractor and/or triler involved in the subject accident.

## Count VI
### (Punitive Damages)

43.    Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

44.    The acts and conduct of Defendants Poe, 92 Trucking LLC and Star Leasing Company reflect an intentional, willful, wanton, malicious, and/or reckless disregard for public safety and civil obligations.

45.    Punitive Damages should be assessed against Defendants Poe, 92 Trucking LLC and Star Leasing Company in an amount adequate to punish and deter them and others from engaging in similar intentional, willful, wanton, malicious, and/or reckless conduct in the future.

## Statement Regarding Unknown Circumstances

This Complaint reflects Plaintiff's understanding of relevant facts and circumstances as of the time of its filing. As additional information becomes available, it may become necessary and appropriate for Plaintiff to assert additional causes of action and/or join additional defendants in this action.

## Relief Requested

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for damages as follows:

1)    Medical and hospital bills for diagnostic and preventative treatment and therapies and for treatment of injuries, both past and future;

9

2)    Physical injuries, both temporary and permanent;

3)    Severe and significant emotional distress, and mental pain and suffering, both temporary and permanent;

4)    Fear, humiliation, and embarrassment, past and future;

5)    Annoyance and inconvenience, past and future;

6)    Loss of physical health and well being, past and future;

7)    Loss of enjoyment of life, past and future;

8)    Loss of income and/or earning capacity, past and future;

9)    Loss of value of employment benefits, including, but not limited to, loss of value of pension/retirement benefits;

10)    Disability;

11)    Disfigurement;

12)    Compensatory damages;

13)    Punitive and exemplary damages;

14)    Civil penalties;

15)    Attorney's fees and costs;

16)    Pre- and post-judgment interest;

17)    All statutory, common-law, and equitable relief to which the Plaintiffs may be entitled; and

18)    Such other and further relief as justice requires.

## Jury Demand

Plaintiff hereby demands a trial by jury upon all issues raised herein triable by jury.

10

Respectfully submitted,

Sara Williamson,

Plaintiff,
By Counsel

/s/ Samuel A. Hrko
Samuel A. Hrko (WV Bar #7727)
BAILEY GLASSER, LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110

11



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Samuel A. Hrko
shrko@baileyglasser.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following supporting documents was FILED on 5/27/2022 2:02:57 PM

Notice Date:      5/27/2022 2:02:57 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

FILED 6/1/2022 1:54 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

**Mac Warner**
**Secretary of State**
Bldg. 1, Suite 157-K
1900 Kanawha Blvd. East
Charleston, WV 25305-0770
Phone: 304-558-6000
Toll-free: 866-767-8683

**Invoice**

Date:        05/16/2022
Invoice #:        569845

Bill to:
CLERK OF THE CIRCUIT COURT OF BERKELEY COUNTY
380 W SOUTH STREET
SUITE 2200
Martinsburg, WV 25401-3210

Reference #: 22-C-126
Defendant name: 92 TRUCKING LLC
County: BERKELEY

Reference: 22-C-126

## Invoice summary

| Service | Service # | Qty | Unit Cost | Subtotal | Description |
|---------|-----------|-----|-----------|----------|-------------|
| Service - US defendant | 15 | 1 | $20.00 | $20.00 | Filing fee for case #22-C-126 |
| **Remaining balance (pay this amount):** | | | | **$20.00** | |

## Payment methods

**Payment is due at time of service.**
Accepted payment methods are check, credit card, or Intergovernmental Transfer (IGT).

## Intergovernmental transfer

State agencies using IGT: please follow the WVOASIS allocation instructions below for each billed item:
**Make sure to specify INVOICE ID #569845.**

| Service Id | OASIS Account #<br>Fund \| Dept \| Unit \| Rev \|Function | Invoice Id | Amount |
|------------|----------------|------------|--------|
| 15 | 0155-1600-1003-5592-5712 | 569845 | $10.00 |
| | 1612-1600-1003-6696-5712 | 569845 | $10.00 |

*2022 MAY 28 PM 4:13*
*BC CIRCUIT CLERK, WV*

*Paid in May's Month*
*End Closing GM*
*6-1-22*



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**  Samuel A. Hrko
shrko@baileyglasser.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following supporting documents was FILED on 6/1/2022 1:54:52 PM

Notice Date:     6/1/2022 1:54:52 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

FILED 6/1/2022 1:56 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

**Mac Warner**
**Secretary of State**
Bldg. 1, Suite 157-K
1900 Kanawha Blvd. East
Charleston, WV 25305-0770
Phone: 304-558-6000
Toll-free: 866-767-8683

# Invoice

Date:        05/16/2022
Invoice #:      569844

Bill to:
CLERK OF THE CIRCUIT COURT OF BERKELEY COUNTY
380 W SOUTH STREET
SUITE 2200
Martinsburg, WV 25401-3210

Reference #: 22-C-126
Defendant name: PIERRE POE
County: BERKELEY

Reference: 22-C-126

## Invoice summary

| Service | Service # | Qty | Unit Cost | Subtotal | Description |
|---|---|---|---|---|---|
| Service - US defendant | 15 | 1 | $20.00 | $20.00 | Filing fee for case #22-C-126 |
| **Remaining balance (pay this amount):** | | | | **$20.00** | |

## Payment methods

**Payment is due at time of service.**
Accepted payment methods are check, credit card, or Intergovernmental Transfer (IGT).

## Intergovernmental transfer

State agencies using IGT: please follow the WVOASIS allocation instructions below for each billed item:
**Make sure to specify INVOICE ID #569844.**

| Service Id | OASIS Account #<br>Fund \| Dept \| Unit \| Rev \|Function | Invoice Id | | Amount |
|---|---|---|---|---|
| 15 | 0155-1600-1003-5592-5712 | 569844 | | $10.00 |
| | 1612-1600-1003-6696-5712 | 569844 | | $10.00 |

Paid in May's Month
End Closing
JM
6-1-22



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Samuel A. Hrko
shrko@baileyglasser.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

Sara Williamson v. Pierre Poe

CC-02-2022-C-126

The following supporting documents was FILED on 6/1/2022 1:56:54 PM

Notice Date:      6/1/2022 1:56:54 PM

Virginia Sine

CLERK OF THE CIRCUIT COURT

Berkeley County

380 W South Street

MARTINSBURG, WV 25401

(304) 264-1918

belinda.parsons@courtswv.gov

FILED 10/17/2022 1:58 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

**Mac Warner**
**Secretary of State**
Bldg. 1, Suite 157-K
1900 Kanawha Blvd. East
Charleston, WV 25305-0770
Phone: 304-558-6000
Toll-free: 866-767-8683

**Invoice**

| | |
|---|---|
| Date: | 05/17/2022 |
| Invoice #: | 569931 |

Bill to:
CLERK OF THE CIRCUIT COURT OF BERKELEY COUNTY
380 W SOUTH STREET
SUITE 2200
Martinsburg, WV 25401-3210

Reference #: 22-C-126
Defendant name: STAR LEASING, INC.
County: BERKELEY

Reference: 22-C-126

## Invoice summary

| Service | Service # | Qty | Unit Cost | Subtotal | Description |
|---|---|---|---|---|---|
| Service - US defendant | 15 | 1 | $20.00 | $20.00 | Filing fee for case #22-C-126 |
| **Remaining balance (pay this amount):** | | | | **$20.00** | |

## Payment methods

**Payment is due at time of service.**
Accepted payment methods are check, credit card, or Intergovernmental Transfer (IGT).

BC CIRCUIT CLERK, WV
2022 MAY 24 AM10:45

## Intergovernmental transfer

State agencies using IGT: please follow the WVOASIS allocation instructions below for each billed item:
**Make sure to specify INVOICE ID #569931.**

| Service Id | OASIS Account #<br>Fund \| Dept \| Unit \| Rev \|Function | Invoice Id | | Amount |
|---|---|---|---|---|
| 15 | 0155-1600-1003-5592-5712 | 569931 | | $10.00 |
| | 1612-1600-1003-6696-5712 | 569931 | | $10.00 |

*Paid in May's Month
End Closing GM
6-1-22*



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Samuel A. Hrko
shrko@baileyglasser.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following supporting documents was FILED on 6/1/2022 1:58:06 PM

Notice Date:      6/1/2022 1:58:06 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

**Baird, Lu**

| | |
|---|---|
| **From:** | Parsons, Belinda |
| **Sent:** | Wednesday, June 8, 2022 9:37 AM |
| **To:** | Baird, Lu |
| **Subject:** | FW: Return receipt for PIERRE POE (22-C-126) |

**From:** donotreply@wvsos.com <donotreply@wvsos.com>
**Sent:** Wednesday, June 8, 2022 9:33 AM
**To:** Parsons, Belinda <Belinda.Parsons@courtswv.gov>
**Subject:** Return receipt for PIERRE POE (22-C-126)

A return receipt has been received for PIERRE POE.

The civil action number on file is 22-C-126.

More information can be found on our website:

http://apps.sos.wv.gov/business/service-of-process/Home/Details/292456

1



# West Virginia Secretary of State
## Mac Warner

(http://www.sos.wv.gov)

Home (http://www.sos.wv.gov/pages/default.aspx) | Business4WV (http://www.business4wv.com/b4wvpublic/) | News Center (/news/Pages/default.aspx) | 🖪🖪 (http://www.facebook.com/wvsos) 🖼 (http://twitter.com/wvsosoffice) 🔊 (http://www.sos.wv.gov/_layouts/feed.aspx?xsl=1&web=%2Fnews&page=26402023-f08d-441f-9bbd-5690559009d1&wp=d963eb34-2126-4d12-bf9a-8c46be406e7e)

Secretary of State (http://www.sos.wv.gov/Pages/default.aspx) > Business and Licensing (http://www.sos.wv.gov/business-licensing/Pages/default.aspx) > Service of process search (/business/service-of-process/) > Defendant details

# Defendant details

## Civil action #

22-C-126 (/business/service-of-process/Home/Search?CivilActionNumber=22-C-126)

## Defendant

PIERRE POE (/business/service-of-process/Home/Search?DefendantName=PIERRE%20POE)

## Agent

## Country

US - UNITED STATES

## County

Berkeley

## Service date

Monday, May 16, 2022

## Certified number

92148901125134100003500630

## Delivery date

## USPS status

DELIVERED INDIVIDUAL PICKED UP AT USPS [details] (/business/service-of-

DELIVERED INDIVIDUAL PICKED UP AT USPS [details] (/business/service-of-process/Home/USPSStatusDetails/292456)

**City/State/Zip**

LEES SUMMIT, MO 64064

**Was delivered**

No

**Staff comment**

Returned to clerk because RETURN TO SENDER- UNABLE TO FORWARD- UNABLE TO FORWARD- RETURN TO SENDER 6/8/22

**Signature image**

No image present

**Return Receipt**

View image (/business/service-of-process/Home/ReturnReceipt/a7fabfa0-31e7-ec11-a9c2-00155d636733)

Please note: USPS requires a signature whenever certified mail is returned to sender. When mail from the Secretary of State is returned, it is processed and signed by the state's central mailing office. If your mail was intended for a private entity (that is, anyone other than a state officer or agency) and the signature below is that of **Adam Robinson, Central Mailing Office, Danny Pauley, Jim Carter, Ronald Kushner or State of West Virginia**, then your mail was *NOT DELIVERED* and will be returned to the clerk of the appropriate court.

CERTIFIED MAIL

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0003 5008 30

PIERRE POE
1400 NE TIMBERLINE CIRCLE
LEES SUMMIT, MO 64064

FWd

-R-T-S-   640645120-1N        05/31/22

RETURN TO SENDER
UNABLE TO FORWARD
UNABLE TO FORWARD
RETURN TO SENDER





West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Samuel A. Hrko
shrko@baileyglasser.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

Sara Williamson v. Pierre Poe

CC-02-2022-C-126

The following supporting documents was FILED on 6/9/2022 1:39:00 PM

Notice Date:     6/9/2022 1:39:00 PM

Virginia Sine

CLERK OF THE CIRCUIT COURT

Berkeley County

380 W South Street

MARTINSBURG, WV 25401

(304) 264-1918

belinda.parsons@courtswv.gov

**COVER SHEET**

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF BERKELEY COUNTY WEST VIRGINIA

**Sara Williamson v. Pierre Poe**

**First Plaintiff:**  ☐ Business  ☑ Individual          **First Defendant:**  ☐ Business  ☑ Individual
☐ Government  ☐ Other                              ☐ Government  ☐ Other

**Judge:**          Laura Faircloth

## COMPLAINT INFORMATION

**Case Type:**  Civil                    **Complaint Type:**  Tort

**Origin:**          ☑ Initial Filing   ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:**   ☑ Yes  ☐ No     **Case will be ready for trial by:**  6/1/2023

**Mediation Requested:**   ☑ Yes  ☐ No

**Substantial Hardship Requested:**  ☐ Yes  ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

  ☐ Wheelchair accessible hearing room and other facilities

  ☐ Interpreter or other auxiliary aid for the hearing impaired

  ☐ Reader or other auxiliary aid for the visually impaired

  ☐ Spokesperson or other auxiliary aid for the speech impaired

  ☐ Other:

☐ I am proceeding without an attorney

☑ I have an attorney:   Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

## SERVED PARTIES

**Name:** Pierre Poe

**Address:** 1400 NE Timberline Circle, Lees Summit MO 64064

**Days to Answer:** 30          **Type of Service:** Secretary of State - Certified - Including Copy Fee

---

**Name:** 92 Trucking LLC

**Address:** 1184 Tuscumbia Road, Collierville TN 38017

**Days to Answer:** 30          **Type of Service:** Secretary of State - Certified - Including Copy Fee

---

**Name:** Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing Co.

**Address:** R. Steven Jackson 4080 Business Park Drive, Columbus OH 43204

**Days to Answer:** 30          **Type of Service:** Secretary of State - Certified - Including Copy Fee

---

**Name:** XPO Logistics, LLC

**Address:** Gary Huey 1703 Woodvale Drive, Charleston WV 25314

**Days to Answer:** 30          **Type of Service:** Secretary of State - Certified - Including Copy Fee

---

E-FILED | 6/15/2022 11:45 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

# IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

**SARA WILLIAMSON,**

*Plaintiff*,

**v.**                                          Civil Action No. CC-02-2022-C-126
                                              Judge:  Laura Faircloth

**PIERRE POE,**
**92 TRUCKING LLC,**
**a Tennessee Corporation,**
**STAR LEASING COMPANY, LLC d/b/a**
**Star Leasing Company, f/k/a**
**Star Leasing Co., and XPO LOGISTICS, LLC**

*Defendants*.

## FIRST AMENDED COMPLAINT

For her complaint, Plaintiff alleges as follows:

### Nature of Action

1.     This is an action in tort arising from an automobile crash that occurred at Falling Waters, Berkeley County, West Virginia, where a tractor trailer driven by Defendant Pierre Poe crashed into the rear of the stopped vehicle that Plaintiff Sara Williamson was driving.

2.     In this action, Plaintiff seeks damages from the above-named defendants as a result of their negligence in causing the subject accident in which Plaintiff Sara Williamson suffered severe and life-altering physical and emotional injuries.

### The Parties

3.     Plaintiff Sara Williamson is and at all times relevant was a citizen of Panama

1

City, Bay County, Florida.

4.      Upon information and belief, Defendant Pierre Poe ("Poe") is, and at all relevant times was, a citizen of the State of Missouri residing at 1400 N.E. Timberline Circle, Lees Summit, Jackson County, Missouri 64064.  Upon information and belief, Defendant Poe at the time of the accident alleged herein was an employee and/or agent of Defendant 92 Trucking LLC, Defendant Star Leasing Company, LLC, and/or XPO Logistics, LLC.

5.      Upon information and belief, Defendant 92 Trucking LLC is and at all times relevant was a limited liability company organized and existing under the laws of the State of Tennessee, with its principal place of business located at 1184 Tuscumbia Road, Collierville, Tennessee, 38017.

6.      Upon information and belief, Defendant Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing, Co. (hereinafter referred to as "Star Leasing Company"), is and at all times relevant was a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business located at 4080 Business Park Drive, Columbus, Ohio, 43204.

7.      Upon information and belief, Defendant XPO Logistics, LLC (hereinafter referred to as "XPO"), is and at all times was a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business in the state of North Carolina.

2

## Jurisdiction and Venue

8.      The Court has subject-matter jurisdiction over this action pursuant to W. Va. Const. art. VIII, § 6, and W. Va. Code § 51-2-2.

9.      Venue in this Court is proper pursuant to W. Va. Code § 56-1-1, in that Defendants' negligent conduct substantially took place in Berkeley County, West Virginia and the damages suffered by Plaintiff occurred in Berkeley County, West Virginia.

## Allegations Common to All Counts

10.      On June 19, 2020, Plaintiff Sara Williamson was operating a 2014 Ford F Series Budget Rental Box Truck following her grandson, Tyler Wilkerson, who was driving her 2017 White Nissan Rogue along Interstate 81 in Falling Waters, Berkeley County, West Virginia.

11.      At that aforesaid date and time, Mr. Wilkerson was operating a 2017 White Nissan Rogue along Interstate 81 when a ladder fell off the roof of the vehicle in front of him. Mr. Wilkerson then slowed and stopped to avoid hitting the ladder. Plaintiff Sara Williamson slowed and stopped to avoid colliding with Mr. Wilkerson and her 2017 Nissan Rogue. Defendant Poe then collided into the rear end of Plaintiff Sara Williamson's Budget Rental Box Truck.

12.      At the aforesaid date and time, Defendant Poe was operating a tractor trailer southbound on Interstate 81.  Defendant Poe was driving under the authority of USDOT Number 3082920 issued to Defendant 92 Trucking LLC. The tractor operated by Defendant Poe was owned by Defendant 92 Trucking LLC.  The trailer was owned by Star Leasing Company. The trailer was leased by XPO. Defendant Poe had the express

3

authorization of Defendants 92 Trucking LLC, Star Leasing Company, and XPO to operate said commercial motor vehicle on the time and date at issue.

13.     Defendant Poe operated said commercial vehicle in such a negligent and reckless manner as to cause it to collide with the vehicle that Plaintiff Sara Williamson was operating, and this rear-end collision was of such force that it caused significant damage to the vehicle operated by Sara Williamson.

14.     At all times relevant herein, Defendant Poe was an employee and/or agent of Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO acting within the scope of his employment and/or agency, and, as such, these defendants are vicariously liable for Defendant Poe's conduct.

15.     In addition to the principles of vicarious liability, Defendants 92 Trucking LLC, Star Leasing Company, and/or XPO engaged in separate actions and omissions that caused or materially contributed to the incident in question. These actions and omissions include, but are not limited to, the following:

    a.  Failure to conduct a proper background investigation prior to hiring or engaging Defendant Poe;

    b.  Failure to provide proper training to Defendant Poe;

    c.  Failure to provide proper supervision to Defendant Poe;

    d.  Failure to require Defendant Poe to maintain required trip documentation;

    e.  Authorizing, encouraging, and/or permitting Defendant Poe to maintain false logs and other documentation in violation of federal law;

    f.  Authorizing, encouraging, and/or permitting Defendant Poe to exceed

maximum distance and hour regulations in violation of federal law; and

g.  Failure to properly maintain the vehicle operated by Defendant Poe.

16.     As a direct and proximate result of the acts and/or failures to act of the Defendants, Plaintiff Sara Williamson suffered severe and permanent physical and psychological injuries.

17.     As a direct and proximate result of the acts and/or failures to act of the Defendants, Plaintiff Sara Williamson, has suffered economic damage in the form of medical bills, lost wages, and other pecuniary loss.

## Claims for Relief
### Count I
(Negligence)

18.     Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

19.     Defendant Poe owed a duty to Plaintiff Sara Williamson to maintain control of the tractor trailer he was operating and otherwise conform his driving to all applicable traffic safety rules and regulations.

20.     Defendant Poe breached his duty to Plaintiff Sara Williamson by not maintaining control of his vehicle and as a result colliding with Plaintiff's vehicle.

21.     As a direct and proximate result of Defendant Poe's negligent acts and/or failures to act, he collided with the vehicle in which Plaintiff was operating.

22.     As a direct and proximate cause of Defendant Poe's breach of his duties, Plaintiff has suffered and will continue to suffer injuries for which she is entitled to recover damages.

23.     As the employers of Defendant Poe, who was acting within the scope of his employment in connection with the acts and/or omissions described above, Defendant 92 Trucking LLC, Defendant Star Leasing Company, and XPO are vicariously liable to Plaintiff for damages resulting from the negligence of such defendant.

24.     As a direct and proximate result of Defendant 92 Trucking LLC, Star Leasing Company, and XPO's negligent acts and/or failures to act, the vehicle driven by Defendant Poe collided with the vehicle Plaintiff was operating.

25.     As a direct and proximate cause of Defendant 92 Trucking LLC, Star Leasing Company, and XPO's breach of its duties, Plaintiff has suffered and will continue to suffer injuries for which she is entitled to recover damages.

**Count II**
(Violation of Statute)

26.     Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

27.     West Virginia Code § 55-7-9 provides:

> Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed, unless the same be expressly mentioned to be in lieu of such damages.

28.     Plaintiff is a "person injured by the [Defendants'] violation of [a] statute . . ." as set forth in W. Va. Code § 55-7-9.

29.     Defendants' actions, omissions and conduct were in violation of multiple applicable statutes.

30.    Defendants' statutory violations proximately caused injuries to Plaintiff.

31.    Plaintiff is entitled to an award of all applicable statutory and common law damages proximately resulting from said violations.

## Count III
### (Negligent Entrustment)

32.    Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

33.    Defendants 92 Trucking LLC, Star Leasing Company, and/or XPO entrusted the tractor and trailer involved in the subject accident to Defendant Poe and permitted him to drive the same upon the highways of West Virginia.

34.    Defendants 92 Trucking LLC, Star Leasing Company, and/or XPO failed to exercise reasonable care in permitting Defendant Poe to drive such vehicle inasmuch as it knew or reasonably should have known that Defendant Poe would fail to exercise reasonable care in operating said vehicle, and that, as a direct and proximate result of such failure, Plaintiff would suffer injury as alleged herein.

35.    As a direct and proximate result of negligence by Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO in permitting Defendant Poe to operate the subject vehicle, Plaintiff has suffered and continues to suffer injuries for which she is entitled to recover damages.

## Count IV
### (Negligent Hiring)

36.    Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

37.     Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO employed Defendant Poe to drive the tractor trailer involved in the subject accident.

38.     Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO knew or should have known that the work it hired Defendant Poe to perform involved a risk of physical harm and death to others unless skillfully and carefully performed, and for which Defendants 92 Trucking LLC, Star Leasing Company, and XPO owed a duty to Plaintiff, and other third persons traveling the highways, to skillfully and carefully perform.

39.     Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO knew or should have known that Defendant Poe was a deficient, unqualified, and/or careless truck driver, but nevertheless retained him to drive its vehicles, including the tractor trailer involved in the subject incident.

40.     Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO negligently failed to exercise reasonable care in selecting, hiring and/or retaining Defendant Poe to drive its vehicles, including the tractor trailer involved in the subject accident, and that negligence proximately caused injury to Plaintiff.

41.     As a direct and proximate result of the negligence of Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO in selecting, hiring and/or retaining Defendant Poe, Plaintiff has suffered severe injuries for which she entitled to recover damages.

### Count V
(Joint Venture)

42.     Plaintiffs incorporate, repeat, and reallege each and every allegation contained in the forgoing paragraphs as though fully set forth herein.

43.     With respect to all allegations set forth herein, Plaintiff alleges that Defendants 92 Trucking LLC, Star Leasing Company, XPO, and Pierre Poe were associated to carry out a single business enterprise for profit with respect to the operation of the tractor and/or trailer involved in the subject accident, for which they combined their property, money, effects, skill and knowledge, and thereby engaged in a joint venture and/or joint ventures with regard to the same. Consequently, 92 Trucking, LLC, Star Leasing Company, XPO, and Pierre Poe are each derivatively liable for the actions of the other with regard to the ownership and operation of the tractor and/or trailer involved in the subject accident.

## Count VI
### (Punitive Damages)

44.     Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

45.     The acts and conduct of Defendants Poe,  92 Trucking LLC, Star Leasing Company, and XPO reflect an intentional, willful, wanton, malicious, and/or reckless disregard for public safety and civil obligations.

46.     Punitive Damages should be assessed against Defendants Poe,  92 Trucking LLC, Star Leasing Company and XPO in an amount adequate to punish and deter them and others from engaging in similar intentional, willful, wanton, malicious, and/or reckless conduct in the future.

## Statement Regarding Unknown Circumstances

This  Complaint  reflects  Plaintiff's  understanding  of  relevant  facts  and

circumstances as of the time of its filing.  As additional information becomes available, it may become necessary and appropriate for Plaintiff to assert additional causes of action and/or join additional defendants in this action.

## **Relief Requested**

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for damages as follows:

1) Medical and hospital bills for diagnostic and preventative treatment and therapies and for treatment of injuries, both past and future;

2) Physical injuries, both temporary and permanent;

3) Severe and significant emotional distress, and mental pain and suffering, both temporary and permanent;

4) Fear, humiliation, and embarrassment, past and future;

5) Annoyance and inconvenience, past and future;

6) Loss of physical health and well being, past and future;

7) Loss of enjoyment of life, past and future;

8) Loss of income and/or earning capacity, past and future;

9) Loss of value of employment benefits, including, but not limited to, loss of value of pension/retirement benefits;

10) Disability;

11) Disfigurement;

12) Compensatory damages;

13) Punitive and exemplary damages;

14) Civil penalties;

15)    Attorney's fees and costs;

16)    Pre- and post-judgment interest;

17)    All statutory, common-law, and equitable relief to which the Plaintiffs may be entitled; and

18)    Such other and further relief as justice requires.

## **Jury Demand**

Plaintiff hereby demands a trial by jury upon all issues raised herein triable by jury.

**Respectfully submitted,**

**Sara Williamson,**

**Plaintiff,**
**By Counsel**

*/s/ Samuel A. Hrko*
Samuel A. Hrko (WV Bar #7727)
**BAILEY GLASSER, LLP**
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Samuel Hrko
shrko@baileyglasser.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following amended complaint was FILED on 6/15/2022 11:45:08 AM

Notice Date:      6/15/2022 11:45:08 AM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**  XPO Logistics, LLC
Gary Huey
1703 Woodvale Drive
Charleston, WV 25314

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following amended complaint was FILED on 6/15/2022 11:45:08 AM

Notice Date:      6/15/2022 11:45:08 AM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**  Pierre Poe
1400 NE Timberline Circle
Lees Summit, MO 64064

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following amended complaint was FILED on 6/15/2022 11:45:08 AM

Notice Date:     6/15/2022 11:45:08 AM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** 92 Trucking LLC
1184 Tuscumbia Road
Collierville, TN 38017

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following amended complaint was FILED on 6/15/2022 11:45:08 AM

Notice Date:     6/15/2022 11:45:08 AM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a
Star Leasing Co.
R. Steven Jackson
4080 Business Park Drive
Columbus, OH 43204

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following amended complaint was FILED on 6/15/2022 11:45:08 AM

Notice Date:     6/15/2022 11:45:08 AM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

**SUMMONS**

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:     Secretary of State - Certified - Including Copy Fee

NOTICE TO:    XPO Logistics, LLC, Gary Huey, 1703 Woodvale Drive, Charleston, WV 25314

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 6/15/2022 11:45:08 AM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on  _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:     Secretary of State - Certified - Including Copy Fee

NOTICE TO:   XPO Logistics, LLC, Gary Huey, 1703 Woodvale Drive, Charleston, WV 25314

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 6/15/2022 11:45:08 AM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

**SUMMONS**

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:     Secretary of State - Certified - Including Copy Fee

NOTICE TO:     XPO Logistics, LLC, Gary Huey, 1703 Woodvale Drive, Charleston, WV 25314

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 6/15/2022 11:45:08 AM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

E-FILED | 6/15/2022 11:45 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:   Pierre Poe, 1400 NE Timberline Circle, Lees Summit, MO 64064

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 6/15/2022 11:45:08 AM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____, a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

**SUMMONS**

E-FILED | 6/15/2022 11:45 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:   Pierre Poe, 1400 NE Timberline Circle, Lees Summit, MO 64064

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 6/15/2022 11:45:08 AM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____, a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

**SUMMONS**

E-FILED | 6/15/2022 11:45 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:     Secretary of State - Certified - Including Copy Fee

NOTICE TO:   Pierre Poe, 1400 NE Timberline Circle, Lees Summit, MO 64064

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 6/15/2022 11:45:08 AM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:   92 Trucking LLC, 1184 Tuscumbia Road, Collierville, TN 38017

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 6/15/2022 11:45:08 AM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

E-FILED | 6/15/2022 11:45 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:     Secretary of State - Certified - Including Copy Fee

NOTICE TO:   92 Trucking LLC, 1184 Tuscumbia Road, Collierville, TN 38017

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 6/15/2022 11:45:08 AM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:     Secretary of State - Certified - Including Copy Fee

NOTICE TO:    92 Trucking LLC, 1184 Tuscumbia Road, Collierville, TN 38017

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 6/15/2022 11:45:08 AM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

E-FILED | 6/15/2022 11:45 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:     Secretary of State - Certified - Including Copy Fee

NOTICE TO:     Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing Co., R. Steven Jackson, 4080 Business Park Drive, Columbus, OH 43204

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.  YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 6/15/2022 11:45:08 AM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____, a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

E-FILED | 6/15/2022 11:45 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:    Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing Co., R. Steven Jackson, 4080 Business Park Drive, Columbus, OH 43204

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 6/15/2022 11:45:08 AM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____, a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

**SUMMONS**

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:    Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing Co., R. Steven Jackson, 4080 Business Park Drive, Columbus, OH 43204

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 6/15/2022 11:45:08 AM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

FILED 6/21/2022 8:56 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

**U.S. Postal Service**

OFFICIAL USE

| Certified Mail Fee | |
| --- | --- |
| $ | |

22-C-126
6|15|2022

Extra Services & Fees *(check box, add fee as appropriate)*
- [ ] Return Receipt (hardcopy)   $ _____
- [ ] Return Receipt (electronic)   $ _____
- [ ] Certified Mail Restricted Delivery   $ _____
- [ ] Adult Signature Required   $ _____
- [ ] Adult Signature Restricted Delivery  $ _____

Postmark
Here

ISS & MAILED TO
SECRETARY OF STATE
FOR SERVICE

Postage
$

Total Postage and Fees
$

Sent To _Pierre Poe_

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7022 0410 0000 5215 2865

FILED 6/21/2022 8:56 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

U.S. Postal Service™

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Total Postage and Fees
$

Sent To  XPO Logistics LLC, Gary Huey
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

22-C-126
6/15/2022

Postmark
Here

ISS & MAILED TO
SECRETARY OF STATE
FOR SERVICE

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7022 0410 0002 5215 2858

FILED 6/21/2022 8:56 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

OFFICIAL USE

**U.S. Postal Service**

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
- [ ] Return Receipt (hardcopy)      $ _____
- [ ] Return Receipt (electronic)    $ _____
- [ ] Certified Mail Restricted Delivery  $ _____
- [ ] Adult Signature Required       $ _____
- [ ] Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

22-C.126
6/19 2022

ISS & MAILED TO
SECRETARY OF STATE
FOR SERVICE

Sent to (92 Trucking LLC)

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

FILED 6/21/2022 8:56 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

U.S. Postal Service™

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

22-C-126
4/15/2022

Postmark
Here

ISS & MAILED TO
SECRETARY OF STATE
FOR SERVICE

Star Leasing Co. LLC dba Star Leasing
Co. fka Star Leasing Co. R. Steven
Jackson)



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Samuel A. Hrko
shrko@baileyglasser.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following supporting documents was FILED on 6/21/2022 8:56:06 AM

Notice Date:      6/21/2022 8:56:06 AM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine



**Secretary of State**
Bldg. 1, Suite 157-K
1900 Kanawha Blvd. East
Charleston, WV 25305-0770

**Mac Warner**
Secretary of State
State Of West Virginia

Phone:      304-558-8000
Toll-free:   877-826-2954
Web:    www.wvsos.com

Tuesday, June 21, 2022

Berkeley County Circuit Court
Berkeley County Judicial Center
380 W. South Street, Suite 2200
Martinsburg, WV  25401

**RE: 22-C-126 - XPO LOGISTICS, LLC**

We are returning the enclosed legal documents for the following reasons:

We have no listing for the defendant, please provide an out-of-state address in which our office can serve.

**Ashley Arthur**
Business & Licensing Specialist

**SUMMONS**

# RETURN

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:     Secretary of State - Certified - Including Copy Fee

NOTICE TO:     XPO Logistics, LLC, Gary Huey, 1703 Woodvale Drive, Charleston, WV 25314

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

6/15/2022 11:45:08 AM                    /s/ Virginia Sine

          Date                                    Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____         _____
          Date                              Server's Signature

**SUMMONS**

# SERVE

E-FILED | 6/15/2022 11:45 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:   Secretary of State - Certified - Including Copy Fee

NOTICE TO:   XPO Logistics, LLC, Gary Huey, 1703 Woodvale Drive, Charleston, WV 25314
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR
RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR
DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR
HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT
BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 6/15/2022 11:45:08 AM | /s/ Virginia Sine | By Belinda Payons 6/15/2022 |
| --- | --- | --- |
| Date | Clerk | Deputy Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____          _____
Date                            Server's Signature

E-FILED | 6/15/2022 11:45 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

**SARA WILLIAMSON,**

      *Plaintiff,*

v.

                                            **Civil Action No. CC-02-2022-C-126**
                                            **Judge:  Laura Faircloth**

**PIERRE POE,**
**92 TRUCKING LLC,**
a Tennessee Corporation,
**STAR LEASING COMPANY, LLC d/b/a**
**Star Leasing Company, f/k/a**
**Star Leasing Co., and XPO LOGISTICS, LLC**

      *Defendants.*

### FIRST AMENDED COMPLAINT

For her complaint, Plaintiff alleges as follows:

### Nature of Action

1.     This is an action in tort arising from an automobile crash that occurred at Falling Waters, Berkeley County, West Virginia, where a tractor trailer driven by Defendant Pierre Poe crashed into the rear of the stopped vehicle that Plaintiff Sara Williamson was driving.

2.     In this action, Plaintiff seeks damages from the above-named defendants as a result of their negligence in causing the subject accident in which Plaintiff Sara Williamson suffered severe and life-altering physical and emotional injuries.

### The Parties

3.     Plaintiff Sara Williamson is and at all times relevant was a citizen of Panama

1

City, Bay County, Florida.

     4.     Upon information and belief, Defendant Pierre Poe ("Poe") is, and at all relevant times was, a citizen of the State of Missouri residing at 1400 N.E. Timberline Circle, Lees Summit, Jackson County, Missouri 64064. Upon information and belief, Defendant Poe at the time of the accident alleged herein was an employee and/or agent of Defendant 92 Trucking LLC, Defendant Star Leasing Company, LLC, and/or XPO Logistics, LLC.

     5.     Upon information and belief, Defendant 92 Trucking LLC is and at all times relevant was a limited liability company organized and existing under the laws of the State of Tennessee, with its principal place of business located at 1184 Tuscumbia Road, Collierville, Tennessee, 38017.

     6.     Upon information and belief, Defendant Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing, Co. (hereinafter referred to as "Star Leasing Company"), is and at all times relevant was a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business located at 4080 Business Park Drive, Columbus, Ohio, 43204.

     7.     Upon information and belief, Defendant XPO Logistics, LLC (hereinafter referred to as "XPO"), is and at all times was a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business in the state of North Carolina.

2

### Jurisdiction and Venue

8.     The Court has subject-matter jurisdiction over this action pursuant to W. Va. Const. art. VIII, § 6, and W. Va. Code § 51-2-2.

9.     Venue in this Court is proper pursuant to W. Va. Code § 56-1-1, in that Defendants' negligent conduct substantially took place in Berkeley County, West Virginia and the damages suffered by Plaintiff occurred in Berkeley County, West Virginia.

### Allegations Common to All Counts

10.     On June 19, 2020, Plaintiff Sara Williamson was operating a 2014 Ford F Series Budget Rental Box Truck following her grandson, Tyler Wilkerson, who was driving her 2017 White Nissan Rogue along Interstate 81 in Falling Waters, Berkeley County, West Virginia.

11.     At that aforesaid date and time, Mr. Wilkerson was operating a 2017 White Nissan Rogue along Interstate 81 when a ladder fell off the roof of the vehicle in front of him. Mr. Wilkerson then slowed and stopped to avoid hitting the ladder. Plaintiff Sara Williamson slowed and stopped to avoid colliding with Mr. Wilkerson and her 2017 Nissan Rogue. Defendant Poe then collided into the rear end of Plaintiff Sara Williamson's Budget Rental Box Truck.

12.     At the aforesaid date and time, Defendant Poe was operating a tractor trailer southbound on Interstate 81. Defendant Poe was driving under the authority of USDOT Number 3082920 issued to Defendant 92 Trucking LLC. The tractor operated by Defendant Poe was owned by Defendant 92 Trucking LLC. The trailer was owned by Star Leasing Company. The trailer was leased by XPO. Defendant Poe had the express

3

authorization of Defendants 92 Trucking LLC, Star Leasing Company, and XPO to operate said commercial motor vehicle on the time and date at issue.

13.     Defendant Poe operated said commercial vehicle in such a negligent and reckless manner as to cause it to collide with the vehicle that Plaintiff Sara Williamson was operating, and this rear-end collision was of such force that it caused significant damage to the vehicle operated by Sara Williamson.

14.     At all times relevant herein, Defendant Poe was an employee and/or agent of Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO acting within the scope of his employment and/or agency, and, as such, these defendants are vicariously liable for Defendant Poe's conduct.

15.     In addition to the principles of vicarious liability, Defendants 92 Trucking LLC, Star Leasing Company, and/or XPO engaged in separate actions and omissions that caused or materially contributed to the incident in question. These actions and omissions include, but are not limited to, the following:

a.  Failure to conduct a proper background investigation prior to hiring or engaging Defendant Poe;

b.  Failure to provide proper training to Defendant Poe;

c.  Failure to provide proper supervision to Defendant Poe;

d.  Failure to require Defendant Poe to maintain required trip documentation;

e.  Authorizing, encouraging, and/or permitting Defendant Poe to maintain false logs and other documentation in violation of federal law;

f.  Authorizing, encouraging, and/or permitting Defendant Poe to exceed

4

maximum distance and hour regulations in violation of federal law; and

      g.  Failure to properly maintain the vehicle operated by Defendant Poe.

16.    As a direct and proximate result of the acts and/or failures to act of the Defendants, Plaintiff Sara Williamson suffered severe and permanent physical and psychological injuries.

17.    As a direct and proximate result of the acts and/or failures to act of the Defendants, Plaintiff Sara Williamson, has suffered economic damage in the form of medical bills, lost wages, and other pecuniary loss.

**Claims for Relief**
**Count I**
(Negligence)

18.    Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

19.    Defendant Poe owed a duty to Plaintiff Sara Williamson to maintain control of the tractor trailer he was operating and otherwise conform his driving to all applicable traffic safety rules and regulations.

20.    Defendant Poe breached his duty to Plaintiff Sara Williamson by not maintaining control of his vehicle and as a result colliding with Plaintiff's vehicle.

21.    As a direct and proximate result of Defendant Poe's negligent acts and/or failures to act, he collided with the vehicle in which Plaintiff was operating.

22.    As a direct and proximate cause of Defendant Poe's breach of his duties, Plaintiff has suffered and will continue to suffer injuries for which she is entitled to recover damages.

5

23.     As the employers of Defendant Poe, who was acting within the scope of his employment in connection with the acts and/or omissions described above, Defendant 92 Trucking LLC, Defendant Star Leasing Company, and XPO are vicariously liable to Plaintiff for damages resulting from the negligence of such defendant.

24.     As a direct and proximate result of Defendant 92 Trucking LLC, Star Leasing Company, and XPO's negligent acts and/or failures to act, the vehicle driven by Defendant Poe collided with the vehicle Plaintiff was operating.

25.     As a direct and proximate cause of Defendant 92 Trucking LLC, Star Leasing Company, and XPO's breach of its duties, Plaintiff has suffered and will continue to suffer injuries for which she is entitled to recover damages.

## Count II
### (Violation of Statute)

26.     Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

27.     West Virginia Code § 55-7-9 provides:

> Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed, unless the same be expressly mentioned to be in lieu of such damages.

28.     Plaintiff is a "person injured by the [Defendants'] violation of [a] statute . . ." as set forth in W. Va. Code § 55-7-9.

29.     Defendants' actions, omissions and conduct were in violation of multiple applicable statutes.

30.     Defendants' statutory violations proximately caused injuries to Plaintiff.

31.     Plaintiff is entitled to an award of all applicable statutory and common law damages proximately resulting from said violations.

## Count III
### (Negligent Entrustment)

32.     Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

33.     Defendants 92 Trucking LLC, Star Leasing Company, and/or XPO entrusted the tractor and trailer involved in the subject accident to Defendant Poe and permitted him to drive the same upon the highways of West Virginia.

34.     Defendants 92 Trucking LLC, Star Leasing Company, and/or XPO failed to exercise reasonable care in permitting Defendant Poe to drive such vehicle inasmuch as it knew or reasonably should have known that Defendant Poe would fail to exercise reasonable care in operating said vehicle, and that, as a direct and proximate result of such failure, Plaintiff would suffer injury as alleged herein.

35.     As a direct and proximate result of negligence by Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO in permitting Defendant Poe to operate the subject vehicle, Plaintiff has suffered and continues to suffer injuries for which she is entitled to recover damages.

## Count IV
### (Negligent Hiring)

36.     Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

7

37.     Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO employed Defendant Poe to drive the tractor trailer involved in the subject accident.

38.     Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO knew or should have known that the work it hired Defendant Poe to perform involved a risk of physical harm and death to others unless skillfully and carefully performed, and for which Defendants 92 Trucking LLC, Star Leasing Company, and XPO owed a duty to Plaintiff, and other third persons traveling the highways, to skillfully and carefully perform.

39.     Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO knew or should have known that Defendant Poe was a deficient, unqualified, and/or careless truck driver, but nevertheless retained him to drive its vehicles, including the tractor trailer involved in the subject incident.

40.     Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO negligently failed to exercise reasonable care in selecting, hiring and/or retaining Defendant Poe to drive its vehicles, including the tractor trailer involved in the subject accident, and that negligence proximately caused injury to Plaintiff.

41.     As a direct and proximate result of the negligence of Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO in selecting, hiring and/or retaining Defendant Poe, Plaintiff has suffered severe injuries for which she entitled to recover damages.

### Count V
(Joint Venture)

42.     Plaintiffs incorporate, repeat, and reallege each and every allegation contained in the forgoing paragraphs as though fully set forth herein.

8

43.     With respect to all allegations set forth herein, Plaintiff alleges that Defendants 92 Trucking LLC, Star Leasing Company, XPO, and Pierre Poe were associated to carry out a single business enterprise for profit with respect to the operation of the tractor and/or trailer involved in the subject accident, for which they combined their property, money, effects, skill and knowledge, and thereby engaged in a joint venture and/or joint ventures with regard to the same. Consequently, 92 Trucking, LLC, Star Leasing Company, XPO, and Pierre Poe are each derivatively liable for the actions of the other with regard to the ownership and operation of the tractor and/or trailer involved in the subject accident.

**Count VI**
(Punitive Damages)

44.     Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

45.     The acts and conduct of Defendants Poe,  92 Trucking LLC, Star Leasing Company, and XPO reflect an intentional, willful, wanton, malicious, and/or reckless disregard for public safety and civil obligations.

46.     Punitive Damages should be assessed against Defendants Poe,  92 Trucking LLC, Star Leasing Company and XPO in an amount adequate to punish and deter them and others from engaging in similar intentional, willful, wanton, malicious, and/or reckless conduct in the future.

**Statement Regarding Unknown Circumstances**

This  Complaint  reflects  Plaintiff's  understanding  of  relevant  facts  and

9

circumstances as of the time of its filing. As additional information becomes available, it may become necessary and appropriate for Plaintiff to assert additional causes of action and/or join additional defendants in this action.

## **Relief Requested**

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for damages as follows:

1)      Medical and hospital bills for diagnostic and preventative treatment and therapies and for treatment of injuries, both past and future;

2)      Physical injuries, both temporary and permanent;

3)      Severe and significant emotional distress, and mental pain and suffering, both temporary and permanent;

4)      Fear, humiliation, and embarrassment, past and future;

5)      Annoyance and inconvenience, past and future;

6)      Loss of physical health and well being, past and future;

7)      Loss of enjoyment of life, past and future;

8)      Loss of income and/or earning capacity, past and future;

9)      Loss of value of employment benefits, including, but not limited to, loss of value of pension/retirement benefits;

10)      Disability;

11)      Disfigurement;

12)      Compensatory damages;

13)      Punitive and exemplary damages;

14)      Civil penalties;

10

15) Attorney's fees and costs;

16) Pre- and post-judgment interest;

17) All statutory, common-law, and equitable relief to which the Plaintiffs may be entitled; and

18) Such other and further relief as justice requires.

### Jury Demand

Plaintiff hereby demands a trial by jury upon all issues raised herein triable by jury.

Respectfully submitted,

**Sara Williamson,**

**Plaintiff,**
**By Counsel**

/s/ Samuel A. Hrko
Samuel A. Hrko (WV Bar #7727)
**BAILEY GLASSER, LLP**
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110

11

**SUMMONS**

**SERVE**

E-FILED | 6/15/2022 11:45 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:    XPO Logistics, LLC, Gary Huey, 1703 Woodvale Drive, Charleston, WV 25314

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

6/15/2022 11:45:08 AM                    /s/ Virginia Sine

Date                                        Clerk

By Belinda Parsons 6/15/2022
Deputy Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to
_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____        _____
Date                                Server's Signature

E-FILED | 6/15/2022 11:45 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

**SARA WILLIAMSON,**

*Plaintiff*,

v.

Civil Action No. CC-02-2022-C-126
Judge: Laura Faircloth

**PIERRE POE,**
**92 TRUCKING LLC,**
a Tennessee Corporation,
**STAR LEASING COMPANY, LLC d/b/a**
**Star Leasing Company, f/k/a**
**Star Leasing Co., and XPO LOGISTICS, LLC**

*Defendants.*

### FIRST AMENDED COMPLAINT

For her complaint, Plaintiff alleges as follows:

#### Nature of Action

1.      This is an action in tort arising from an automobile crash that occurred at Falling Waters, Berkeley County, West Virginia, where a tractor trailer driven by Defendant Pierre Poe crashed into the rear of the stopped vehicle that Plaintiff Sara Williamson was driving.

2.      In this action, Plaintiff seeks damages from the above-named defendants as a result of their negligence in causing the subject accident in which Plaintiff Sara Williamson suffered severe and life-altering physical and emotional injuries.

#### The Parties

3.      Plaintiff Sara Williamson is and at all times relevant was a citizen of Panama

1

City, Bay County, Florida.

    4.    Upon information and belief, Defendant Pierre Poe ("Poe") is, and at all relevant times was, a citizen of the State of Missouri residing at 1400 N.E. Timberline Circle, Lees Summit, Jackson County, Missouri 64064. Upon information and belief, Defendant Poe at the time of the accident alleged herein was an employee and/or agent of Defendant 92 Trucking LLC, Defendant Star Leasing Company, LLC, and/or XPO Logistics, LLC.

    5.    Upon information and belief, Defendant 92 Trucking LLC is and at all times relevant was a limited liability company organized and existing under the laws of the State of Tennessee, with its principal place of business located at 1184 Tuscumbia Road, Collierville, Tennessee, 38017.

    6.    Upon information and belief, Defendant Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing, Co. (hereinafter referred to as "Star Leasing Company"), is and at all times relevant was a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business located at 4080 Business Park Drive, Columbus, Ohio, 43204.

    7.    Upon information and belief, Defendant XPO Logistics, LLC (hereinafter referred to as "XPO"), is and at all times was a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business in the state of North Carolina.

2

### Jurisdiction and Venue

8.      The Court has subject-matter jurisdiction over this action pursuant to W. Va. Const. art. VIII, § 6, and W. Va. Code § 51-2-2.

9.      Venue in this Court is proper pursuant to W. Va. Code § 56-1-1, in that Defendants' negligent conduct substantially took place in Berkeley County, West Virginia and the damages suffered by Plaintiff occurred in Berkeley County, West Virginia.

### Allegations Common to All Counts

10.      On June 19, 2020, Plaintiff Sara Williamson was operating a 2014 Ford F Series Budget Rental Box Truck following her grandson, Tyler Wilkerson, who was driving her 2017 White Nissan Rogue along Interstate 81 in Falling Waters, Berkeley County, West Virginia.

11.      At that aforesaid date and time, Mr. Wilkerson was operating a 2017 White Nissan Rogue along Interstate 81 when a ladder fell off the roof of the vehicle in front of him. Mr. Wilkerson then slowed and stopped to avoid hitting the ladder. Plaintiff Sara Williamson slowed and stopped to avoid colliding with Mr. Wilkerson and her 2017 Nissan Rogue. Defendant Poe then collided into the rear end of Plaintiff Sara Williamson's Budget Rental Box Truck.

12.      At the aforesaid date and time, Defendant Poe was operating a tractor trailer southbound on Interstate 81. Defendant Poe was driving under the authority of USDOT Number 3082920 issued to Defendant 92 Trucking LLC. The tractor operated by Defendant Poe was owned by Defendant 92 Trucking LLC. The trailer was owned by Star Leasing Company. The trailer was leased by XPO. Defendant Poe had the express

3

authorization of Defendants 92 Trucking LLC, Star Leasing Company, and XPO to operate said commercial motor vehicle on the time and date at issue.

13.     Defendant Poe operated said commercial vehicle in such a negligent and reckless manner as to cause it to collide with the vehicle that Plaintiff Sara Williamson was operating, and this rear-end collision was of such force that it caused significant damage to the vehicle operated by Sara Williamson.

14.     At all times relevant herein, Defendant Poe was an employee and/or agent of Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO acting within the scope of his employment and/or agency, and, as such, these defendants are vicariously liable for Defendant Poe's conduct.

15.     In addition to the principles of vicarious liability, Defendants 92 Trucking LLC, Star Leasing Company, and/or XPO engaged in separate actions and omissions that caused or materially contributed to the incident in question. These actions and omissions include, but are not limited to, the following:

  a.  Failure to conduct a proper background investigation prior to hiring or
      engaging Defendant Poe;

  b.  Failure to provide proper training to Defendant Poe;

  c.  Failure to provide proper supervision to Defendant Poe;

  d.  Failure to require Defendant Poe to maintain required trip documentation;

  e.  Authorizing, encouraging, and/or permitting Defendant Poe to maintain
      false logs and other documentation in violation of federal law;

  f.  Authorizing, encouraging, and/or permitting Defendant Poe to exceed

4

maximum distance and hour regulations in violation of federal law; and

g.  Failure to properly maintain the vehicle operated by Defendant Poe.

16.  As a direct and proximate result of the acts and/or failures to act of the Defendants, Plaintiff Sara Williamson suffered severe and permanent physical and psychological injuries.

17.  As a direct and proximate result of the acts and/or failures to act of the Defendants, Plaintiff Sara Williamson, has suffered economic damage in the form of medical bills, lost wages, and other pecuniary loss.

**Claims for Relief**
**Count I**
(Negligence)

18.  Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

19.  Defendant Poe owed a duty to Plaintiff Sara Williamson to maintain control of the tractor trailer he was operating and otherwise conform his driving to all applicable traffic safety rules and regulations.

20.  Defendant Poe breached his duty to Plaintiff Sara Williamson by not maintaining control of his vehicle and as a result colliding with Plaintiff's vehicle.

21.  As a direct and proximate result of Defendant Poe's negligent acts and/or failures to act, he collided with the vehicle in which Plaintiff was operating.

22.  As a direct and proximate cause of Defendant Poe's breach of his duties, Plaintiff has suffered and will continue to suffer injuries for which she is entitled to recover damages.

5

23.     As the employers of Defendant Poe, who was acting within the scope of his employment in connection with the acts and/or omissions described above, Defendant 92 Trucking LLC, Defendant Star Leasing Company, and XPO are vicariously liable to Plaintiff for damages resulting from the negligence of such defendant.

24.     As a direct and proximate result of Defendant 92 Trucking LLC, Star Leasing Company, and XPO's negligent acts and/or failures to act, the vehicle driven by Defendant Poe collided with the vehicle Plaintiff was operating.

25.     As a direct and proximate cause of Defendant 92 Trucking LLC, Star Leasing Company, and XPO's breach of its duties, Plaintiff has suffered and will continue to suffer injuries for which she is entitled to recover damages.

**Count II**
(Violation of Statute)

26.     Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

27.     West Virginia Code § 55-7-9 provides:

> Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed, unless the same be expressly mentioned to be in lieu of such damages.

28.     Plaintiff is a "person injured by the [Defendants'] violation of [a] statute . . ." as set forth in W. Va. Code § 55-7-9.

29.     Defendants' actions, omissions and conduct were in violation of multiple applicable statutes.

6

30.     Defendants' statutory violations proximately caused injuries to Plaintiff.

31.     Plaintiff is entitled to an award of all applicable statutory and common law damages proximately resulting from said violations.

### Count III
(Negligent Entrustment)

32.     Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

33.     Defendants 92 Trucking LLC, Star Leasing Company, and/or XPO entrusted the tractor and trailer involved in the subject accident to Defendant Poe and permitted him to drive the same upon the highways of West Virginia.

34.     Defendants 92 Trucking LLC, Star Leasing Company, and/or XPO failed to exercise reasonable care in permitting Defendant Poe to drive such vehicle inasmuch as it knew or reasonably should have known that Defendant Poe would fail to exercise reasonable care in operating said vehicle, and that, as a direct and proximate result of such failure, Plaintiff would suffer injury as alleged herein.

35.     As a direct and proximate result of negligence by Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO in permitting Defendant Poe to operate the subject vehicle, Plaintiff has suffered and continues to suffer injuries for which she is entitled to recover damages.

### Count IV
(Negligent Hiring)

36.     Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

7

37.     Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO employed Defendant Poe to drive the tractor trailer involved in the subject accident.

38.     Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO knew or should have known that the work it hired Defendant Poe to perform involved a risk of physical harm and death to others unless skillfully and carefully performed, and for which Defendants 92 Trucking LLC, Star Leasing Company, and XPO owed a duty to Plaintiff, and other third persons traveling the highways, to skillfully and carefully perform.

39.     Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO knew or should have known that Defendant Poe was a deficient, unqualified, and/or careless truck driver, but nevertheless retained him to drive its vehicles, including the tractor trailer involved in the subject incident.

40.     Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO negligently failed to exercise reasonable care in selecting, hiring and/or retaining Defendant Poe to drive its vehicles, including the tractor trailer involved in the subject accident, and that negligence proximately caused injury to Plaintiff.

41.     As a direct and proximate result of the negligence of Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO in selecting, hiring and/or retaining Defendant Poe, Plaintiff has suffered severe injuries for which she entitled to recover damages.

## Count V
(Joint Venture)

42.     Plaintiffs incorporate, repeat, and reallege each and every allegation contained in the forgoing paragraphs as though fully set forth herein.

8

43.     With respect to all allegations set forth herein, Plaintiff alleges that Defendants 92 Trucking LLC, Star Leasing Company, XPO, and Pierre Poe were associated to carry out a single business enterprise for profit with respect to the operation of the tractor and/or trailer involved in the subject accident, for which they combined their property, money, effects, skill and knowledge, and thereby engaged in a joint venture and/or joint ventures with regard to the same. Consequently, 92 Trucking, LLC, Star Leasing Company, XPO, and Pierre Poe are each derivatively liable for the actions of the other with regard to the ownership and operation of the tractor and/or trailer involved in the subject accident.

## Count VI
(Punitive Damages)

44.     Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

45.     The acts and conduct of Defendants Poe,  92 Trucking LLC, Star Leasing Company, and XPO reflect an intentional, willful, wanton, malicious, and/or reckless disregard for public safety and civil obligations.

46.     Punitive Damages should be assessed against Defendants Poe,  92 Trucking LLC, Star Leasing Company and XPO in an amount adequate to punish and deter them and others from engaging in similar intentional, willful, wanton, malicious, and/or reckless conduct in the future.

## Statement Regarding Unknown Circumstances

This   Complaint   reflects   Plaintiff's   understanding   of   relevant   facts   and

9

circumstances as of the time of its filing. As additional information becomes available, it may become necessary and appropriate for Plaintiff to assert additional causes of action and/or join additional defendants in this action.

## Relief Requested

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for damages as follows:

1) Medical and hospital bills for diagnostic and preventative treatment and therapies and for treatment of injuries, both past and future;

2) Physical injuries, both temporary and permanent;

3) Severe and significant emotional distress, and mental pain and suffering, both temporary and permanent;

4) Fear, humiliation, and embarrassment, past and future;

5) Annoyance and inconvenience, past and future;

6) Loss of physical health and well being, past and future;

7) Loss of enjoyment of life, past and future;

8) Loss of income and/or earning capacity, past and future;

9) Loss of value of employment benefits, including, but not limited to, loss of value of pension/retirement benefits;

10) Disability;

11) Disfigurement;

12) Compensatory damages;

13) Punitive and exemplary damages;

14) Civil penalties;

10

15)     Attorney's fees and costs;

16)     Pre- and post-judgment interest;

17)     All statutory, common-law, and equitable relief to which the Plaintiffs may be entitled; and

18)     Such other and further relief as justice requires.

## Jury Demand

Plaintiff hereby demands a trial by jury upon all issues raised herein triable by jury.

**Respectfully submitted,**

**Sara Williamson,**

**Plaintiff,**
**By Counsel**

/s/ Samuel A. Hrko

Samuel A. Hrko (WV Bar #7727)
**BAILEY GLASSER, LLP**
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110

11



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Samuel A. Hrko
shrko@baileyglasser.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

Sara Williamson v. Pierre Poe

CC-02-2022-C-126

The following supporting documents was FILED on 6/27/2022 10:38:49 AM

Notice Date:     6/27/2022 10:38:49 AM

Virginia Sine

CLERK OF THE CIRCUIT COURT

Berkeley County

380 W South Street

MARTINSBURG, WV 25401

(304) 264-1918

belinda.parsons@courtswv.gov

CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

2 JUN 27 AM10:13
IRCUIT CLERK, WV



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BERKELEY COUNTY
380 W SOUTH STREET
SUITE 2200
Martinsburg, WV 25401-3210

| | |
|---|---|
| **Control Number:** 293928 | **Agent:** R STEVEN JACKSON |
| **Defendant:** STAR LEASING COMPANY LLC | **County:** Berkeley |
| 4080 BUSINESS PARK DRIVE | **Civil Action:** 22-C-126 |
| COLUMBUS, OH 43204 US | **Certified Number:** 92148901125134100003515085 |
| | **Service Date:** 6/22/2022 |

I am enclosing:

**1 other: (SUMMONS & FIRST AMENDED COMPLAINT)**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

Mac Warner

Mac Warner
Secretary of State

**SUMMONS**

# RETURN

E-FILED | 6/15/2022 11:45 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:   Secretary of State - Certified - Including Copy Fee

NOTICE TO:   Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing Co., R. Steven Jackson, 4080 Business Park Drive, Columbus, OH 43204

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

6/15/2022 11:45:08 AM                    /s/ Virginia Sine
_____                   _____
Date                                       Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on   _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to   _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____                   _____
Date                                    Server's Signature



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Samuel A. Hrko
shrko@baileyglasser.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following supporting documents was FILED on 6/27/2022 1:47:03 PM

Notice Date:     6/27/2022 1:47:03 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

2 JUN 27 AM 10:14
CIRCUIT CLERK, WV



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BERKELEY COUNTY
380 W SOUTH STREET
SUITE 2200
Martinsburg, WV 25401-3210

**Control Number:** 293898

**Defendant:** PIERRE POE
1400 NE TIMBERLINE CIRCLE
LEES SUMMIT, MO 64064 US

**County:** Berkeley
**Civil Action:** 22-C-126
**Certified Number:** 92148901125134100003514781
**Service Date:** 6/21/2022

I am enclosing:

**1 summons and amended complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

**SUMMONS**

# RETURN

E-FILED | 6/15/2022 11:45 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:   Pierre Poe, 1400 NE Timberline Circle, Lees Summit, MO 64064

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 6/15/2022 11:45:08 AM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** Samuel A. Hrko
shrko@baileyglasser.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following supporting documents was FILED on 6/27/2022 1:49:45 PM

Notice Date:     6/27/2022 1:49:45 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

FILED 6/27/2022 1:52 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

2 JUN 27 AM10:14
IRCUIT CLERK, WV



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BERKELEY COUNTY
380 W SOUTH STREET
SUITE 2200
Martinsburg, WV 25401-3210

**Control Number:** 293897

**Defendant:** 92 TRUCKING LLC
1184 TUSCUMBIA ROAD
COLLIERVILLE, TN 38017 US

**County:** Berkeley
**Civil Action:** 22-C-126
**Certified Number:** 92148901125134100003514774
**Service Date:** 6/21/2022

I am enclosing:

**1 summons and amended complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

Mac Warner

Mac Warner
Secretary of State

**SUMMONS**

# RETURN

E-FILED | 6/15/2022 11:45 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:    92 Trucking LLC, 1184 Tuscumbia Road, Collierville, TN 38017

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

6/15/2022 11:45:08 AM                 /s/ Virginia Sine

Date                                             Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____        _____

Date                                      Server's Signature



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**  Samuel A. Hrko
shrko@baileyglasser.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

Sara Williamson v. Pierre Poe

CC-02-2022-C-126

The following supporting documents was FILED on 6/27/2022 1:52:24 PM

Notice Date:     6/27/2022 1:52:24 PM

Virginia Sine

CLERK OF THE CIRCUIT COURT

Berkeley County

380 W South Street

MARTINSBURG, WV 25401

(304) 264-1918

belinda.parsons@courtswv.gov

FILED 6/29/2022 1:37 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

**USPS TRACKING #**



9590 9402 6053 0125 6057 00

**United States**
**Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

VIRGINIA M. SINE
CIRCUIT CLERK
380 W. SOUTH STREET
SUITE 2200
MARTINSBURG, WV  25401



SE**R**: **COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. 22-C.126

1

**WV SECRETARY OF STATE**

**PROCESS DIVISION**

**WV ONE STOP BUSINESS CENTER**

**1615 EAST WASHINGTON STREET**

**CHARLESTON, WV 25300-2126**

9590 9402 6053 0125 6057 00

2. Article Number *(Transfer from service label)*

7022 0410 0002 5215 2889

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X          □ Agent
            □ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:         □ No

BC CIRCUIT CLERK, WV
2022 JUN 28 AM 9:29

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery
  (over $500)

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Return Receipt for Merchandise
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**  Samuel A. Hrko
shrko@baileyglasser.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following supporting documents was FILED on 6/29/2022 1:37:38 PM

Notice Date:      6/29/2022 1:37:38 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

**USPS TRACKING #**

9590 9402 6053 0125 6057 24

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

VIRGINIA M. SINE
CIRCUIT CLERK
380 W. SOUTH STREET
SUITE 2200
MARTINSBURG, WV  25401

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. 22-C-126

1. Article Addressed to:

WV SECRETARY OF STATE

PROCESS DIVISION

WV ONE STOP BUSINESS CENTER

1615 EAST WASHINGTON STREET

CHARLESTON, WV 25300-2126

9590 9402 6053 0125 6057 24

2. Article Number (Transfer from service label)
3122 0410 0002 5215 2865

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Ashley Arth_          ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery
Ashley Arthur          6/21/22

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

BC CIRCUIT CLERK, WV
2022 JUN 28 AM 9:29

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Samuel A. Hrko
shrko@baileyglasser.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following supporting documents was FILED on 6/29/2022 1:39:02 PM

Notice Date:      6/29/2022 1:39:02 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. **22 C.126**

1. Article Addressed to:

   **WV SECRETARY OF STATE**

   **PROCESS DIVISION**

   **WV ONE STOP BUSINESS CENTER**

   **1615 EAST WASHINGTON STREET**

   **CHARLESTON, WV 25300-2126**



9590 9402 6053 0125 6057 17

2. Article Number *(Transfer from service label)*

   7022 0410 0002 5215 2872

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Ashley Arthur_  ☐ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*        C. Date of Delivery
   Ashley Arthur                        6/21/22

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

BC CIRCUIT CLERK, WV
2022 JUN 28 AM9:30

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Samuel A. Hrko
shrko@baileyglasser.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following supporting documents was FILED on 6/29/2022 1:41:30 PM

Notice Date:      6/29/2022 1:41:30 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

FILED 6/29/2022 1:45 PM
CC-02-2022-C-626
Berkeley County Circuit Clerk
Virginia Sine



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. 22-C.126

1. Article Addressed to:

WV SECRETARY OF STATE

PROCESS DIVISION

WV ONE STOP BUSINESS CENTER

1615 EAST WASHINGTON STREET

CHARLESTON, WV 25300-2126

9590 9402 6053 0125 6057 31

2. Article Number *(Transfer from service label)*

022 0410 0002 5215 2858

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X *ashley arsh*
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*
*Ashley Arthur*

C. Date of Delivery
6/2/22

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

BC CIRCUIT CLERK, WV
2022 JUN 28 AM9:30

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Samuel A. Hrko
shrko@baileyglasser.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

Sara Williamson v. Pierre Poe

CC-02-2022-C-126

The following supporting documents was FILED on 6/29/2022 1:43:27 PM

Notice Date:      6/29/2022 1:43:27 PM

Virginia Sine

CLERK OF THE CIRCUIT COURT

Berkeley County

380 W South Street

MARTINSBURG, WV 25401

(304) 264-1918

belinda.parsons@courtswv.gov

FILED 7/5/2022 1:35 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

**Mac Warner**
**Secretary of State**
Bldg. 1, Suite 157-K
1900 Kanawha Blvd. East
Charleston, WV 25305-0770
Phone: 304-558-6000
Toll-free: 866-767-8683

Date:     06/22/2022

Invoice #:     572121

Bill to:
CLERK OF THE CIRCUIT COURT OF BERKELEY COUNTY
380 W SOUTH STREET
SUITE 2200
Martinsburg, WV 25401-3210

Reference #: 22-C-126
Defendant name: STAR LEASING COMPANY LLC
County: BERKELEY

Reference: 22-C-126

## Invoice summary

| Service | Service # | Qty | Unit Cost | Subtotal | Description |
|---|---|---|---|---|---|
| Service - US defendant | 15 | 1 | $20.00 | $20.00 | Filing fee for case #22-C-126 |
| **Remaining balance (pay this amount):** | | | | **$20.00** | |

## Payment methods

**Payment is due at time of service.**
Accepted payment methods are check, credit card, or Intergovernmental Transfer (IGT).

## Intergovernmental transfer

State agencies using IGT: please follow the WVOASIS allocation instructions below for each billed item:
**Make sure to specify INVOICE ID #572121.**

| Service Id | OASIS Account #<br>Fund \| Dept \| Unit \| Rev \|Function | Invoice Id | | Amount |
|---|---|---|---|---|
| 15 | 0155-1600-1003-5592-5712 | 572121 | | $10.00 |
| | 1612-1600-1003-6696-5712 | 572121 | | $10.00 |

Paid in June's Month
End Closing GM
7-1-22

BC CIRCUIT CLERK, WV
2022 JUN 27 AM 10:11



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**  Samuel A. Hrko
shrko@baileyglasser.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following supporting documents was FILED on 7/5/2022 1:35:12 PM

Notice Date:     7/5/2022 1:35:12 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

**Mac Warner**
**Secretary of State**
Bldg. 1, Suite 157-K
1900 Kanawha Blvd. East
Charleston, WV 25305-0770
Phone: 304-558-6000
Toll-free: 866-767-8683

**Invoice**

Date: 06/21/2022

Invoice #: 572016

Bill to:
CLERK OF THE CIRCUIT COURT OF BERKELEY COUNTY
380 W SOUTH STREET
SUITE 2200
Martinsburg, WV 25401-3210

Reference #: 22-C-126
Defendant name: 92 TRUCKING LLC & PIERRE POE

Reference: 22-C-126

BC CIRCUIT CLERK, WV
2022 JUN 27 AM 10:12

## Invoice summary

| Service | Service # | Qty | Unit Cost | Subtotal | Description |
|---------|-----------|-----|-----------|----------|-------------|
| Service - US defendant | 15 | 2 | $20.00 | $40.00 | Filing fee for case #22-C-126 |

**Remaining balance (pay this amount):** $40.00

## Payment methods

**Payment is due at time of service.**
Accepted payment methods are check, credit card, or Intergovernmental Transfer (IGT).

## Intergovernmental transfer

State agencies using IGT: please follow the WVOASIS allocation instructions below for each billed item:
**Make sure to specify INVOICE ID #572016.**

| Service Id | OASIS Account #<br>Fund \| Dept \| Unit \| Rev \|Function | Invoice Id | Amount |
|------------|--------------------------|------------|--------|
| 15 | 0155-1600-1003-5592-5712 | 572016 | $20.00 |
| | 1612-1600-1003-6696-5712 | 572016 | $20.00 |

Paid in June's Month
End Closing
JM
7-1-22



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** Samuel A. Hrko
shrko@baileyglasser.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

Sara Williamson v. Pierre Poe

CC-02-2022-C-126

The following supporting documents was FILED on 7/5/2022 1:37:39 PM

Notice Date:    7/5/2022 1:37:39 PM

Virginia Sine

CLERK OF THE CIRCUIT COURT

Berkeley County

380 W South Street

MARTINSBURG, WV 25401

(304) 264-1918

belinda.parsons@courtswv.gov

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BERKELEY COUNTY
380 W SOUTH STREET
SUITE 2200
Martinsburg, WV 25401-3210

**Control Number:** 294078

**Defendant:** XPO LOGISTICS, LLC
11215 N COMMUNITY HOUSE ROAD
CHARLOTTE, NC 28277 US

**County:** Berkeley

**Civil Action:** 22-C-126

**Certified Number:** 92148901125134100003516761

**Service Date:** 7/5/2022

I am enclosing:

### 1 other: (SUMMONS & FIRST AMENDED COMPLAINT)

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

**SUMMONS**

# RETURN

E-FILED | 6/15/2022 11:45 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA

### Sara Williamson v. Pierre Poe

Service Type:     Secretary of State - Certified - Including Copy Fee

NOTICE TO:   XPO Logistics, LLC, Gary Huey, 1703 Woodvale Drive, Charleston, WV 25314

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

6/15/2022 11:45:08 AM                              /s/ Virginia Sine
            Date                                                    Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on  _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to  _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to
_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____          _____
            Date                                     Server's Signature

**SUMMONS**

**SERVE**

E-FILED | 6/15/2022 11:45 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:   XPO Logistics, LLC, Gary Huey, 1703 Woodvale Drive, Charleston, WV 25314
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 6/15/2022 11:45:08 AM | /s/ Virginia Sine | By Belinda Parsons 6/15/2022 |
|---|---|---|
| Date | Clerk | Deputy Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to
_____ , a member of the individual's family who is above the age of sixteen (16) years and by
advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____          _____
Date                                Server's Signature

E-FILED | 6/15/2022 11:45 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

SARA WILLIAMSON,

     *Plaintiff,*

v.

PIERRE POE,
**92 TRUCKING LLC,**
a Tennessee Corporation,
**STAR LEASING COMPANY, LLC d/b/a**
**Star Leasing Company, f/k/a**
**Star Leasing Co., and XPO LOGISTICS, LLC**

     *Defendants.*

                              **Civil Action No. CC-02-2022-C-126**
                              **Judge:  Laura Faircloth**

### FIRST AMENDED COMPLAINT

For her complaint, Plaintiff alleges as follows:

### Nature of Action

1.    This is an action in tort arising from an automobile crash that occurred at Falling Waters, Berkeley County, West Virginia, where a tractor trailer driven by Defendant Pierre Poe crashed into the rear of the stopped vehicle that Plaintiff Sara Williamson was driving.

2.    In this action, Plaintiff seeks damages from the above-named defendants as a result of their negligence in causing the subject accident in which Plaintiff Sara Williamson suffered severe and life-altering physical and emotional injuries.

### The Parties

3.    Plaintiff Sara Williamson is and at all times relevant was a citizen of Panama

1

City, Bay County, Florida.

4.      Upon information and belief, Defendant Pierre Poe ("Poe") is, and at all relevant times was, a citizen of the State of Missouri residing at 1400 N.E. Timberline Circle, Lees Summit, Jackson County, Missouri 64064.  Upon information and belief, Defendant Poe at the time of the accident alleged herein was an employee and/or agent of Defendant 92 Trucking LLC, Defendant Star Leasing Company, LLC, and/or XPO Logistics, LLC.

5.      Upon information and belief, Defendant 92 Trucking LLC is and at all times relevant was a limited liability company organized and existing under the laws of the State of Tennessee, with its principal place of business located at 1184 Tuscumbia Road, Collierville, Tennessee, 38017.

6.      Upon information and belief, Defendant Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing, Co. (hereinafter referred to as "Star Leasing Company"), is and at all times relevant was a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business located at 4080 Business Park Drive, Columbus, Ohio, 43204.

7.      Upon information and belief, Defendant XPO Logistics, LLC (hereinafter referred to as "XPO"), is and at all times was a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business in the state of North Carolina.

### Jurisdiction and Venue

8.     The Court has subject-matter jurisdiction over this action pursuant to W. Va. Const. art. VIII, § 6, and W. Va. Code § 51-2-2.

9.     Venue in this Court is proper pursuant to W. Va. Code § 56-1-1, in that Defendants' negligent conduct substantially took place in Berkeley County, West Virginia and the damages suffered by Plaintiff occurred in Berkeley County, West Virginia.

### Allegations Common to All Counts

10.     On June 19, 2020, Plaintiff Sara Williamson was operating a 2014 Ford F Series Budget Rental Box Truck following her grandson, Tyler Wilkerson, who was driving her 2017 White Nissan Rogue along Interstate 81 in Falling Waters, Berkeley County, West Virginia.

11.     At that aforesaid date and time, Mr. Wilkerson was operating a 2017 White Nissan Rogue along Interstate 81 when a ladder fell off the roof of the vehicle in front of him. Mr. Wilkerson then slowed and stopped to avoid hitting the ladder. Plaintiff Sara Williamson slowed and stopped to avoid colliding with Mr. Wilkerson and her 2017 Nissan Rogue. Defendant Poe then collided into the rear end of Plaintiff Sara Williamson's Budget Rental Box Truck.

12.     At the aforesaid date and time, Defendant Poe was operating a tractor trailer southbound on Interstate 81. Defendant Poe was driving under the authority of USDOT Number 3082920 issued to Defendant 92 Trucking LLC. The tractor operated by Defendant Poe was owned by Defendant 92 Trucking LLC. The trailer was owned by Star Leasing Company. The trailer was leased by XPO. Defendant Poe had the express

3

authorization of Defendants 92 Trucking LLC, Star Leasing Company, and XPO to operate said commercial motor vehicle on the time and date at issue.

13.     Defendant Poe operated said commercial vehicle in such a negligent and reckless manner as to cause it to collide with the vehicle that Plaintiff Sara Williamson was operating, and this rear-end collision was of such force that it caused significant damage to the vehicle operated by Sara Williamson.

14.     At all times relevant herein, Defendant Poe was an employee and/or agent of Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO acting within the scope of his employment and/or agency, and, as such, these defendants are vicariously liable for Defendant Poe's conduct.

15.     In addition to the principles of vicarious liability, Defendants 92 Trucking LLC, Star Leasing Company, and/or XPO engaged in separate actions and omissions that caused or materially contributed to the incident in question. These actions and omissions include, but are not limited to, the following:

> a.  Failure to conduct a proper background investigation prior to hiring or engaging Defendant Poe;
>
> b.  Failure to provide proper training to Defendant Poe;
>
> c.  Failure to provide proper supervision to Defendant Poe;
>
> d.  Failure to require Defendant Poe to maintain required trip documentation;
>
> e.  Authorizing, encouraging, and/or permitting Defendant Poe to maintain false logs and other documentation in violation of federal law;
>
> f.  Authorizing, encouraging, and/or permitting Defendant Poe to exceed

4

maximum distance and hour regulations in violation of federal law; and

g. Failure to properly maintain the vehicle operated by Defendant Poe.

16.    As a direct and proximate result of the acts and/or failures to act of the Defendants, Plaintiff Sara Williamson suffered severe and permanent physical and psychological injuries.

17.    As a direct and proximate result of the acts and/or failures to act of the Defendants, Plaintiff Sara Williamson, has suffered economic damage in the form of medical bills, lost wages, and other pecuniary loss.

## Claims for Relief
### Count I
(Negligence)

18.    Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

19.    Defendant Poe owed a duty to Plaintiff Sara Williamson to maintain control of the tractor trailer he was operating and otherwise conform his driving to all applicable traffic safety rules and regulations.

20.    Defendant Poe breached his duty to Plaintiff Sara Williamson by not maintaining control of his vehicle and as a result colliding with Plaintiff's vehicle.

21.    As a direct and proximate result of Defendant Poe's negligent acts and/or failures to act, he collided with the vehicle in which Plaintiff was operating.

22.    As a direct and proximate cause of Defendant Poe's breach of his duties, Plaintiff has suffered and will continue to suffer injuries for which she is entitled to recover damages.

5

23. As the employers of Defendant Poe, who was acting within the scope of his employment in connection with the acts and/or omissions described above, Defendant 92 Trucking LLC, Defendant Star Leasing Company, and XPO are vicariously liable to Plaintiff for damages resulting from the negligence of such defendant.

24. As a direct and proximate result of Defendant 92 Trucking LLC, Star Leasing Company, and XPO's negligent acts and/or failures to act, the vehicle driven by Defendant Poe collided with the vehicle Plaintiff was operating.

25. As a direct and proximate cause of Defendant 92 Trucking LLC, Star Leasing Company, and XPO's breach of its duties, Plaintiff has suffered and will continue to suffer injuries for which she is entitled to recover damages.

### Count II
(Violation of Statute)

26. Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

27. West Virginia Code § 55-7-9 provides:

> Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed, unless the same be expressly mentioned to be in lieu of such damages.

28. Plaintiff is a "person injured by the [Defendants'] violation of [a] statute . . ." as set forth in W. Va. Code § 55-7-9.

29. Defendants' actions, omissions and conduct were in violation of multiple applicable statutes.

6

30.   Defendants' statutory violations proximately caused injuries to Plaintiff.

31.   Plaintiff is entitled to an award of all applicable statutory and common law damages proximately resulting from said violations.

## Count III
(Negligent Entrustment)

32.   Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

33.   Defendants 92 Trucking LLC, Star Leasing Company, and/or XPO entrusted the tractor and trailer involved in the subject accident to Defendant Poe and permitted him to drive the same upon the highways of West Virginia.

34.   Defendants 92 Trucking LLC, Star Leasing Company, and/or XPO failed to exercise reasonable care in permitting Defendant Poe to drive such vehicle inasmuch as it knew or reasonably should have known that Defendant Poe would fail to exercise reasonable care in operating said vehicle, and that, as a direct and proximate result of such failure, Plaintiff would suffer injury as alleged herein.

35.   As a direct and proximate result of negligence by Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO in permitting Defendant Poe to operate the subject vehicle, Plaintiff has suffered and continues to suffer injuries for which she is entitled to recover damages.

## Count IV
(Negligent Hiring)

36.   Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

7

37. Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO employed Defendant Poe to drive the tractor trailer involved in the subject accident.

38. Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO knew or should have known that the work it hired Defendant Poe to perform involved a risk of physical harm and death to others unless skillfully and carefully performed, and for which Defendants 92 Trucking LLC, Star Leasing Company, and XPO owed a duty to Plaintiff, and other third persons traveling the highways, to skillfully and carefully perform.

39. Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO knew or should have known that Defendant Poe was a deficient, unqualified, and/or careless truck driver, but nevertheless retained him to drive its vehicles, including the tractor trailer involved in the subject incident.

40. Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO negligently failed to exercise reasonable care in selecting, hiring and/or retaining Defendant Poe to drive its vehicles, including the tractor trailer involved in the subject accident, and that negligence proximately caused injury to Plaintiff.

41. As a direct and proximate result of the negligence of Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO in selecting, hiring and/or retaining Defendant Poe, Plaintiff has suffered severe injuries for which she entitled to recover damages.

## Count V
(Joint Venture)

42. Plaintiffs incorporate, repeat, and reallege each and every allegation contained in the forgoing paragraphs as though fully set forth herein.

8

43.     With respect to all allegations set forth herein, Plaintiff alleges that Defendants 92 Trucking LLC, Star Leasing Company, XPO, and Pierre Poe were associated to carry out a single business enterprise for profit with respect to the operation of the tractor and/or trailer involved in the subject accident, for which they combined their property, money, effects, skill and knowledge, and thereby engaged in a joint venture and/or joint ventures with regard to the same. Consequently, 92 Trucking, LLC, Star Leasing Company, XPO, and Pierre Poe are each derivatively liable for the actions of the other with regard to the ownership and operation of the tractor and/or trailer involved in the subject accident.

### Count VI
(Punitive Damages)

44.     Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

45.     The acts and conduct of Defendants Poe,  92 Trucking LLC, Star Leasing Company, and XPO reflect an intentional, willful, wanton, malicious, and/or reckless disregard for public safety and civil obligations.

46.     Punitive Damages should be assessed against Defendants Poe,  92 Trucking LLC, Star Leasing Company and XPO in an amount adequate to punish and deter them and others from engaging in similar intentional, willful, wanton, malicious, and/or reckless conduct in the future.

### Statement Regarding Unknown Circumstances

This  Complaint  reflects  Plaintiff's  understanding  of  relevant  facts  and

9

circumstances as of the time of its filing. As additional information becomes available, it may become necessary and appropriate for Plaintiff to assert additional causes of action and/or join additional defendants in this action.

### Relief Requested

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for damages as follows:

1) Medical and hospital bills for diagnostic and preventative treatment and therapies and for treatment of injuries, both past and future;

2) Physical injuries, both temporary and permanent;

3) Severe and significant emotional distress, and mental pain and suffering, both temporary and permanent;

4) Fear, humiliation, and embarrassment, past and future;

5) Annoyance and inconvenience, past and future;

6) Loss of physical health and well being, past and future;

7) Loss of enjoyment of life, past and future;

8) Loss of income and/or earning capacity, past and future;

9) Loss of value of employment benefits, including, but not limited to, loss of value of pension/retirement benefits;

10) Disability;

11) Disfigurement;

12) Compensatory damages;

13) Punitive and exemplary damages;

14) Civil penalties;

15)   Attorney's fees and costs;

16)   Pre- and post-judgment interest;

17)   All statutory, common-law, and equitable relief to which the Plaintiffs may be entitled; and

18)   Such other and further relief as justice requires.

**Jury Demand**

Plaintiff hereby demands a trial by jury upon all issues raised herein triable by jury.

Respectfully submitted,

**Sara Williamson,**

**Plaintiff,**
**By Counsel**

*/s/ Samuel A. Hrko*

Samuel A. Hrko (WV Bar #7727)
**BAILEY GLASSER, LLP**
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110

11

**SUMMONS**



E-FILED | 6/15/2022 11:45 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Sara Williamson v. Pierre Poe

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:    XPO Logistics, LLC, Gary Huey, 1703 Woodvale Drive, Charleston, WV 25314
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR
RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR
DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR
HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Samuel Hrko, 209 Capitol Street, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT
BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 6/15/2022 11:45:08 AM | /s/ Virginia Sine | By Belinda Towns 6/15/2022 Deputy Clerk |
|---|---|---|
| Date | Clerk | |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to
_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____          _____
Date                                          Server's Signature

E-FILED | 6/15/2022 11:45 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

SARA WILLIAMSON,

     *Plaintiff,*

v.                                **Civil Action No. CC-02-2022-C-126**
                                       **Judge:  Laura Faircloth**

PIERRE POE,
92 TRUCKING LLC,
a Tennessee Corporation,
STAR LEASING COMPANY, LLC d/b/a
Star Leasing Company, f/k/a
Star Leasing Co., and XPO LOGISTICS, LLC

     *Defendants.*

## FIRST AMENDED COMPLAINT

For her complaint, Plaintiff alleges as follows:

### Nature of Action

1.     This is an action in tort arising from an automobile crash that occurred at Falling Waters, Berkeley County, West Virginia, where a tractor trailer driven by Defendant Pierre Poe crashed into the rear of the stopped vehicle that Plaintiff Sara Williamson was driving.

2.     In this action, Plaintiff seeks damages from the above-named defendants as a result of their negligence in causing the subject accident in which Plaintiff Sara Williamson suffered severe and life-altering physical and emotional injuries.

### The Parties

3.     Plaintiff Sara Williamson is and at all times relevant was a citizen of Panama

1

City, Bay County, Florida.

4.      Upon information and belief, Defendant Pierre Poe ("Poe") is, and at all relevant times was, a citizen of the State of Missouri residing at 1400 N.E. Timberline Circle, Lees Summit, Jackson County, Missouri 64064.  Upon information and belief, Defendant Poe at the time of the accident alleged herein was an employee and/or agent of Defendant 92 Trucking LLC, Defendant Star Leasing Company, LLC, and/or XPO Logistics, LLC.

5.      Upon information and belief, Defendant 92 Trucking LLC is and at all times relevant was a limited liability company organized and existing under the laws of the State of Tennessee, with its principal place of business located at 1184 Tuscumbia Road, Collierville, Tennessee, 38017.

6.      Upon information and belief, Defendant Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a Star Leasing, Co. (hereinafter referred to as "Star Leasing Company"), is and at all times relevant was a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business located at 4080 Business Park Drive, Columbus, Ohio, 43204.

7.      Upon information and belief, Defendant XPO Logistics, LLC (hereinafter referred to as "XPO"), is and at all times was a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business in the state of North Carolina.

### Jurisdiction and Venue

8.      The Court has subject-matter jurisdiction over this action pursuant to W. Va. Const. art. VIII, § 6, and W. Va. Code § 51-2-2.

9.      Venue in this Court is proper pursuant to W. Va. Code § 56-1-1, in that Defendants' negligent conduct substantially took place in Berkeley County, West Virginia and the damages suffered by Plaintiff occurred in Berkeley County, West Virginia.

### Allegations Common to All Counts

10.      On June 19, 2020, Plaintiff Sara Williamson was operating a 2014 Ford F Series Budget Rental Box Truck following her grandson, Tyler Wilkerson, who was driving her 2017 White Nissan Rogue along Interstate 81 in Falling Waters, Berkeley County, West Virginia.

11.      At that aforesaid date and time, Mr. Wilkerson was operating a 2017 White Nissan Rogue along Interstate 81 when a ladder fell off the roof of the vehicle in front of him. Mr. Wilkerson then slowed and stopped to avoid hitting the ladder. Plaintiff Sara Williamson slowed and stopped to avoid colliding with Mr. Wilkerson and her 2017 Nissan Rogue. Defendant Poe then collided into the rear end of Plaintiff Sara Williamson's Budget Rental Box Truck.

12.      At the aforesaid date and time, Defendant Poe was operating a tractor trailer southbound on Interstate 81. Defendant Poe was driving under the authority of USDOT Number 3082920 issued to Defendant 92 Trucking LLC. The tractor operated by Defendant Poe was owned by Defendant 92 Trucking LLC. The trailer was owned by Star Leasing Company. The trailer was leased by XPO. Defendant Poe had the express

3

authorization of Defendants 92 Trucking LLC, Star Leasing Company, and XPO to operate said commercial motor vehicle on the time and date at issue.

13.    Defendant Poe operated said commercial vehicle in such a negligent and reckless manner as to cause it to collide with the vehicle that Plaintiff Sara Williamson was operating, and this rear-end collision was of such force that it caused significant damage to the vehicle operated by Sara Williamson.

14.    At all times relevant herein, Defendant Poe was an employee and/or agent of Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO acting within the scope of his employment and/or agency, and, as such, these defendants are vicariously liable for Defendant Poe's conduct.

15.    In addition to the principles of vicarious liability, Defendants 92 Trucking LLC, Star Leasing Company, and/or XPO engaged in separate actions and omissions that caused or materially contributed to the incident in question. These actions and omissions include, but are not limited to, the following:

> a.  Failure to conduct a proper background investigation prior to hiring or engaging Defendant Poe;
>
> b.  Failure to provide proper training to Defendant Poe;
>
> c.  Failure to provide proper supervision to Defendant Poe;
>
> d.  Failure to require Defendant Poe to maintain required trip documentation;
>
> e.  Authorizing, encouraging, and/or permitting Defendant Poe to maintain false logs and other documentation in violation of federal law;
>
> f.  Authorizing, encouraging, and/or permitting Defendant Poe to exceed

maximum distance and hour regulations in violation of federal law; and

g. Failure to properly maintain the vehicle operated by Defendant Poe.

16.    As a direct and proximate result of the acts and/or failures to act of the Defendants, Plaintiff Sara Williamson suffered severe and permanent physical and psychological injuries.

17.    As a direct and proximate result of the acts and/or failures to act of the Defendants, Plaintiff Sara Williamson, has suffered economic damage in the form of medical bills, lost wages, and other pecuniary loss.

### Claims for Relief
#### Count I
(Negligence)

18.    Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

19.    Defendant Poe owed a duty to Plaintiff Sara Williamson to maintain control of the tractor trailer he was operating and otherwise conform his driving to all applicable traffic safety rules and regulations.

20.    Defendant Poe breached his duty to Plaintiff Sara Williamson by not maintaining control of his vehicle and as a result colliding with Plaintiff's vehicle.

21.    As a direct and proximate result of Defendant Poe's negligent acts and/or failures to act, he collided with the vehicle in which Plaintiff was operating.

22.    As a direct and proximate cause of Defendant Poe's breach of his duties, Plaintiff has suffered and will continue to suffer injuries for which she is entitled to recover damages.

5

23.    As the employers of Defendant Poe, who was acting within the scope of his employment in connection with the acts and/or omissions described above, Defendant 92 Trucking LLC, Defendant Star Leasing Company, and XPO are vicariously liable to Plaintiff for damages resulting from the negligence of such defendant.

24.    As a direct and proximate result of Defendant 92 Trucking LLC, Star Leasing Company, and XPO's negligent acts and/or failures to act, the vehicle driven by Defendant Poe collided with the vehicle Plaintiff was operating.

25.    As a direct and proximate cause of Defendant 92 Trucking LLC, Star Leasing Company, and XPO's breach of its duties, Plaintiff has suffered and will continue to suffer injuries for which she is entitled to recover damages.

## Count II
(Violation of Statute)

26.    Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

27.    West Virginia Code § 55-7-9 provides:

> Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed, unless the same be expressly mentioned to be in lieu of such damages.

28.    Plaintiff is a "person injured by the [Defendants'] violation of [a] statute . . ." as set forth in W. Va. Code § 55-7-9.

29.    Defendants' actions, omissions and conduct were in violation of multiple applicable statutes.

6

30.     Defendants' statutory violations proximately caused injuries to Plaintiff.

31.     Plaintiff is entitled to an award of all applicable statutory and common law damages proximately resulting from said violations.

## Count III
### (Negligent Entrustment)

32.     Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

33.     Defendants 92 Trucking LLC, Star Leasing Company, and/or XPO entrusted the tractor and trailer involved in the subject accident to Defendant Poe and permitted him to drive the same upon the highways of West Virginia.

34.     Defendants 92 Trucking LLC, Star Leasing Company, and/or XPO failed to exercise reasonable care in permitting Defendant Poe to drive such vehicle inasmuch as it knew or reasonably should have known that Defendant Poe would fail to exercise reasonable care in operating said vehicle, and that, as a direct and proximate result of such failure, Plaintiff would suffer injury as alleged herein.

35.     As a direct and proximate result of negligence by Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO in permitting Defendant Poe to operate the subject vehicle, Plaintiff has suffered and continues to suffer injuries for which she is entitled to recover damages.

## Count IV
### (Negligent Hiring)

36.     Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

7

37.    Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO employed Defendant Poe to drive the tractor trailer involved in the subject accident.

38.    Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO knew or should have known that the work it hired Defendant Poe to perform involved a risk of physical harm and death to others unless skillfully and carefully performed, and for which Defendants 92 Trucking LLC, Star Leasing Company, and XPO owed a duty to Plaintiff, and other third persons traveling the highways, to skillfully and carefully perform.

39.    Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO knew or should have known that Defendant Poe was a deficient, unqualified, and/or careless truck driver, but nevertheless retained him to drive its vehicles, including the tractor trailer involved in the subject incident.

40.    Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO negligently failed to exercise reasonable care in selecting, hiring and/or retaining Defendant Poe to drive its vehicles, including the tractor trailer involved in the subject accident, and that negligence proximately caused injury to Plaintiff.

41.    As a direct and proximate result of the negligence of Defendant 92 Trucking LLC, Star Leasing Company, and/or XPO in selecting, hiring and/or retaining Defendant Poe, Plaintiff has suffered severe injuries for which she entitled to recover damages.

### Count V
(Joint Venture)

42.    Plaintiffs incorporate, repeat, and reallege each and every allegation contained in the forgoing paragraphs as though fully set forth herein.

8

43.     With respect to all allegations set forth herein, Plaintiff alleges that Defendants 92 Trucking LLC, Star Leasing Company, XPO, and Pierre Poe were associated to carry out a single business enterprise for profit with respect to the operation of the tractor and/or trailer involved in the subject accident, for which they combined their property, money, effects, skill and knowledge, and thereby engaged in a joint venture and/or joint ventures with regard to the same. Consequently, 92 Trucking, LLC, Star Leasing Company, XPO, and Pierre Poe are each derivatively liable for the actions of the other with regard to the ownership and operation of the tractor and/or trailer involved in the subject accident.

## Count VI
### (Punitive Damages)

44.     Plaintiff incorporates, repeats, and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

45.     The acts and conduct of Defendants Poe, 92 Trucking LLC, Star Leasing Company, and XPO reflect an intentional, willful, wanton, malicious, and/or reckless disregard for public safety and civil obligations.

46.     Punitive Damages should be assessed against Defendants Poe, 92 Trucking LLC, Star Leasing Company and XPO in an amount adequate to punish and deter them and others from engaging in similar intentional, willful, wanton, malicious, and/or reckless conduct in the future.

## Statement Regarding Unknown Circumstances

This Complaint reflects Plaintiff's understanding of relevant facts and

9

circumstances as of the time of its filing. As additional information becomes available, it may become necessary and appropriate for Plaintiff to assert additional causes of action and/or join additional defendants in this action.

## **Relief Requested**

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for damages as follows:

1) Medical and hospital bills for diagnostic and preventative treatment and therapies and for treatment of injuries, both past and future;

2) Physical injuries, both temporary and permanent;

3) Severe and significant emotional distress, and mental pain and suffering, both temporary and permanent;

4) Fear, humiliation, and embarrassment, past and future;

5) Annoyance and inconvenience, past and future;

6) Loss of physical health and well being, past and future;

7) Loss of enjoyment of life, past and future;

8) Loss of income and/or earning capacity, past and future;

9) Loss of value of employment benefits, including, but not limited to, loss of value of pension/retirement benefits;

10) Disability;

11) Disfigurement;

12) Compensatory damages;

13) Punitive and exemplary damages;

14) Civil penalties;

15)     Attorney's fees and costs;

16)     Pre- and post-judgment interest;

17)     All statutory, common-law, and equitable relief to which the Plaintiffs may
         be entitled; and

18)     Such other and further relief as justice requires.

## Jury Demand

Plaintiff hereby demands a trial by jury upon all issues raised herein triable by

jury.


                                        Respectfully submitted,

                                        Sara Williamson,

                                        Plaintiff,
                                        By Counsel


/s/ Samuel A. Hrko
Samuel A. Hrko (WV Bar #7727)
**BAILEY GLASSER, LLP**
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110


11



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**  Samuel A. Hrko
shrko@baileyglasser.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following supporting documents was FILED on 7/12/2022 9:43:26 AM

Notice Date:     7/12/2022 9:43:26 AM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

CERTIFIED MAIL

FILED | 7/13/2022 12:50 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine



ZIP 25305  $ 007.16⁷
02 4W
0000377395 JUN 23 202

Office of the Secretary of State
Building 1 Suite 157-K
900 Kanawha Blvd E.
Charleston, WV 25305



Fwd

USPS CERTIFIED MAIL™

9214 8901 1251 3410 0003 5147 81

PIERRE POE
400 NE TIMBERLINE CIRCLE
LEES SUMMIT, MO 64064



808 N7E 1   322C7207/01/22
RETURN TO SENDER
POE
MOVED LEFT NO ADDRESS
UNABLE TO FORWARD
RETURN TO SENDER
BC: 2530



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**  Samuel A. Hrko
shrko@baileyglasser.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following supporting documents was FILED on 7/12/2022 12:50:34 PM

Notice Date:    7/12/2022 12:50:34 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

**COVER SHEET**

E-FILED | 8/4/2022 5:25 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF BERKELEY COUNTY WEST VIRGINIA

**Sara Williamson v. Pierre Poe**

**First Plaintiff:**  ☐ Business  ☑ Individual      **First Defendant:**  ☐ Business  ☑ Individual
  ☐ Government  ☐ Other          ☐ Government  ☐ Other

**Judge:**   Laura Faircloth

## COMPLAINT INFORMATION

**Case Type:**  Civil          **Complaint Type:**  Tort

**Origin:**   ☑ Initial Filing   ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:**   ☑ Yes  ☐ No   **Case will be ready for trial by:** _____

**Mediation Requested:**   ☐ Yes  ☑ No

**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

  ☐ Wheelchair accessible hearing room and other facilities

  ☐ Interpreter or other auxiliary aid for the hearing impaired

  ☐ Reader or other auxiliary aid for the visually impaired

  ☐ Spokesperson or other auxiliary aid for the speech impaired

  ☐ Other: _____

☐ I am proceeding without an attorney

☑ I have an attorney:   Debra Varner, 360 WASHINGTON AVE, CLARKSBURG, WV 26301

## SERVED PARTIES

E-FILED | 8/4/2022 3:25 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

SARA WILLIAMSON,

                  Plaintiff,

v.                                                    Civil Action No. CC-02-2022-C-126
                                                      Judge: Laura Faircloth

PIERRE POE.
92 TRUCKING LLC,
a Tennessee corporation,
STAR LEASING COMPANY, LLC, d/b/a
Star Leasing Company f/k/a
Star Leasing Co., and
XPO LOGISTICS, LLC,

                  Defendants.

# ANSWER OF XPO LOGISTICS, LLC TO PLAINTIFFS' AMENDED COMPLAINT, AND CROSS-CLAIM FOR CONTRACTUAL INDEMNITY AGAINST 92 TRUCKING, LLC

COMES NOW, Defendant XPO Logistics, LLC ("XPO"), by and through the undersigned counsel, and answers the Amended Complaint filed by the Plaintiff in this civil action as follows:

## Preliminary Statement

Because of the nature of the allegations of the Plaintiff's Amended Complaint and the fact that no discovery has been completed to date in this matter as to the Plaintiff's claims, in order to preserve important legal rights and protections, XPO sets forth below certain affirmative defenses which, based upon the information set forth in Plaintiff's Amended Complaint, XPO, or its counsel, believes do or may apply to some or all of the claims raised therein. XPO further reserves the right to withdraw or modify some or all of the affirmative defenses set forth below, in whole or in part, depending upon the nature of the discovery in this matter.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim or cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were proximately caused by persons or entities other than XPO.

### THIRD AFFIRMATIVE DEFENSE

The negligence or fault of a person, firm or corporation other than XPO was either the sole proximate cause of or proximately caused or contributed to the damages allegedly sustained by the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

XPO's alleged negligence, which is denied, did not proximately cause Plaintiff's claimed injuries and damages.

### FIFTH AFFIRMATIVE DEFENSE

XPO was not guilty of any willful, wanton, malicious acts or gross negligence which proximately caused or contributed to the damages allegedly sustained by Plaintiff and the Plaintiff is thereby prohibited from recovering any punitive damages from XPO.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that the Amended Complaint seeks exemplary or punitive damages from XPO, said Amended Complaint violates XPO's rights to due process under the Constitution of the State of West Virginia and, therefore, fails to state a cause of action upon which exemplary or punitive damages can be awarded.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that the Amended Complaint seeks exemplary or punitive damages from XPO, the Amended Complaint violates XPO's right to protection from excessive fines as provided in Article 3, Section 5 of the Constitution of the State of West Virginia, violates XPO's rights to substantive due process as provided in the Constitution of the State of West Virginia, and fails to state a cause of action against XPO supporting exemplary or punitive damages claims.

**EIGHTH AFFIRMATIVE DEFENSE**

The Amended Complaint fails to properly assert the proper threshold requirements for the recovery of punitive damages.

**NINTH AFFIRMATIVE DEFENSE**

The Amended Complaint that seeks exemplary or punitive damages violates XPO's right to equal protection under the law and is otherwise unconstitutional under the Fourteenth Amendment to the United States Constitution and Article III, Section 1, and all other applicable provisions of the Constitution of the State of West Virginia.

**TENTH AFFIRMATIVE DEFENSE**

Any award of punitive damages violates the guarantee of due process found in Article III, Section 10, and all other applicable provisions of the Constitution of the State of West Virginia because of the lack of objective guidelines on which a finder of fact might base its award and, further, that the guidelines which do exist are arbitrary and void for vagueness.

**ELEVENTH AFFIRMATIVE DEFENSE**

XPO denies all allegations in the Amended Complaint to the extent not expressly admitted.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered the damages alleged in the Amended Complaint, such damages were caused by the conduct of persons, firms, and/or corporations other than XPO.  XPO cannot be held liable for the acts and/or omissions of such persons, firms, and/or corporations.

## THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has received, is receiving, is entitled to receive, or subsequently receives or become entitled to receive any recovery, compensation, or benefits from any source in connection with the damages and/or injuries alleged in the Amended Complaint, the amount of damages, if any, recoverable herein, should be diminished by the amount of such recovery, compensation or benefits.

## FOURTEENTH AFFIRMATIVE DEFENSE

XPO does hereby invoke any and all affirmative defenses applicable in the defense of the claims asserted against it in Plaintiff's Amended Complaint as may be relevant or pertinent and justified and established by the facts and circumstances thereof.  Such affirmative defenses are as contemplated and/or set forth in Rule 8 of the West Virginia Rules of Civil Procedure.  These affirmative defenses include, but are not limited to the doctrines of laches, waiver, estoppel, and failure to join an indispensable party, pursuant to Rule 19 of the West Virginia Rules of Civil Procedure.  XPO reserves unto itself these defenses insomuch as discovery may develop facts supporting the same.  While not currently asserted herein, XPO reserves unto itself any other defense that may be available through the common law or statutory law, if supported by factual development during discovery including, but not limited to, the defense of comparative negligence.

## FIFTEENTH AFFIRMATIVE DEFENSE

Due to the allegations raised against it in Plaintiff's Amended Complaint, XPO raises, so to not waive, all constitutionally protected rights against self-incrimination.  By submitting this Answer to Plaintiff's Amended Complaint, XPO does not waive, implicitly or expressly its right against self-incrimination.

## SIXTEENTH AFFIRMATIVE DEFENSE

XPO asserts that punitive damages are a damage element and not a separate cause of action as asserted in Plaintiff's Amended Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

## Preface

1.      Paragraph 1 of the Amended Complaint is a statement of the accident and does not contain allegations against XPO, thus no response is required by XPO.  To the extent that any response is required to the allegations asserted in paragraph 1 of Plaintiff's Amended Complaint, XPO denies those allegations and XPO demands strict proof thereof.

2.      Paragraph 2 of the Amended Complaint is a statement of the accident and does not contain allegations against XPO, thus no response is required by XPO.  To the extent that any response is required to the allegations asserted in paragraph 2 of Plaintiff's Amended Complaint, XPO denies those allegations and XPO demands strict proof thereof.

## The Parties

3.      Based on its understanding of the assertion contained in paragraph 3 of Plaintiff's Amended Complaint, it is not addressed to XPO and therefore no response is required. To the

extent that any response is required to the allegations asserted in paragraph 3 of Plaintiff's Amended Complaint, XPO denies those allegations and XPO demands strict proof thereof.

4.      Upon information and belief, XPO admits that Pierre Poe is a resident of Missouri. XPO denies the remaining allegations contained within paragraph 4 of the Amended Complaint to the extent that the allegations are directed at XPO and XPO demands strict proof thereof.  To the extent that the allegations in paragraph 4 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO.

5.      Based on its understanding of the assertion contained in paragraph 5 of Plaintiff's Amended Complaint, it is not addressed to XPO and therefore no response is required. XPO denies the remaining allegations contained within paragraph 5 of the Amended Complaint to the extent that the allegations are directed at XPO and XPO demands strict proof thereof.

6.      Based on its understanding of the assertion contained in paragraph 6 of Plaintiff's Amended Complaint, it is not addressed to XPO and therefore no response is required. XPO denies the remaining allegations contained within paragraph 6 of the Amended Complaint to the extent that the allegations are directed at XPO and XPO demands strict proof thereof.

7.      XPO admits the assertions contained in paragraph 7 of Plaintiff's Amended Complaint.

**<u>Jurisdiction and Venue</u>**

8.      Paragraph 8 of Plaintiff's Amended Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 8 requires a response, XPO denies the allegations and demands strict proof thereof.

9. Paragraph 9 of Plaintiff's Amended Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 9 requires a response, XPO denies the same and demands strict proof thereof.

**Allegations Common to All Counts**

10. In response to paragraph 10 of Plaintiff's Amended Complaint, XPO admits, upon information and belief, that Plaintiff Sara Williamson ("Plaintiff") and Tyler Wilkerson were driving on Interstate 81 in Falling Waters on June 19, 2020. XPO is without sufficient information to respond to the remaining allegations contained in paragraph 10 of Plaintiff's Amended Complaint and therefore denies the same; XPO demands strict proof thereof.

11. In response to paragraph 11 of Plaintiff's Amended Complaint, XPO admits, upon information and belief, that Tyler Wilkerson was driving on Interstate 81. XPO is without sufficient information to respond to the remaining allegations contained in paragraph 11 of Plaintiff's Amended Complaint and therefore denies the same; XPO demands strict proof thereof.

12. In response to paragraph 12 of Plaintiff's Amended Complaint, XPO admits that the trailer was owned by Star Leasing Company and leased to XPO. XPO is without sufficient information to respond to the remaining allegations contained in paragraph 12 of Plaintiff's Amended Complaint and therefore denies the same to the extent they can be interpreted to assert a claim or allegation against XPO; XPO demands strict proof thereof.

13. Paragraph 13 of Plaintiff's Amended Complaint contains a legal conclusion to which no response is required. To the extent that paragraph 13 requires a response, XPO denies the same and demands strict proof thereof.

14.     Paragraph 14 of the Plaintiff's Amended Complaint contains legal conclusions to which no responses are required.  To the extent that paragraph 14 requires a response, XPO denies the allegations and demands strict proof thereof.

15.     Paragraph 15 of the Plaintiff's Amended Complaint and its subparts contain legal conclusions to which no responses are required.  To the extent that paragraph 15 of Plaintiff's Amended Complaint, including all related subparts, requires a response, XPO denies the allegations and demands strict proof thereof.

16.     Paragraph 16 of the Plaintiff's Amended Complaint contains a legal conclusion to which no response is required.  To the extent that paragraph 16 requires a response, XPO denies the allegations and demands strict proof thereof.

17.     Paragraph 17 of the Plaintiff's Amended Complaint contains a legal conclusion to which no response is required.  To the extent that paragraph 17 requires a response, XPO denies the allegations and demands strict proof thereof.

### Claims for Relief – Count I – Negligence

18.     XPO reincorporates each and every response contained in the previous paragraphs as if reprinted herein.

19.     To the extent that the allegations in paragraph 19 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. To the extent that the allegations in paragraph 19 of Plaintiff's Amended Complaint can be read to assert or allege a claim against XPO, they are denied and XPO demands strict proof thereof.

20.     To the extent that the allegations in paragraph 20 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. To the extent that the allegations

in paragraph 20 of Plaintiff's Amended Complaint can be read to assert or allege a claim against XPO, they are denied and XPO demands strict proof thereof.

21.     To the extent that the allegations in paragraph 21 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. To the extent that the allegations in paragraph 21 of Plaintiff's Amended Complaint can be read to assert or allege a claim against XPO, they are denied and XPO demands strict proof thereof.

22.     To the extent that the allegations in paragraph 22 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. To the extent that the allegations in paragraph 22 of Plaintiff's Amended Complaint can be read to assert or allege a claim against XPO, they are denied and XPO demands strict proof thereof.

23.     Paragraph 23 of the Plaintiff's Amended Complaint contains legal conclusions to which no response is required.  To the extent that the allegations in paragraph 23 require a response, they are denied and XPO demands strict proof thereof.

24.     Paragraph 24 of the Plaintiff's Amended Complaint contains legal conclusions to which no response is required.  To the extent that the allegations in paragraph 24 require a response, they are denied and XPO demands strict proof thereof.

25.     Paragraph 25 of the Plaintiff's Amended Complaint contains legal conclusions to which no response is required.  To the extent that the allegations in paragraph 25 require a response, they are denied and XPO demands strict proof thereof.

## Count II– Violation of Statute

26.     XPO reincorporates each and every response contained in the previous paragraphs as if reprinted herein.

27.     Paragraph 27 of Plaintiff's Amended Complaint constitutes a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 27 require a response, they are denied and XPO  demands strict proof thereof.

28.     Paragraph 28 of Plaintiff's Amended Complaint constitutes a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 28 require a response, they are denied and XPO demands strict proof thereof.

29.     Paragraph 29 of Plaintiff's Amended Complaint constitutes a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 29 require a response, they are denied and XPO demands strict proof thereof.

30.     Paragraph 30 of Plaintiff's Amended Complaint constitutes a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 30 require a response, they are denied and XPO demands strict proof thereof.

31.     Paragraph 31 of the Plaintiff's Amended Complaint contains a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 31 require a response, they are denied and XPO demands strict proof thereof.

### Count III – Negligent Entrustment

32.     XPO reincorporates each and every response contained in the previous paragraphs as if reprinted herein.

33.     To the extent that the allegations in paragraph 33 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. The allegations against XPO in paragraph 33 of Plaintiff's Amended Complaint are denied and XPO demands strict proof thereof.

34.     To the extent that the allegations in paragraph 34 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. The allegations against XPO in paragraph 34 of Plaintiff's Amended Complaint are denied and XPO demands strict proof thereof.

35.     To the extent that the allegations in paragraph 35 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. The allegations against XPO in paragraph 35 of Plaintiff's Amended Complaint are denied and XPO demands strict proof thereof.

## **Count IV – Negligent Hiring**

36.     XPO reincorporates each and every response contained in the previous paragraphs as if reprinted herein.

37.     To the extent that the allegations in paragraph 37 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. The allegations against XPO in paragraph 37 of Plaintiff's Amended Complaint are denied and XPO demands strict proof thereof.

38.     To the extent that the allegations in paragraph 38 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. The allegations against XPO in paragraph 38 of Plaintiff's Amended Complaint are denied and XPO demands strict proof thereof.

39.     To the extent that the allegations in paragraph 39 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. The allegations against XPO in paragraph 39 of Plaintiff's Amended Complaint are denied and XPO demands strict proof thereof.

40.     To the extent that the allegations in paragraph 40 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. The allegations against XPO in paragraph 40 of Plaintiff's Amended Complaint are denied and XPO demands strict proof thereof.

41.     To the extent that the allegations in paragraph 41 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. The allegations

against XPO in paragraph 41 of Plaintiff's Amended Complaint are denied and XPO demands strict proof thereof.

## Count V – Joint Venture

42.     XPO reincorporates each and every response contained in the previous paragraphs as if reprinted herein.

43.     Paragraph 43 of the Plaintiff's Amended Complaint contains legal conclusions to which no response is required.  To the extent that paragraph 43 of Plaintiff's Amended Complaint is intended to assert or allege a claim against XPO, such assertions and allegations are denied and XPO demands strict proof thereof.

## Count VI –  Punitive Damages

44.     XPO reincorporates each and every response contained in the previous paragraphs as if reprinted herein.

45.     Paragraph 45 of the Plaintiff's Amended Complaint contains a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 45 of Plaintiff's Amended Complaint require a response, the allegations are denied and XPO demands strict proof thereof.

46.     Paragraph 46 of the Plaintiff's Amended Complaint contains a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 46 of Plaintiff's Amended Complaint require a response, the allegations are denied and XPO demands strict proof thereof.

## Statement Regarding Unknown Circumstances

To the extent that Plaintiff asserts additional allegations or causes of action, XPO reserves the right to respond thereto.

## <u>Relief Requested</u>

XPO denies that the Plaintiff is entitled to the relief requested.

WHEREFORE, XPO respectfully requests that this Court dismiss this civil action with prejudice against XPO, and further requests such other relief as this Court deems appropriate.

**XPO Logistics, LLC Demands a Trial by Jury.**

\* \* \*

## CROSS-CLAIM FOR CONTRACTUAL INDEMNITY<br>AGAINST 92 TRUCKING, LLC

COMES NOW the Defendant, XPO Logistics, LLC ("XPO"), pursuant to Rule 14 of the West Virginia Rules of Civil Procedure, and asserts the following claim for express contractual indemnity against Defendant 92 Trucking, LLC.

1.      XPO incorporates all of its affirmative defenses and responses to the allegations in Plaintiff's Amended Complaint above, as if restated verbatim herein.

2.      XPO has denied liability or wrongdoing with respect to the allegations asserted by Plaintiff in this civil action.

3.      At all relevant times, XPO was a property broker that arranged transportation under its contracts with its customers.

4.      At all relevant times, XPO engaged 92 Trucking, LLC to provide transportation.

5.      XPO entered into a Motor Carrier Transportation Agreement with 92 Trucking LLC (the "Agreement").

6.      Subject to the Agreement, 92 Trucking LLC is required to defend and indemnify XPO regarding losses associated with the accident at issue.

7.      92 Trucking, LLC has failed to defend and indemnify XPO.

8.      Pursuant to the Motor Carrier Transportation Agreement, 92 Trucking, LLC is obligated to defend, hold harmless, and indemnify XPO against, inter alia, any claims, causes of action and/or damages that may arise out of (including death), personal injury and property damage caused by, arising out of transportation services provided Carrier or those performing services on Carrier's behalf.  92 Trucking LLC's indemnification obligation to XPO applies to this litigation and all claims the Plaintiff is asserting against XPO in this case.

9.      Specifically, Paragraph 10 of the Agreement provides, *inter alia*, as follows:

10.0   INDEMNITY

10.1 CARRIER's Indemnification Obligations. CARRIER shall be liable for, and shall defend, indemnify and hold harmless BROKER, its Customer, its shipper, consignee or owner of property, and all officers, members, directors, employees, stockholders, partners, affiliates and agents thereof (collectively the Indemnified Parties as intended third party beneficiaries) from and against, all claims, demands, costs, damages (including special, indirect or consequential damages), losses, liabilities (including reasonable attorneys', accountants', and experts' fees and disbursements and other costs of defense, investigation and settlement, costs of containment, cleanup and remediation of spills, releases or other environmental contamination, and costs of enforcement of indemnity obligations), judgments, penalties, fines and other amounts (collectively Claims) relating to or arising out of: (a) injury to persons (including injury resulting in death) and damage to property arising out of or in connection with the transportation services performed by CARRIER hereunder, or by any third parties or CARRIER Representatives performing services directly or indirectly on CARRIER's behalf hereunder, (b) CARRIER's performance or non-performance of any of its obligations under this Agreement, including without limitation any acts or omissions related to the loading, unloading, handling, transportation, possession or custody of cargo shipped hereunder, (c) CARRIER's breach of this Agreement or any warranty or representation herein, (d) negligence or misconduct of CARRIER or any CARRIER Representative, (e) any claim (including by governmental authorities) that CARRIER or any CARRIER Representative is an employee of BROKER, or (f) breach by CARRIER or any CARRIER Representative of Applicable Law. CARRIER shall not be obligated to indemnify an Indemnified Party to the limited extent

14

that the Claim directly results from the negligence or willful misconduct of such Indemnified Party.

10.     92 Trucking LLC's failure to defend and indemnify XPO as to the claims asserted by Plaintiff in this action is a material breach of the Agreement.

11.     As a direct and proximate result of 92 Trucking LLC's material breaches of the Agreement, XPO has been damaged in a foreseeable way, and will continue to be damaged, all in a principal amount to be determined, plus interest thereon at the highest rate allowed by law.

12.     92 Trucking LLC's indemnity obligations under the Agreement require 92 Trucking, LLC to pay XPO's reasonable attorneys' fees and expert fees.

13.     XPO is entitled to contractual indemnity from 92 Trucking, LLC with respect to any settlement or judgment entered into or obtained against XPO in relation to this litigation, as well as with respect to all of its defense costs, including, but not limited to, attorneys' fees and expert witness fees.

WHEREFORE, XPO asserts its right to seek entry of judgment that confirms 92 Trucking LLC's breaches of its express contractual duties to defend and indemnify XPO against any and all damages awards in the Plaintiff's favor, if any, any potential settlement, and all defense costs incurred by XPO in connection with this litigation. XPO requests such other and further relief as this Court deems appropriate.

Dated the 4th day of August, 2022.          **Defendant, XPO LOGISTICS, LLC, By Counsel**:

_/s/ Debra Tedeschi Varner_

Debra Tedeschi Varner (WV State Bar #6501)
James A. Varner, Sr. (WV State Bar #3853)

Varner & Van Volkenburg, PLLC
360 Washington Avenue
Clarksburg, WV 26301
Tel: (304) 918-2840 / Fax: (304) 362-0124

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

SARA WILLIAMSON,

              Plaintiff,

v.                                                     Civil Action No. CC-02-2022-C-126
                                                   Judge: Laura Faircloth

PIERRE POE.
92 TRUCKING LLC,
a Tennessee corporation,
STAR LEASING COMPANY, LLC, d/b/a
Star Leasing Company f/k/a
Star Leasing Co., and
XPO LOGISTICS, LLC,

              Defendants.

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 4th day of August, 2022, I served the foregoing ***ANSWER OF***

***XPO LOGISTICS, LLC TO PLAINTIFFS' AMENDED COMPLAINT, AND CROSS-CLAIM***

***FOR CONTRACTUAL INDEMNITY AGAINST 92 TRUCKING, LLC*** upon all counsel of

record by electronic filing via the WV E-File system, and/or facsimile and/or by depositing a true

copy thereof in the United States Mail, postage prepaid, in an envelope addressed as follows:

Samuel A. Hrko, Esquire
Bailey Glasser, LLP
209 Capitol Street
Charleston, WV 25301
***Fax (304) 342-1110***
*Counsel for Plaintiff*

*/s/ Debra Tedeschi Varner*

E-FILED | 8/4/2022 3:25 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

SARA WILLIAMSON,

                   Plaintiff,

v.

PIERRE POE.
92 TRUCKING LLC,
a Tennessee corporation,
STAR LEASING COMPANY, LLC, d/b/a
Star Leasing Company f/k/a
Star Leasing Co., and
XPO LOGISTICS, LLC,

                 Defendants.

Civil Action No. CC-02-2022-C-126
Judge: Laura Faircloth

## ANSWER OF XPO LOGISTICS, LLC TO PLAINTIFFS' AMENDED COMPLAINT, AND CROSS-CLAIM FOR CONTRACTUAL INDEMNITY AGAINST 92 TRUCKING, LLC

COMES NOW, Defendant XPO Logistics, LLC ("XPO"), by and through the undersigned counsel, and answers the Amended Complaint filed by the Plaintiff in this civil action as follows:

### Preliminary Statement

Because of the nature of the allegations of the Plaintiff's Amended Complaint and the fact that no discovery has been completed to date in this matter as to the Plaintiff's claims, in order to preserve important legal rights and protections, XPO sets forth below certain affirmative defenses which, based upon the information set forth in Plaintiff's Amended Complaint, XPO, or its counsel, believes do or may apply to some or all of the claims raised therein. XPO further reserves the right to withdraw or modify some or all of the affirmative defenses set forth below, in whole or in part, depending upon the nature of the discovery in this matter.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim or cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were proximately caused by persons or entities other than XPO.

### THIRD AFFIRMATIVE DEFENSE

The negligence or fault of a person, firm or corporation other than XPO was either the sole proximate cause of or proximately caused or contributed to the damages allegedly sustained by the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

XPO's alleged negligence, which is denied, did not proximately cause Plaintiff's claimed injuries and damages.

### FIFTH AFFIRMATIVE DEFENSE

XPO was not guilty of any willful, wanton, malicious acts or gross negligence which proximately caused or contributed to the damages allegedly sustained by Plaintiff and the Plaintiff is thereby prohibited from recovering any punitive damages from XPO.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that the Amended Complaint seeks exemplary or punitive damages from XPO, said Amended Complaint violates XPO's rights to due process under the Constitution of the State of West Virginia and, therefore, fails to state a cause of action upon which exemplary or punitive damages can be awarded.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that the Amended Complaint seeks exemplary or punitive damages from XPO, the Amended Complaint violates XPO's right to protection from excessive fines as provided in Article 3, Section 5 of the Constitution of the State of West Virginia, violates XPO's rights to substantive due process as provided in the Constitution of the State of West Virginia, and fails to state a cause of action against XPO supporting exemplary or punitive damages claims.

**EIGHTH AFFIRMATIVE DEFENSE**

The Amended Complaint fails to properly assert the proper threshold requirements for the recovery of punitive damages.

**NINTH AFFIRMATIVE DEFENSE**

The Amended Complaint that seeks exemplary or punitive damages violates XPO's right to equal protection under the law and is otherwise unconstitutional under the Fourteenth Amendment to the United States Constitution and Article III, Section 1, and all other applicable provisions of the Constitution of the State of West Virginia.

**TENTH AFFIRMATIVE DEFENSE**

Any award of punitive damages violates the guarantee of due process found in Article III, Section 10, and all other applicable provisions of the Constitution of the State of West Virginia because of the lack of objective guidelines on which a finder of fact might base its award and, further, that the guidelines which do exist are arbitrary and void for vagueness.

**ELEVENTH AFFIRMATIVE DEFENSE**

XPO denies all allegations in the Amended Complaint to the extent not expressly admitted.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered the damages alleged in the Amended Complaint, such damages were caused by the conduct of persons, firms, and/or corporations other than XPO.  XPO cannot be held liable for the acts and/or omissions of such persons, firms, and/or corporations.

## THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has received, is receiving, is entitled to receive, or subsequently receives or become entitled to receive any recovery, compensation, or benefits from any source in connection with the damages and/or injuries alleged in the Amended Complaint, the amount of damages, if any, recoverable herein, should be diminished by the amount of such recovery, compensation or benefits.

## FOURTEENTH AFFIRMATIVE DEFENSE

XPO does hereby invoke any and all affirmative defenses applicable in the defense of the claims asserted against it in Plaintiff's Amended Complaint as may be relevant or pertinent and justified and established by the facts and circumstances thereof.  Such affirmative defenses are as contemplated and/or set forth in Rule 8 of the West Virginia Rules of Civil Procedure.  These affirmative defenses include, but are not limited to the doctrines of laches, waiver, estoppel, and failure to join an indispensable party, pursuant to Rule 19 of the West Virginia Rules of Civil Procedure.  XPO reserves unto itself these defenses insomuch as discovery may develop facts supporting the same.  While not currently asserted herein, XPO reserves unto itself any other defense that may be available through the common law or statutory law, if supported by factual development during discovery including, but not limited to, the defense of comparative negligence.

## FIFTEENTH AFFIRMATIVE DEFENSE

Due to the allegations raised against it in Plaintiff's Amended Complaint, XPO raises, so to not waive, all constitutionally protected rights against self-incrimination.  By submitting this Answer to Plaintiff's Amended Complaint, XPO does not waive, implicitly or expressly its right against self-incrimination.

## SIXTEENTH AFFIRMATIVE DEFENSE

XPO asserts that punitive damages are a damage element and not a separate cause of action as asserted in Plaintiff's Amended Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

## Preface

1.      Paragraph 1 of the Amended Complaint is a statement of the accident and does not contain allegations against XPO, thus no response is required by XPO.  To the extent that any response is required to the allegations asserted in paragraph 1 of Plaintiff's Amended Complaint, XPO denies those allegations and XPO demands strict proof thereof.

2.      Paragraph 2 of the Amended Complaint is a statement of the accident and does not contain allegations against XPO, thus no response is required by XPO.  To the extent that any response is required to the allegations asserted in paragraph 2 of Plaintiff's Amended Complaint, XPO denies those allegations and XPO demands strict proof thereof.

## The Parties

3.      Based on its understanding of the assertion contained in paragraph 3 of Plaintiff's Amended Complaint, it is not addressed to XPO and therefore no response is required. To the

extent that any response is required to the allegations asserted in paragraph 3 of Plaintiff's Amended Complaint, XPO denies those allegations and XPO demands strict proof thereof.

4.      Upon information and belief, XPO admits that Pierre Poe is a resident of Missouri. XPO denies the remaining allegations contained within paragraph 4 of the Amended Complaint to the extent that the allegations are directed at XPO and XPO demands strict proof thereof.  To the extent that the allegations in paragraph 4 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO.

5.      Based on its understanding of the assertion contained in paragraph 5 of Plaintiff's Amended Complaint, it is not addressed to XPO and therefore no response is required. XPO denies the remaining allegations contained within paragraph 5 of the Amended Complaint to the extent that the allegations are directed at XPO and XPO demands strict proof thereof.

6.      Based on its understanding of the assertion contained in paragraph 6 of Plaintiff's Amended Complaint, it is not addressed to XPO and therefore no response is required. XPO denies the remaining allegations contained within paragraph 6 of the Amended Complaint to the extent that the allegations are directed at XPO and XPO demands strict proof thereof.

7.      XPO admits the assertions contained in paragraph 7 of Plaintiff's Amended Complaint.

## **Jurisdiction and Venue**

8.      Paragraph 8 of Plaintiff's Amended Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 8 requires a response, XPO denies the allegations and demands strict proof thereof.

9.      Paragraph 9 of Plaintiff's Amended Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 9 requires a response, XPO denies the same and demands strict proof thereof.

### Allegations Common to All Counts

10.     In response to paragraph 10 of Plaintiff's Amended Complaint, XPO admits, upon information and belief, that Plaintiff Sara Williamson ("Plaintiff") and Tyler Wilkerson were driving on Interstate 81 in Falling Waters on June 19, 2020. XPO is without sufficient information to respond to the remaining allegations contained in paragraph 10 of Plaintiff's Amended Complaint and therefore denies the same; XPO demands strict proof thereof.

11.     In response to paragraph 11 of Plaintiff's Amended Complaint, XPO admits, upon information and belief, that Tyler Wilkerson was driving on Interstate 81. XPO is without sufficient information to respond to the remaining allegations contained in paragraph 11 of Plaintiff's Amended Complaint and therefore denies the same; XPO demands strict proof thereof.

12.     In response to paragraph 12 of Plaintiff's Amended Complaint, XPO admits that the trailer was owned by Star Leasing Company and leased to XPO. XPO is without sufficient information to respond to the remaining allegations contained in paragraph 12 of Plaintiff's Amended Complaint and therefore denies the same to the extent they can be interpreted to assert a claim or allegation against XPO; XPO demands strict proof thereof.

13.     Paragraph 13 of Plaintiff's Amended Complaint contains a legal conclusion to which no response is required.  To the extent that paragraph 13 requires a response, XPO denies the same and demands strict proof thereof.

14.     Paragraph 14 of the Plaintiff's Amended Complaint contains legal conclusions to which no responses are required.  To the extent that paragraph 14 requires a response, XPO denies the allegations and demands strict proof thereof.

15.     Paragraph 15 of the Plaintiff's Amended Complaint and its subparts contain legal conclusions to which no responses are required.  To the extent that paragraph 15 of Plaintiff's Amended Complaint, including all related subparts, requires a response, XPO denies the allegations and demands strict proof thereof.

16.     Paragraph 16 of the Plaintiff's Amended Complaint contains a legal conclusion to which no response is required.  To the extent that paragraph 16 requires a response, XPO denies the allegations and demands strict proof thereof.

17.     Paragraph 17 of the Plaintiff's Amended Complaint contains a legal conclusion to which no response is required.  To the extent that paragraph 17 requires a response, XPO denies the allegations and demands strict proof thereof.

### Claims for Relief – Count I – Negligence

18.     XPO reincorporates each and every response contained in the previous paragraphs as if reprinted herein.

19.     To the extent that the allegations in paragraph 19 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. To the extent that the allegations in paragraph 19 of Plaintiff's Amended Complaint can be read to assert or allege a claim against XPO, they are denied and XPO demands strict proof thereof.

20.     To the extent that the allegations in paragraph 20 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. To the extent that the allegations

in paragraph 20 of Plaintiff's Amended Complaint can be read to assert or allege a claim against XPO, they are denied and XPO demands strict proof thereof.

21. To the extent that the allegations in paragraph 21 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. To the extent that the allegations in paragraph 21 of Plaintiff's Amended Complaint can be read to assert or allege a claim against XPO, they are denied and XPO demands strict proof thereof.

22. To the extent that the allegations in paragraph 22 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. To the extent that the allegations in paragraph 22 of Plaintiff's Amended Complaint can be read to assert or allege a claim against XPO, they are denied and XPO demands strict proof thereof.

23. Paragraph 23 of the Plaintiff's Amended Complaint contains legal conclusions to which no response is required.  To the extent that the allegations in paragraph 23 require a response, they are denied and XPO demands strict proof thereof.

24. Paragraph 24 of the Plaintiff's Amended Complaint contains legal conclusions to which no response is required.  To the extent that the allegations in paragraph 24 require a response, they are denied and XPO demands strict proof thereof.

25. Paragraph 25 of the Plaintiff's Amended Complaint contains legal conclusions to which no response is required.  To the extent that the allegations in paragraph 25 require a response, they are denied and XPO demands strict proof thereof.

## **Count II– Violation of Statute**

26. XPO reincorporates each and every response contained in the previous paragraphs as if reprinted herein.

27.     Paragraph 27 of Plaintiff's Amended Complaint constitutes a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 27 require a response, they are denied and XPO  demands strict proof thereof.

28.     Paragraph 28 of Plaintiff's Amended Complaint constitutes a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 28 require a response, they are denied and XPO demands strict proof thereof.

29.     Paragraph 29 of Plaintiff's Amended Complaint constitutes a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 29 require a response, they are denied and XPO demands strict proof thereof.

30.     Paragraph 30 of Plaintiff's Amended Complaint constitutes a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 30 require a response, they are denied and XPO demands strict proof thereof.

31.     Paragraph 31 of the Plaintiff's Amended Complaint contains a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 31 require a response, they are denied and XPO demands strict proof thereof.

## Count III – Negligent Entrustment

32.     XPO reincorporates each and every response contained in the previous paragraphs as if reprinted herein.

33.     To the extent that the allegations in paragraph 33 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. The allegations against XPO in paragraph 33 of Plaintiff's Amended Complaint are denied and XPO demands strict proof thereof.

34.     To the extent that the allegations in paragraph 34 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. The allegations against XPO in paragraph 34 of Plaintiff's Amended Complaint are denied and XPO demands strict proof thereof.

35.     To the extent that the allegations in paragraph 35 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. The allegations against XPO in paragraph 35 of Plaintiff's Amended Complaint are denied and XPO demands strict proof thereof.

## Count IV – Negligent Hiring

36.     XPO reincorporates each and every response contained in the previous paragraphs as if reprinted herein.

37.     To the extent that the allegations in paragraph 37 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. The allegations against XPO in paragraph 37 of Plaintiff's Amended Complaint are denied and XPO demands strict proof thereof.

38.     To the extent that the allegations in paragraph 38 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. The allegations against XPO in paragraph 38 of Plaintiff's Amended Complaint are denied and XPO demands strict proof thereof.

39.     To the extent that the allegations in paragraph 39 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. The allegations against XPO in paragraph 39 of Plaintiff's Amended Complaint are denied and XPO demands strict proof thereof.

40.     To the extent that the allegations in paragraph 40 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. The allegations against XPO in paragraph 40 of Plaintiff's Amended Complaint are denied and XPO demands strict proof thereof.

41.     To the extent that the allegations in paragraph 41 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by XPO. The allegations

against XPO in paragraph 41 of Plaintiff's Amended Complaint are denied and XPO demands strict proof thereof.

## Count V – Joint Venture

42.    XPO reincorporates each and every response contained in the previous paragraphs as if reprinted herein.

43.    Paragraph 43 of the Plaintiff's Amended Complaint contains legal conclusions to which no response is required.  To the extent that paragraph 43 of Plaintiff's Amended Complaint is intended to assert or allege a claim against XPO, such assertions and allegations are denied and XPO demands strict proof thereof.

## Count VI –  Punitive Damages

44.    XPO reincorporates each and every response contained in the previous paragraphs as if reprinted herein.

45.    Paragraph 45 of the Plaintiff's Amended Complaint contains a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 45 of Plaintiff's Amended Complaint require a response, the allegations are denied and XPO demands strict proof thereof.

46.    Paragraph 46 of the Plaintiff's Amended Complaint contains a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 46 of Plaintiff's Amended Complaint require a response, the allegations are denied and XPO demands strict proof thereof.

## Statement Regarding Unknown Circumstances

To the extent that Plaintiff asserts additional allegations or causes of action, XPO reserves the right to respond thereto.

## Relief Requested

XPO denies that the Plaintiff is entitled to the relief requested.

WHEREFORE, XPO respectfully requests that this Court dismiss this civil action with prejudice against XPO, and further requests such other relief as this Court deems appropriate.

**XPO Logistics, LLC Demands a Trial by Jury.**

\* \* \*

## CROSS-CLAIM FOR CONTRACTUAL INDEMNITY AGAINST 92 TRUCKING, LLC

COMES NOW the Defendant, XPO Logistics, LLC ("XPO"), pursuant to Rule 14 of the West Virginia Rules of Civil Procedure, and asserts the following claim for express contractual indemnity against Defendant 92 Trucking, LLC.

1.      XPO incorporates all of its affirmative defenses and responses to the allegations in Plaintiff's Amended Complaint above, as if restated verbatim herein.

2.      XPO has denied liability or wrongdoing with respect to the allegations asserted by Plaintiff in this civil action.

3.      At all relevant times, XPO was a property broker that arranged transportation under its contracts with its customers.

4.      At all relevant times, XPO engaged 92 Trucking, LLC to provide transportation.

5.      XPO entered into a Motor Carrier Transportation Agreement with 92 Trucking LLC (the "Agreement").

6.      Subject to the Agreement, 92 Trucking LLC is required to defend and indemnify XPO regarding losses associated with the accident at issue.

7.      92 Trucking, LLC has failed to defend and indemnify XPO.

13

8.     Pursuant to the Motor Carrier Transportation Agreement, 92 Trucking, LLC is obligated to defend, hold harmless, and indemnify XPO against, inter alia, any claims, causes of action and/or damages that may arise out of (including death), personal injury and property damage caused by, arising out of transportation services provided Carrier or those performing services on Carrier's behalf.  92 Trucking LLC's indemnification obligation to XPO applies to this litigation and all claims the Plaintiff is asserting against XPO in this case.

9.     Specifically, Paragraph 10 of the Agreement provides, *inter alia*, as follows:

10.0   INDEMNITY

10.1 CARRIER's Indemnification Obligations. CARRIER shall be liable for, and shall defend, indemnify and hold harmless BROKER, its Customer, its shipper, consignee or owner of property, and all officers, members, directors, employees, stockholders, partners, affiliates and agents thereof (collectively the Indemnified Parties as intended third party beneficiaries) from and against, all claims, demands, costs, damages (including special, indirect or consequential damages), losses, liabilities (including reasonable attorneys', accountants', and experts' fees and disbursements and other costs of defense, investigation and settlement, costs of containment, cleanup and remediation of spills, releases or other environmental contamination, and costs of enforcement of indemnity obligations), judgments, penalties, fines and other amounts (collectively Claims) relating to or arising out of: (a) injury to persons (including injury resulting in death) and damage to property arising out of or in connection with the transportation services performed by CARRIER hereunder, or by any third parties or CARRIER Representatives performing services directly or indirectly on CARRIER's behalf hereunder, (b) CARRIER's performance or non-performance of any of its obligations under this Agreement, including without limitation any acts or omissions related to the loading, unloading, handling, transportation, possession or custody of cargo shipped hereunder, (c) CARRIER's breach of this Agreement or any warranty or representation herein, (d) negligence or misconduct of CARRIER or any CARRIER Representative, (e) any claim (including by governmental authorities) that CARRIER or any CARRIER Representative is an employee of BROKER, or (f) breach by CARRIER or any CARRIER Representative of Applicable Law. CARRIER shall not be obligated to indemnify an Indemnified Party to the limited extent

that the Claim directly results from the negligence or willful misconduct of such Indemnified Party.

10.     92 Trucking LLC's failure to defend and indemnify XPO as to the claims asserted by Plaintiff in this action is a material breach of the Agreement.

11.     As a direct and proximate result of 92 Trucking LLC's material breaches of the Agreement, XPO has been damaged in a foreseeable way, and will continue to be damaged, all in a principal amount to be determined, plus interest thereon at the highest rate allowed by law.

12.     92 Trucking LLC's indemnity obligations under the Agreement require 92 Trucking, LLC to pay XPO's reasonable attorneys' fees and expert fees.

13.     XPO is entitled to contractual indemnity from 92 Trucking, LLC with respect to any settlement or judgment entered into or obtained against XPO in relation to this litigation, as well as with respect to all of its defense costs, including, but not limited to, attorneys' fees and expert witness fees.

WHEREFORE, XPO asserts its right to seek entry of judgment that confirms 92 Trucking LLC's breaches of its express contractual duties to defend and indemnify XPO against any and all damages awards in the Plaintiff's favor, if any, any potential settlement, and all defense costs incurred by XPO in connection with this litigation. XPO requests such other and further relief as this Court deems appropriate.

Dated the 4th day of August, 2022.          **Defendant, XPO LOGISTICS, LLC, By Counsel**:

_/s/ Debra Tedeschi Varner_

Debra Tedeschi Varner (WV State Bar #6501)
James A. Varner, Sr. (WV State Bar #3853)

Varner & Van Volkenburg, PLLC
360 Washington Avenue
Clarksburg, WV 26301
Tel: (304) 918-2840 / Fax: (304) 362-0124

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

SARA WILLIAMSON,

          Plaintiff,

v.                                 Civil Action No. CC-02-2022-C-126
                                 Judge: Laura Faircloth

PIERRE POE.
92 TRUCKING LLC,
a Tennessee corporation,
STAR LEASING COMPANY, LLC, d/b/a
Star Leasing Company f/k/a
Star Leasing Co., and
XPO LOGISTICS, LLC,

          Defendants.

## **<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on the 4th day of August, 2022, I served the foregoing ***ANSWER OF***

***XPO LOGISTICS, LLC TO PLAINTIFFS' AMENDED COMPLAINT, AND CROSS-CLAIM***

***FOR CONTRACTUAL INDEMNITY AGAINST 92 TRUCKING, LLC*** upon all counsel of

record by electronic filing via the WV E-File system, and/or facsimile and/or by depositing a true

copy thereof in the United States Mail, postage prepaid, in an envelope addressed as follows:

Samuel A. Hrko, Esquire
Bailey Glasser, LLP
209 Capitol Street
Charleston, WV 25301
***Fax (304) 342-1110***
*Counsel for Plaintiff*

*/s/ Debra Tedeschi Varner*



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**  Debra Varner
dtvarner@vv-wvlaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

Sara Williamson v. Pierre Poe

CC-02-2022-C-126

The following answer was FILED on 8/4/2022 5:25:48 PM

Notice Date:     8/4/2022 5:25:48 PM

Virginia Sine

CLERK OF THE CIRCUIT COURT

Berkeley County

380 W South Street

MARTINSBURG, WV 25401

(304) 264-1918

belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** Pierre Poe
1400 NE Timberline Circle
Lees Summit, MO 64064

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following answer was FILED on 8/4/2022 5:25:48 PM

Notice Date:     8/4/2022 5:25:48 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

 West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** 92 Trucking LLC
1184 Tuscumbia Road
Collierville, TN 38017

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following answer was FILED on 8/4/2022 5:25:48 PM

Notice Date:     8/4/2022 5:25:48 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** Star Leasing Company, LLC d/b/a Star Leasing Company, f/k/a
Star Leasing Co.
R. Steven Jackson
4080 Business Park Drive
Columbus, OH 43204

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following answer was FILED on 8/4/2022 5:25:48 PM

Notice Date:     8/4/2022 5:25:48 PM

Virginia Sine

CLERK OF THE CIRCUIT COURT

Berkeley County

380 W South Street

MARTINSBURG, WV 25401

(304) 264-1918

belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Samuel A. Hrko
shrko@baileyglasser.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following answer was FILED on 8/4/2022 5:25:48 PM

Notice Date:     8/4/2022 5:25:48 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** James A. Varner
javarner@vv-wvlaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

Sara Williamson v. Pierre Poe

CC-02-2022-C-126

The following answer was FILED on 8/4/2022 5:25:48 PM

Notice Date:   8/4/2022 5:25:48 PM

Virginia Sine

CLERK OF THE CIRCUIT COURT

Berkeley County

380 W South Street

MARTINSBURG, WV 25401

(304) 264-1918

belinda.parsons@courtswv.gov

**COVER SHEET**

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF BERKELEY COUNTY WEST VIRGINIA

**Sara Williamson v. Pierre Poe**

**First Plaintiff:**  ☐ Business  ☑ Individual     **First Defendant:**  ☐ Business  ☑ Individual
☐ Government  ☐ Other     ☐ Government  ☐ Other

**Judge:**     Laura Faircloth

## COMPLAINT INFORMATION

**Case Type:**  Civil          **Complaint Type:**  Tort

**Origin:**  ☑ Initial Filing   ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:**  ☑ Yes  ☐ No     **Case will be ready for trial by:**  _____

**Mediation Requested:**  ☐ Yes  ☑ No

**Substantial Hardship Requested:**  ☐ Yes  ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

  ☐ Wheelchair accessible hearing room and other facilities

  ☐ Interpreter or other auxiliary aid for the hearing impaired

  ☐ Reader or other auxiliary aid for the visually impaired

  ☐ Spokesperson or other auxiliary aid for the speech impaired

  ☐ Other: _____

☐ I am proceeding without an attorney

☑ I have an attorney:   Debra Varner, 360 WASHINGTON AVE, CLARKSBURG, WV 26301

**SERVED PARTIES**

E-FILED | 8/10/2022 3:26 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

SARA WILLIAMSON,

        Plaintiff,

v.

PIERRE POE.
92 TRUCKING LLC,
a Tennessee corporation,
STAR LEASING COMPANY, LLC, d/b/a
Star Leasing Company f/k/a
Star Leasing Co., and
XPO LOGISTICS, LLC,

        Defendants.

Civil Action No. CC-02-2022-C-126
Judge: Laura Faircloth

## ANSWER OF STAR LEASING COMPANY, LLC
### d/b/a Star Leasing Company f/k/a Star Leasing Co.
### TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Star Leasing Company, LLC, d/b/a Star Leasing Company f/k/a Star Leasing Co. ("SLC"), by and through the undersigned counsel, and answers the Amended Complaint filed by the Plaintiff in this civil action as follows:

### Preliminary Statement

Because of the nature of the allegations of the Plaintiff's Amended Complaint and the fact that no discovery has been completed to date in this matter as to the Plaintiff's claims, in order to preserve important legal rights and protections, SLC sets forth below certain affirmative defenses which, based upon the information set forth in Plaintiff's Amended Complaint, SLC, or its counsel, believes do or may apply to some or all of the claims raised therein. SLC further reserves the right to withdraw or modify some or all of the affirmative defenses set forth below, in whole or in part, depending upon the nature of the discovery in this matter.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim or cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were proximately caused by persons or entities other than SLC.

### THIRD AFFIRMATIVE DEFENSE

The negligence or fault of a person, firm or corporation other than SLC was either the sole proximate cause of or proximately caused or contributed to the damages allegedly sustained by the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

SLC's alleged negligence, which is denied, did not proximately cause Plaintiff's claimed injuries and damages.

### FIFTH AFFIRMATIVE DEFENSE

SLC was not guilty of any willful, wanton, malicious acts or gross negligence which proximately caused or contributed to the damages allegedly sustained by Plaintiff and the Plaintiff is thereby prohibited from recovering any punitive damages from SLC.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that the Amended Complaint seeks exemplary or punitive damages from SLC, said Amended Complaint violates SLC's rights to due process under the Constitution of the State of West Virginia and, therefore, fails to state a cause of action upon which exemplary or punitive damages can be awarded.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that the Amended Complaint seeks exemplary or punitive damages from SLC, the Amended Complaint violates SLC's right to protection from excessive fines as provided in Article 3, Section 5 of the Constitution of the State of West Virginia, violates SLC's rights to substantive due process as provided in the Constitution of the State of West Virginia, and fails to state a cause of action against SLC supporting exemplary or punitive damages claims.

## EIGHTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to properly assert the proper threshold requirements for the recovery of punitive damages.

## NINTH AFFIRMATIVE DEFENSE

The Amended Complaint that seeks exemplary or punitive damages violates SLC's right to equal protection under the law and is otherwise unconstitutional under the Fourteenth Amendment to the United States Constitution and Article III, Section 1, and all other applicable provisions of the Constitution of the State of West Virginia.

## TENTH AFFIRMATIVE DEFENSE

Any award of punitive damages violates the guarantee of due process found in Article III, Section 10, and all other applicable provisions of the Constitution of the State of West Virginia because of the lack of objective guidelines on which a finder of fact might base its award and, further, that the guidelines which do exist are arbitrary and void for vagueness.

## ELEVENTH AFFIRMATIVE DEFENSE

SLC denies all allegations in the Amended Complaint to the extent not expressly admitted.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered the damages alleged in the Amended Complaint, such damages were caused by the conduct of persons, firms, and/or corporations other than SLC.  SLC cannot be held liable for the acts and/or omissions of such persons, firms, and/or corporations.

## THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has received, is receiving, is entitled to receive, or subsequently receive or become entitled to receive any recovery, compensation, or benefits from any source in connection with the damages and/or injuries alleged in the Amended Complaint, the amount of damages, if any, recoverable herein, should be diminished by the amount of such recovery, compensation or benefits.

## FOURTEENTH AFFIRMATIVE DEFENSE

SLC does hereby invoke any and all affirmative defenses applicable in the defense of the claims asserted against it in Plaintiff's Amended Complaint as may be relevant or pertinent and justified and established by the facts and circumstances thereof.  Such affirmative defenses are as contemplated and/or set forth in Rule 8 of the West Virginia Rules of Civil Procedure.  These affirmative defenses include, but are not limited to the doctrines of laches, waiver, estoppel, and failure to join an indispensable party, pursuant to Rule 19 of the West Virginia Rules of Civil Procedure.  SLC reserves unto itself these defenses insomuch as discovery may develop facts supporting the same.  While not currently asserted herein, SLC reserves unto itself any other defense that may be available through the common law or statutory law, if supported by factual development during discovery including, but not limited to, the defense of comparative negligence.

## FIFTEENTH AFFIRMATIVE DEFENSE

Due to the allegations raised against it in Plaintiff's Complaint and Amended Complaint, SLC raises, so to not waive, all constitutionally protected rights against self-incrimination.  By submitting this Answer to Plaintiff's Amended Complaint, SLC does not waive, implicitly or expressly its right against self-incrimination.

## SIXTEENTH AFFIRMATIVE DEFENSE

SLC asserts that punitive damages are a damage element and not a separate cause of action as asserted in Plaintiff's Amended Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

SLC asserts all protections and privileges provided in the Graves Amendment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

## Preface

1.      Paragraph 1 of the Amended Complaint is a statement of the accident and does not contain allegations against SLC, thus no response is required by SLC.  To the extent that any response is required to the allegations asserted in paragraph 1 of Plaintiff's Amended Complaint, SLC denies those allegations and SLC demands strict proof thereof.

2.      Paragraph 2 of the Amended Complaint is a statement of the accident and does not contain allegations against SLC, thus no response is required by SLC.  To the extent that any response is required to the allegations asserted in paragraph 1 of Plaintiff's Amended Complaint, SLC denies those allegations and SLC demands strict proof thereof.

**The Parties**

3.      Based on its understanding of the assertion contained in paragraph 3 of Plaintiff's Amended Complaint, it is not addressed to SLC and therefore no response is required. To the extent that any response is required to the allegations asserted in paragraph 3 of Plaintiff's Amended Complaint, SLC denies those allegations and SLC demands strict proof thereof.

4.      Upon information and belief, SLC admits that Pierre Poe is a resident of Missouri. SLC denies the remaining allegations contained within paragraph 4 of the Amended Complaint to the extent that the allegations are directed at SLC.  To the extent that the allegations in paragraph 4 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by SLC.

5.      Based on its understanding of the assertion contained in paragraph 5 of Plaintiff's Amended Complaint, it is not addressed to SLC and therefore no response is required. SLC denies the remaining allegations contained within paragraph 5 of the Amended Complaint to the extent that the allegations are directed at SLC and SLC demands strict proof thereof.

6.      SLC admits the assertions contained in paragraph 6 of Plaintiff's Amended Complaint.

7.      Based on its understanding of the assertion contained in paragraph 7 of Plaintiff's Amended Complaint, it is not addressed to SLC and therefore no response is required. SLC denies the remaining allegations contained within paragraph 7 of the Amended Complaint to the extent that the allegations are directed at SLC and SLC demands strict proof thereof.

**Jurisdiction and Venue**

8.      Paragraph 8 of Plaintiff's Amended Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 8 requires a response, SLC denies the allegations and demands strict proof thereof.

9.      Paragraph 9 of Plaintiff's Amended Complaint constitutes a legal conclusion to which no response is required. To the extent that paragraph 9 requires a response, SLC denies the allegations and demands strict proof thereof.

### Allegations Common to All Counts

10.     In response to paragraph 10 of Plaintiff's Amended Complaint, SLC admits, upon information and belief, that Plaintiff Sara Williamson ("Plaintiff") and Tyler Wilkerson were driving on Interstate 81 in Falling Waters on June 19, 2020. SLC is without sufficient information to respond to the remaining allegations contained in paragraph 10 of Plaintiff's Amended Complaint and therefore denies the same; SLC demands strict proof thereof.

11.     In response to paragraph 11 of Plaintiff's Amended Complaint, SLC admits, upon information and belief, that Tyler Wilkerson was driving on Interstate 81. SLC is without sufficient information to respond the remaining allegations contained in paragraph 11 of Plaintiff's Amended Complaint and therefore denies the same; SLC demands strict proof thereof.

12.     In response to paragraph 12 of Plaintiff's Amended Complaint, SLC admits that the trailer was owned by Star Leasing Company and leased to XPO. SLC is without sufficient information to respond to the remaining allegations contained in paragraph 12 of Plaintiff's Amended Complaint and therefore denies the same to the extent they can be interpreted to assert a claim or allegation against SLC; SLC demands strict proof thereof.

13.     Paragraph 13 of Plaintiff's Amended Complaint contains a legal conclusion to which no response is required.  To the extent that paragraph 13 requires a response, SLC denies the same and demands strict proof thereof.

14.     Paragraph 14 of the Plaintiff's Amended Complaint contains legal conclusions to which no responses are required.  To the extent that paragraph 14 requires a response, SLC denies the allegations and demands strict proof thereof.

15.     Paragraph 15 of the Plaintiff's Amended Complaint and its subparts contain legal conclusions to which no responses are required.  To the extent that  paragraph 15 of Plaintiff's Amended Complaint, including all related subparts, requires a response, SLC denies the allegations and demands strict proof thereof.

16.     Paragraph 16 of the Plaintiff's Amended Complaint contains a legal conclusion to which no response is required.  To the extent that paragraph 16 requires a response, SLC denies the allegations and demands strict proof thereof.

17.     Paragraph 17 of the Plaintiff's Amended Complaint contains a legal conclusion to which no response is required.  To the extent that paragraph 17 requires a response, SLC denies the allegations and demands strict proof thereof.

## Claims for Relief – Count I – Negligence

18.     SLC reincorporates each and every response contained in the previous paragraphs as if reprinted herein.

19.     To the extent that the allegations in paragraph 19 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by SLC. To the extent that the allegations in paragraph 19 of Plaintiff's Amended Complaint can be read to assert or allege a claim against SLC, they are denied and SLC demands strict proof thereof.

20.     To the extent that the allegations in paragraph 20 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by SLC. To the extent that the allegations in

paragraph 20 of Plaintiff's Amended Complaint can be read to assert or allege a claim against SLC, they are denied and SLC demands strict proof thereof.

21.    To the extent that the allegations in paragraph 21 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by SLC. To the extent that the allegations in paragraph 21 of Plaintiff's Amended Complaint can be read to assert or allege a claim against SLC, they are denied and SLC demands strict proof thereof.

22.    To the extent that the allegations in paragraph 22 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by SLC. To the extent that the allegations in paragraph 22 of Plaintiff's Amended Complaint can be read to assert or allege a claim against SLC, they are denied and SLC demands strict proof thereof.

23.    Paragraph 23 of the Plaintiff's Amended Complaint contains legal conclusions to which no response is required.  To the extent that  the allegations in paragraph 23 require a response, they are denied and SLC demands strict proof thereof.

24.    Paragraph 24 of the Plaintiff's Amended Complaint contains legal conclusions to which no response is required.  To the extent that the allegations in paragraph 24 require a response, they are denied and SLC demands strict proof thereof.

25.    Paragraph 25 of the Plaintiff's Amended Complaint contains legal conclusions to which no response is required.  To the extent that the allegations in paragraph 25 require a response, they are denied and SLC demands strict proof thereof.

## **Count II– Violation of Statute**

26.    SLC reincorporates each and every response contained in the previous paragraphs as if reprinted herein.

27.     Paragraph 27 of Plaintiff's Amended Complaint constitutes a legal conclusion to which no response is required. To the extent that the allegations in paragraph 27 require a response, they are denied and SLC demands strict proof thereof.

28.     Paragraph 28 of Plaintiff's Amended Complaint constitutes a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 28 require a response, they are denied and SLC demands strict proof thereof.

29.     Paragraph 29 of Plaintiff's Amended Complaint constitutes a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 29 require a response, they are denied and SLC demands strict proof thereof.

30.     Paragraph 30 of Plaintiff's Amended Complaint constitutes a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 30 require a response, they are denied and SLC demands strict proof thereof.

31.     Paragraph 31 of the Plaintiff's Amended Complaint contains a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 31 require a response, they are denied and SLC demands strict proof thereof.

## Count III – Negligent Entrustment

32.     SLC reincorporates each and every response contained in the previous paragraphs as if reprinted herein.

33.     To the extent that the allegations in paragraph 33 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by SLC. The allegations against SLC in paragraph 33 of Plaintiff's Amended Complaint are denied and SLC demands strict proof thereof.

34.     To the extent that the allegations in paragraph 34 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by SLC. The allegations against SLC in paragraph 34 of Plaintiff's Amended Complaint are denied and SLC demands strict proof thereof.

35.     To the extent that the allegations in paragraph 35 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by SLC. The allegations against SLC in paragraph 35 of Plaintiff's Amended Complaint are denied and SLC demands strict proof thereof.

## <u>Count IV – Negligent Hiring</u>

36.     SLC reincorporates each and every response contained in the previous paragraphs as if reprinted herein.

37.     To the extent that the allegations in paragraph 37 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by SLC. The allegations against SLC in paragraph 37 of Plaintiff's Amended Complaint are denied and SLC demands strict proof thereof.

38.     To the extent that the allegations in paragraph 38 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by SLC. The allegations against SLC in paragraph 38 of Plaintiff's Amended Complaint are denied and SLC demands strict proof thereof.

39.     To the extent that the allegations in paragraph 39 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by SLC. The allegations against SLC in paragraph 39 of Plaintiff's Amended Complaint are denied and SLC demands strict proof thereof.

40.     To the extent that the allegations in paragraph 40 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by SLC. The allegations against SLC in paragraph 40 of Plaintiff's Amended Complaint are denied and SLC demands strict proof thereof.

41.     To the extent that the allegations in paragraph 41 of Plaintiff's Amended Complaint are addressed to other parties, no response is required by SLC. The allegations against

SLC in paragraph 41 of Plaintiff's Amended Complaint are denied and SLC demands strict proof thereof.

### Count V – Joint Venture

42.     SLC reincorporates each and every response contained in the previous paragraphs as if reprinted herein.

43.     Paragraph 43 of the Plaintiff's Amended Complaint contains legal conclusions to which no response is required.  To the extent that paragraph 43 of Plaintiff's Amended Complaint is intended to assert or allege a claim against SLC, such assertions and allegations are denied and SLC demands strict proof thereof.

### Count VI –  Punitive Damages

44.     SLC reincorporates each and every response contained in the previous paragraphs as if reprinted herein.

45.     Paragraph 45 of the Plaintiff's Amended Complaint contains a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 45 of Plaintiff's Amended Complaint require a response, the allegations are denied and SLC demands strict proof thereof.

46.     Paragraph 46 of the Plaintiff's Amended Complaint contains a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 46 of Plaintiff's Amended Complaint require a response, the allegations are denied and SLC demands strict proof thereof.

### Statement Regarding Unknown Circumstances

To the extent that Plaintiff asserts additional allegations or causes of action, SLC reserves the right to respond thereto.

## Relief Requested

SLC denies that the Plaintiff is entitled to the relief requested.

WHEREFORE, SLC respectfully requests that this Court dismiss this civil action with prejudice against SLC, and further requests such other relief as this Court deems appropriate.

## Star Leasing Company, LLC Demands a Trial by Jury.

Dated the 11th day of August, 2022.

Defendant,
STAR LEASING COMPANY, LLC,
By Counsel:

/s/ Debra Tedeschi Varner

Debra Tedeschi Varner (WV State Bar #6501)
James A. Varner, Sr. (WV State Bar #3853)

Varner & Van Volkenburg, PLLC
360 Washington Avenue
Clarksburg, WV 26301
Tel: (304) 918-2840 / Fax: (304) 362-0124

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

SARA WILLIAMSON,

               Plaintiff,

v.                                                                                          Civil Action No. CC-02-2022-C-126
                                                                                            Judge: Laura Faircloth

PIERRE POE.
92 TRUCKING LLC,
a Tennessee corporation,
STAR LEASING COMPANY, LLC, d/b/a
Star Leasing Company f/k/a
Star Leasing Co., and
XPO LOGISTICS, LLC,

               Defendants.

## **<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that on the 11th day of August, 2022, I served the foregoing ***ANSWER OF***

***STAR LEASING COMPANY, LLC d/b/a Star Leasing Company f/k/a Star Leasing Co. TO***

***PLAINTIFF'S AMENDED COMPLAINT*** upon all counsel of record by electronic filing via the

WV E-File system, and/or facsimile and/or by depositing a true copy thereof in the United States

Mail, postage prepaid, in an envelope addressed as follows:

Samuel A. Hrko, Esquire
Bailey Glasser, LLP
209 Capitol Street
Charleston, WV 25301
***Fax (304) 342-1110***
*Counsel for Plaintiff*

/s/ *Debra Tedeschi Varner*



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**  Debra Varner
dtvarner@vv-wvlaw.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following answer was FILED on 8/11/2022 3:26:43 PM

Notice Date:    8/11/2022 3:26:43 PM

Virginia Sine

CLERK OF THE CIRCUIT COURT

Berkeley County

380 W South Street

MARTINSBURG, WV 25401

(304) 264-1918

belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** Pierre Poe
1400 NE Timberline Circle
Lees Summit, MO 64064

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following answer was FILED on 8/11/2022 3:26:43 PM

Notice Date:    8/11/2022 3:26:43 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**  92 Trucking LLC
1184 Tuscumbia Road
Collierville, TN 38017

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

Sara Williamson v. Pierre Poe

CC-02-2022-C-126

The following answer was FILED on 8/11/2022 3:26:43 PM

Notice Date:      8/11/2022 3:26:43 PM

Virginia Sine

CLERK OF THE CIRCUIT COURT

Berkeley County

380 W South Street

MARTINSBURG, WV 25401

(304) 264-1918

belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Samuel A. Hrko
shrko@baileyglasser.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following answer was FILED on 8/11/2022 3:26:43 PM

Notice Date:     8/11/2022 3:26:43 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

 West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** James A. Varner
javarner@vv-wvlaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following answer was FILED on 8/11/2022 3:26:43 PM

Notice Date:     8/11/2022 3:26:43 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

E-FILED | 9/8/2023 10:41 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

# IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

**SARA WILLIAMSON,**

>  *Plaintiff*,

**v.**                                                   Civil Action No. CC-02-2022-C-126
                                                        Judge:  Laura Faircloth

**PIERRE POE,**
**92 TRUCKING LLC,**
**a Tennessee Corporation,**
**STAR LEASING COMPANY, LLC d/b/a**
**Star Leasing Company, f/k/a**
**Star Leasing Co., and XPO LOGISTICS, LLC**

>  *Defendants*.

## MOTION TO EXTEND TIME FOR SERVICE OF PROCESS UPON DEFENDANTS PIERRE POE AND 92 TRUCKING LLC

In support of her Motion to Extend Time for Service of Process Upon Defendants Pierre Poe and 92 Trucking, LLC, Plaintiff states as follows:

1.      Plaintiff filed the Complaint in this action on May 9, 2022.

2.      Summonses for Defendants Pierre Poe and 92 Trucking, LLC were issued by the Circuit Clerk of Berkeley County, West Virginia on  May 11, 2022.

3.      On May 11, 2022 the Summonses were forwarded to the West Virginia Secretary of State's Office for service as Defendant, Pierre Poe, was an out-of-state motorist operating a vehicle on the highways of the State of West Virginia and 92 Trucking, LLC, for whom Poe is believed to have been hauling, was doing business in the State of West Virginia.

4.     On, June 15, 2022, Plaintiff filed her First Amended Complaint.

5.     On June 15, 2022, Summonses with respect to Plaintiff's First Amended Complaint were issued by the Circuit Clerk of Berkeley County, West Virginia for Defendants Pierre Poe and 92 Trucking, LLC.

6.     On June 15, 2022, the Summonses with respect to the First Amended Complaint were forwarded to the West Virginia Secretary of State's Office for service as Defendant, Pierre Poe, was an out-of-state motorist operating a vehicle on the highways of the State of West Virginia and 92 Trucking, LLC, as the owner of the vehicle in question, was doing business in the State of West Virginia.

7.     West Virginia Rules of Civil Procedure 4(k) allows Plaintiff 120 days after the filing of the complaint in which to complete service.  W.Va.R.Civ.P. 4(k).

8.     The Court may extend this deadline for an appropriate period upon a showing of good cause by the plaintiff. *Id.*

9.     Plaintiff seeks an additional 90 days to effectuate service upon Defendants Pierre Poe and 92 Trucking, LLC.

10.     In this case, Plaintiff's diligence is demonstrated by the fact that the Summonses with respect to the Complaint and First Amended Complaint were issued and subsequently forwarded to the West Virginian Secretary of State in a timely manner.

11.     Section 56-3-3(a) of the West Virginia Code states as follows:

> Every nonresident, for the privilege of operating a motor vehicle on a public street, road or highway of this state, either personally or through an agent, appoints the Secretary of State, or his or her successor in office, to be his or her agent or attorney-in-fact upon whom may be served all lawful process in any action or proceeding

against him or her in any court of record in this state arising out of any accident or collision occurring in the State of West Virginia in which the nonresident was involved: Provided, That in the event process against a nonresident defendant cannot be effected through the Secretary of State, as provided by this section, for the purpose only of service of process, the nonresident motorist shall be considered to have appointed as his or her agent or attorney-in-fact any insurance company which has a contract of automobile or liability insurance with the nonresident defendant.

12.     As time has passed with respect to service through the West Virginia Secretary of State's Office concerning both the Complaint and First Amended Complaint, neither Pieree Poe nor 92 Trucking, LLC have answered.

13.     The West Virginia Secretary of State indicates that service has been accepted on behalf of 92 Trucking, LLC with respect to both the Complaint and First Amended Complaint. (See **Exhibits A** and **B** attached hereto.)

14.     The West Virginia Secretary of State indicates that service has been deemed non-deliverable to Defendant, Pierre Poe. (See **Exhibits C** and **D** attached hereto.)

15.     Plaintiff has paid all fees associated with service of process to the Secretary of State's Office.

16.     As W. Va. Code § 56-3-31 allows service of process through the insurance company of a nonresident that operates a motor vehicle on a highway of the State of West Virginia, either personally or through an agent, Plaintiff seeks additional time to effectuate process through these means as allowed under West Virginia law.

17.     Service of process has been effectuated upon Defendants Star Leasing Company, LLC and XPO Logistics, LLC.

18.     Defendant, Star Leasing Company, LLC, served a response to Plaintiff's

First Amended Complaint on August 11, 2022.

19.    Defendant, XPO Logistics, LLC, served a response to Plaintiff's First Amended Complaint on August 4, 2022.

20.    No defendant will suffer prejudice as a result of this delay, particularly since Star Leasing Company, LLC and XPO Logistics, LLC have asserted counterclaims against 92 Trucking, LLC.

21.    Counsel for Star Leasing Company, LLC and XPO Logistics, LLC have stated that they have no objection to this motion and will consent to the submission of an agreed order allowing the relief sought by Plaintiff.

22.    Plaintiff submits the attached proposed order granting the relief requested herein.

**Respectfully submitted,**

**Sara Williamson,**

**Plaintiff,**
**By Counsel**

*/s/ Samuel A. Hrko*
Samuel A. Hrko (WV Bar #7727)
**BAILEY GLASSER, LLP**
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110

**IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA**

SARA WILLIAMSON,

       *Plaintiff*,

v.                                 **Civil Action No. CC-02-2022-C-126**
                                     **Judge:  Laura Faircloth**

PIERRE POE,
**92 TRUCKING LLC,**
a Tennessee Corporation,
**STAR LEASING COMPANY, LLC d/b/a**
**Star Leasing Company, f/k/a**
**Star Leasing Co., and XPO LOGISTICS, LLC**

       *Defendants*.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 6th day of September 2022, the foregoing **MOTION TO EXTEND TIME FOR SERVICE OF PROCESS UPON DEFENDANTS PIERRE POE AND 92 TRUCKING LLC** has been filed electronically by using the West Virginia E-Filing System, which will send notification of such filing to the following E-Filing participants:

> Debra Tedeschi Varner (WV Bar #6501)
> James A. Varner, Sr. (WV Bar #3853)
> Varner & Van Volkenburg, PLLC
> 360 Washington Avenue
> Clarksburg, WV 26301
> Telephone: (304) 918-2840
> Facsimile: (304) 362-0124
> *Counsel for Defendants*
> *Star Leasing Company, LLC*
> *And XPO Logistics, LLC*

*/s/ Samuel A. Hrko*
Samuel A. Hrko (WV Bar #7727)

E-FILED 9/6/2022 10:41 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

**UNITED STATES POSTAL SERVICE**

Date Produced: 05/23/2022

WEST VIRGINIA SECRETARY OF STATE:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1251 3410 0003 5006 47. Our records indicate that this item was delivered on 05/21/2022 at 03:21 p.m. in COLLIERVILLE, TN 38017. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.



EXHIBIT
A

Customer Reference Number:          350064

**UNITED STATES POSTAL SERVICE**

E-FILED 9/6/2022 10:41 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

Date Produced: 07/04/2022

WEST VIRGINIA SECRETARY OF STATE:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1251 3410 0003 5147 74. Our records indicate that this item was delivered on 06/27/2022 at 02:47 p.m. in COLLIERVILLE, TN 38017. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.



EXHIBIT
B

Customer Reference Number:          351477

E-FILED | 9/6/2022 10:41 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

Fwd

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0003 5008 30

PIERRE POE
1400 NE TIMBERLINE CIRCLE
LEES SUMMIT, MO 64064

-R-T-S-   640645120-1N        05/31/22

RETURN  TO  SENDER
UNABLE  TO  FORWARD
UNABLE  TO  FORWARD
RETURN  TO  SENDER



EXHIBIT
C

CERTIFIED MAIL

E-FILED 9/6/2022 10:41 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine



ZIP 25305
02 4W
0000377395 JUN 23

Office of the Secretary of State
Building 1 Suite 157-K
900 Kanawha Blvd E.
Charleston, WV 25305

Fwd

**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0003 5147 81

PIERRE POE
400 NE TIMBERLINE CIRCLE
LEES SUMMIT, MO 64064

808 N7E 1    322C7207/01/22
RETURN TO SENDER
POE
MOVED LEFT NO ADDRESS
UNABLE TO FORWARD
RETURN TO SENDER
BC: 2530500069L

EXHIBIT
D





West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**  Samuel Hrko
shrko@baileyglasser.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following motion was FILED on 9/6/2022 10:41:37 AM

Notice Date:     9/6/2022 10:41:37 AM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** Pierre Poe
1400 NE Timberline Circle
Lees Summit, MO 64064

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following motion was FILED on 9/6/2022 10:41:37 AM

Notice Date:     9/6/2022 10:41:37 AM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

 West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** 92 Trucking LLC
1184 Tuscumbia Road
Collierville, TN 38017

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

Sara Williamson v. Pierre Poe

CC-02-2022-C-126

The following motion was FILED on 9/6/2022 10:41:37 AM

Notice Date:   9/6/2022 10:41:37 AM

Virginia Sine

CLERK OF THE CIRCUIT COURT

Berkeley County

380 W South Street

MARTINSBURG, WV 25401

(304) 264-1918

belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Debra Tedeschi Varner
dtvarner@vv-wvlaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following motion was FILED on 9/6/2022 10:41:37 AM

Notice Date:    9/6/2022 10:41:37 AM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**  James A. Varner
javarner@vv-wvlaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following motion was FILED on 9/6/2022 10:41:37 AM

Notice Date:      9/6/2022 10:41:37 AM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

/s/ Laura Faircloth
Circuit Court Judge
Ref. Code: 22XJ7E40X

E-FILED | 9/6/2022 11:31 AM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

**In the Circuit Court of Berkeley County, West Virginia**

**Sara Williamson,**
Plaintiff,

v.

**Pierre Poe,**
**92 Trucking LLC,**
**Star Leasing Company, LLC d/b/a**
**Star Leasing Company, f/k/a Star**
**Leasing Co.,**
**XPO Logistics, LLC,**
Defendants

Case No. CC-02-2022-C-126
Judge Laura Faircloth

### Agreed Order Granting Motion To Extend Time For Service Of Process Upon Defendants Pierre Poe and 92 Trucking LLC

On this day, the above-styled matter came before the Court for consideration of Plaintiff's *Motion to Extend Time for Service of Process Upon Defendants Pierre Poe And 92 Trucking LLC*.

After consideration of Plaintiff's motion, the Court finds that Plaintiff has shown good cause for the extending the time to effectuate service of process upon Defendants Pierre Poe and 92 Trucking, LLC. Also, the Court notes that Defendants Star Leasing Company, LLC and XPO Logistics, LLC have no objection to the motion and have agreed to the Court granting the relief sought by the Plaintiff.

It is, therefore **ORDERED** that Plaintiff's *Motion to Extend Time for Service of Process Upon Defendants Pierre Poe and 92 Trucking LLC* is **GRANTED.**

It is, **FURTHER ORDERED,** that Plaintiff shall be allowed an additional 90 days to effectuate process upon Defendants Star Leasing Company, LLC and XPO Logistics, LLC.

The Clerk is directed to transmit a copy of this Order to counsel of record herein.

**/s/ Laura Faircloth**
Circuit Court Judge
23rd Judicial Circuit

Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Samuel A. Hrko
shrko@baileyglasser.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

Sara Williamson v. Pierre Poe

CC-02-2022-C-126

The following order - motion was FILED on 9/6/2022 11:31:11 AM

Notice Date:     9/6/2022 11:31:11 AM

Virginia Sine

CLERK OF THE CIRCUIT COURT

Berkeley County

380 W South Street

MARTINSBURG, WV 25401

(304) 264-1918

belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Debra Tedeschi Varner
dtvarner@vv-wvlaw.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following order - motion was FILED on 9/6/2022 11:31:11 AM

Notice Date:      9/6/2022 11:31:11 AM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   James A. Varner
javarner@vv-wvlaw.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following order - motion was FILED on 9/6/2022 11:31:11 AM

Notice Date:     9/6/2022 11:31:11 AM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** Pierre Poe
1400 NE Timberline Circle
Lees Summit, MO 64064

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following order - motion was FILED on 9/6/2022 11:31:11 AM

Notice Date:      9/6/2022 11:31:11 AM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** 92 Trucking LLC
1184 Tuscumbia Road
Collierville, TN 38017

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following order - motion was FILED on 9/6/2022 11:31:11 AM

Notice Date:     9/6/2022 11:31:11 AM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

/s/ Laura Faircloth
Circuit Court Judge
Ref. Code: 22DIQJCZX

E-FILED | 9/6/2022 2:59 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

**In the Circuit Court of Berkeley County, West Virginia**

**Sara Williamson,**
Plaintiff,

v.                                                                    Case No. CC-02-2022-C-126
                                                                      Judge Laura Faircloth

**Pierre Poe,**
**92 Trucking LLC,**
**Star Leasing Company, LLC d/b/a**
**Star Leasing Company, f/k/a Star**
**Leasing Co.,**
**XPO Logistics, LLC,**
Defendants

**Amended Agreed Order Granting Motion To Extend Time For Service Of Process Upon Defendants Pierre Poe And 92 Trucking LLC**

On this day, the above-styles matter came before the Court for consideration of Plaintiff's *Motion to Extend Time for Service of Process Upon Defendants Pierre Poe And 92 Trucking LLC*.

After consideration of Plaintiff's motion, the Court finds that Plaintiff has shown good cause for extending the time to effectuate service of process upon Defendants Pierre Poe and 92 Trucking, LLC.  Also, the Court notes that Defendants Star Leasing Company, LLC and XPO Logistics, LLC have no objection to the motion and have agreed to the Court granting the relief sought by the Plaintiff.

It is, therefore **ORDERED** that Plaintiff's *Motion to Extend Time for Service of Process Upon Defendants Pierre Poe and 92 Trucking LLC* is **GRANTED.**

It is, **FURTHER ORDERED,** that Plaintiff shall be allowed an additional 90 days to effectuate process upon Defendants Pierre Poe and 92 Trucking LLC.

The Clerk is directed to transmit a copy of this Order to counsel of record herein.

**/s/ Laura Faircloth**
Circuit Court Judge
23rd Judicial Circuit


Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   Samuel A. Hrko
shrko@baileyglasser.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following order - case was FILED on 9/6/2022 2:59:37 PM

Notice Date:    9/6/2022 2:59:37 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**  Debra Tedeschi Varner
dtvarner@vv-wvlaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

Sara Williamson v. Pierre Poe

CC-02-2022-C-126

The following order - case was FILED on 9/6/2022 2:59:37 PM

Notice Date:     9/6/2022 2:59:37 PM

Virginia Sine

CLERK OF THE CIRCUIT COURT

Berkeley County

380 W South Street

MARTINSBURG, WV 25401

(304) 264-1918

belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   James A. Varner
javarner@vv-wvlaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

Sara Williamson v. Pierre Poe

CC-02-2022-C-126

The following order - case was FILED on 9/6/2022 2:59:37 PM

Notice Date:      9/6/2022 2:59:37 PM

Virginia Sine

CLERK OF THE CIRCUIT COURT

Berkeley County

380 W South Street

MARTINSBURG, WV 25401

(304) 264-1918

belinda.parsons@courtswv.gov

 West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** Pierre Poe
1400 NE Timberline Circle
Lees Summit, MO 64064

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following order - case was FILED on 9/6/2022 2:59:37 PM

Notice Date:     9/6/2022 2:59:37 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**  92 Trucking LLC
1184 Tuscumbia Road
Collierville, TN 38017

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following order - case was FILED on 9/6/2022 2:59:37 PM

Notice Date:     9/6/2022 2:59:37 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

E-FILED | 10/11/2022 5:36 PM
CC-02-2022-C-126
Berkeley County Circuit Clerk
Virginia Sine

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

SARA WILLIAMSON,

               Plaintiff,

v.                                       Civil Action No. 22-C-126
                                       Honorable Laura Faircloth

PIERRE POE,
92 TRUCKING LLC,
a Tennessee corporation,
STAR LEASING COMPANY, LLC, d/b/a
Star Leasing Company f/k/a
Star Leasing Co., and
XPO LOGISTICS, LLC,

               Defendants.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of October, 2022, I served the foregoing *DEFENDANT XPO LOGISTICS, LLC'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF SARA WILLIAMSON* upon all counsel of record by electronic filing via the WV E-File system, and/or facsimile and/or by depositing a true copy thereof in the United States Mail, postage prepaid, in an envelope addressed as follows:

Samuel A. Hrko, Esquire
Bailey Glasser, LLP
209 Capitol Street
Charleston, WV 25301
*Fax (304) 342-1110*
*Counsel for Plaintiff*

*/s/ Debra Tedeschi Varner*

 West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** Debra Varner
dtvarner@vv-wvlaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following certificate of service was FILED on 10/11/2022 5:36:02 PM

Notice Date:      10/11/2022 5:36:02 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** Pierre Poe
1400 NE Timberline Circle
Lees Summit, MO 64064

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

Sara Williamson v. Pierre Poe

CC-02-2022-C-126

The following certificate of service was FILED on 10/11/2022 5:36:02 PM

Notice Date:    10/11/2022 5:36:02 PM

Virginia Sine

CLERK OF THE CIRCUIT COURT

Berkeley County

380 W South Street

MARTINSBURG, WV 25401

(304) 264-1918

belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** 92 Trucking LLC
1184 Tuscumbia Road
Collierville, TN 38017

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following certificate of service was FILED on 10/11/2022 5:36:02 PM

Notice Date:     10/11/2022 5:36:02 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:** Samuel A. Hrko
shrko@baileyglasser.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following certificate of service was FILED on 10/11/2022 5:36:02 PM

Notice Date:     10/11/2022 5:36:02 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov



West Virginia E-Filing Notice

CC-02-2022-C-126

Judge: Laura Faircloth

**To:**   James A. Varner
javarner@vv-wvlaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Sara Williamson v. Pierre Poe
CC-02-2022-C-126

The following certificate of service was FILED on 10/11/2022 5:36:02 PM

Notice Date:     10/11/2022 5:36:02 PM

Virginia Sine
CLERK OF THE CIRCUIT COURT
Berkeley County
380 W South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov